1   J. Russell Stedman (117130), rstedman@barwol.com
    Travis R. Wall (191662), twall@barwol.com
2   BARGER & WOLEN LLP
    650 California Street, 9th Floor
3   San Francisco, California 94108-2713
    Telephone:  (415) 434-2800
4   Facsimile:  (415) 434-2533

5   Attorneys for Defendants
    UNITED OF OMAHA LIFE INSURANCE
6   COMPANY and MUTUAL OF OMAHA
    INSURANCE COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ALTA BATES SUMMIT MEDICAL          )   CASE NO.: C 07-04224 JL
    CENTER,                            )
12                                     )   **PROOF OF SERVICE**
                 Plaintiff,            )
13                                     )   Complaint Filed:    July 19, 2007
                                       )
14         vs.                         )
                                       )
15  UNITED OF OMAHA LIFE INSURANCE     )
    COMPANY and MUTUAL OF OMAHA        )
16  LIFE INSURANCE COMPANY,            )
                                       )
17             Defendants.             )
                                       )
18  _____)

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

PROOF OF SERVICE

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 650 California Street, 9th Floor, San Francisco, California 94108.

On **August 17, 2007**, I served the foregoing document(s) described as follows:

**NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**PROOF OF SERVICE**

**(Copies of these notices and proof of service are attached to this proof of service as Exhibits A, B and C respectively)**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Marcia L. Augsburger, Esq. | Attorneys for Plaintiff Alta Bates Summit |
| Leslie C. Murphy, Esq. | Medical Center |
| McDonough Holland & Allen PC | |
| 555 Capitol Mall, 9th Floor | |
| Sacramento, CA 95814 | |

Telephone:   (916) 444-3900
Facsimile:    (916) 444-8989

[X]    **OVERNIGHT DELIVERY (VIA FEDERAL EXPRESS)**

    [X] By placing the document(s) listed above in a sealed overnight courier envelope as set forth below and routing the envelope for pick up within our office by Federal Express. I am familiar with the firm's practice of collection and processing correspondence for Federal Express. Under that practice, it would be deposited with a Federal Express agent on that same day and delivered the following business day.

    [ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at San Francisco, California on **August 17, 2007.**

[X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California on **August 17, 2007.**

NAME:  Stephanie K. Young

(Signature)

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

# EXHIBIT "A"

1 | J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
2 | BARGER & WOLEN LLP
650 California Street, 9th Floor
3 | San Francisco, California 94108-2713
Telephone: (415) 434-2800
4 | Facsimile: (415) 434-2533

5 | Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
6 | COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY
7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ALAMEDA**

10

11 | ALTA BATES SUMMIT MEDICAL
CENTER,
12 |                                   ) CASE NO.: RG07336672
                                     )
13 |         Plaintiff,               ) **DEFENDANTS' NOTICE TO ADVERSE**
                                     ) **PARTY OF REMOVAL OF CIVIL**
14 |     vs.                          ) **ACTION TO UNITED STATES DISTRICT**
                                     ) **COURT**
15 | UNITED OF OMAHA LIFE INSURANCE    )
COMPANY; MUTUAL OF OMAHA LIFE       ) Complaint Filed:    July 19, 2007
16 | INSURANCE COMPANY; and DOE 1     )
through DOE 50, inclusive,          )
17 |                                   )
        Defendants.                  )
18 | _____)

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

1    TO PLAINTIFF ALTA BATES SUMMIT MEDICAL CENTER AND ITS COUNSEL OF

2  RECORD:

3    PLEASE TAKE NOTICE that Defendant United of Omaha Life Insurance Company and

4  Defendant Mutual of Omaha Insurance Company, mistakenly referred to as Mutual of Omaha Life

5  Insurance Company, filed a Notice and Petition for Removal of the above-entitled action from the

6  Superior Court of the State of California, County of Alameda, to the United States District Court for

7  the Northern District of California on August 17, 2007.  A copy of this Notice and Petition for

8  Removal in the Northern District is attached to this notice and concurrently served and filed

9  herewith.  The Superior Court of the State of California, County of Alameda, is hereby advised to

10  proceed no further with this matter unless and until the case is remanded.

11

12  Dated:  August 17, 2007                                    BARGER & WOLEN LLP

13

14                                                      By:  _____
                                                        J. RUSSELL STEDMAN
15                                                      TRAVIS R. WALL
                                                        Attorneys for Defendants
16                                                      UNITED OF OMAHA LIFE
                                                        INSURANCE COMPANY and
17                                                      MUTUAL OF OMAHA
                                                        INSURANCE COMPANY
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

# EXHIBIT "A"

1   J. Russell Stedman (117130), rstedman@barwol.com
    Travis R. Wall (191662), twall@barwol.com
2   BARGER & WOLEN LLP
    650 California Street, 9th Floor
3   San Francisco, California 94108-2713
    Telephone:  (415) 434-2800
4   Facsimile:   (415) 434-2533

5   Attorneys for Defendants
    UNITED OF OMAHA LIFE INSURANCE
6   COMPANY and MUTUAL OF OMAHA
    INSURANCE COMPANY

7

*ORIGINAL FILED*

*AUG 17 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*JL*

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ALTA BATES SUMMIT MEDICAL            )  CASE NO.: 07 4224
    CENTER,                              )
12                                       )  DEFENDANTS' NOTICE AND PETITION
                 Plaintiff,              )  FOR REMOVAL OF CIVIL ACTION TO
13                                       )  UNITED STATES DISTRICT COURT
           vs.                           )
14                                       )  [28 U.S.C. §§ 1332, 1441, 1446]
    UNITED OF OMAHA LIFE INSURANCE       )
15  COMPANY and MUTUAL OF OMAHA          )  CERTIFICATION OF INTERESTED
    LIFE INSURANCE COMPANY,              )  ENTITIES OR PERSONS
16                                       )
                 Defendants.             )  [Civil L.R. 3-16]
17                                       )
                                         )  Complaint Filed:    July 19, 2007
18  ─────────────────────────────────── )

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2    CALIFORNIA:

3    PLEASE TAKE NOTICE that Defendant United of Omaha Life Insurance Company

4    ("United of Omaha") and Defendant Mutual of Omaha Insurance Company, mistakenly referred to

5    as Mutual of Omaha Life Insurance Company ("Mutual of Omaha"), jointly petition this Court for

6    removal of the above-entitled action from the Superior Court of California, County of Alameda, to

7    the United States District Court for the Northern District of California pursuant to 28 U.S.C.

8    §§ 1332, 1441 and 1446. Removal is proper for the following reasons:

9    1.    On July 19, 2007, Plaintiff Alta Bates Summit Medical Center ("ABSMC") filed a

10   complaint against Mutual of Omaha in the Superior Court of California, County of Alameda,

11   entitled *"Alta Bates Summit Medical Center v. Mutual of Omaha Life Insurance Company, and*

12   *DOE 1 through DOE 50, inclusive,"* Case No. RG07336672 ("State Action"). On July 30, 2007,

13   ABSMC filed a First Amended Complaint in the State Action against United of Omaha and Mutual

14   of Omaha, entitled *"Alta Bates Summit Medical Center v. United of Omaha Life Insurance*

15   *Company; Mutual of Omaha Life Insurance Company, and DOE 1 through DOE 50, inclusive."*

16   2.    True and correct copies of all pleadings received by Defendants in the State Action

17   are attached hereto pursuant to 28 U.S.C. § 1446(a) as Group Exhibit A. The first amended

18   complaint filed in the State Action alleges a claim against Defendants for reimbursement of medical

19   care paid by ABSMC, allegedly due under Policy No. UP-90X4 ("Policy").

20                                    TIMELINESS

21   3.    Defendants' Notice and Petition for removal are timely. The initial summons and

22   complaint in the State Action were served on Mutual of Omaha on July 25, 2007. Because thirty

23   days have not passed since Mutual of Omaha's receipt of the initial summons and complaint, the

24   time prescribed by 28 U.S.C. § 1446(b) within which Defendants may remove this action to the

25   United States District Court has not expired.

26   4.    No other defendants have been named or served in the State Action. Consequently,

27   no joinder is required.

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

JURISDICTION

5.    The action is a civil action of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, as set forth more fully below.

JURISDICTIONAL AMOUNT

6.    The amount in controversy in this action exceeds $75,000.00. Plaintiff seeks judgment against United of Omaha and Mutual of Omaha for reimbursement of medical care paid pursuant to a specific stop loss provision under the Policy. The Policy was issued to Plaintiff on or about January 1, 2006 and provides for reimbursement to ABSMC for medical care provided to certain ABSMC employees under ABSMC's employee health plan, after a specific deductible of $250,000 is met. The benefit period under the Policy was for expenses incurred from January 1, 2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007. First Amended Complaint ¶ 7.

7.    Plaintiff alleges that between January 1, 2006, and December 31, 2006, an employee of ABSMC incurred approximately $1.4 million in charges for medical care, which ABSMC paid. First Amended Complaint ¶ 8. Plaintiff further alleges that after it submitted claims under the Policy, Defendants wrongfully denied the claims and has at all times failed to pay benefits under the Policy. First Amended Complaint ¶¶ 9-10.

8.    The amount claimed by Plaintiff to be due is $818,456.07, not including interest. First Amended Complaint ¶ 14. The initial complaint sought damages of the same amount. Original Complaint ¶ 12.

CITIZENSHIP

9.    As alleged in the complaint and the first amended complaint, Plaintiff is and was a non-profit public benefit corporation, operating an acute care hospital organized and existing under the laws of the State of California at the time of the filing of the initial complaint, the first amended complaint and at all relevant times. *See* Original Complaint ¶ 1; First Amended Complaint ¶ 1.

-3-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    10.    Defendant United of Omaha is, and at all relevant times was, a foreign corporation

2 duly organized in the State of Nebraska, with its principal place of business in the State of

3 Nebraska.

4    11.    Defendant Mutual of Omaha is, and at all relevant times was, a foreign corporation

5 duly organized in the State of Nebraska, with its principal place of business in the State of

6 Nebraska.

7                                PROCESS

8    12.    True and correct copies of all process, pleadings and orders served upon Defendants

9 in the Superior Court action are attached hereto as Exhibit A.

10    WHEREFORE, Defendants pray that the above action pending in the Superior Court of

11 California for the County of Alameda be removed from that court to this Court.

12

13 Dated:  August 17, 2007                    BARGER & WOLEN LLP

14

15                                By: _____
                                      J. RUSSELL STEDMAN
16                                    TRAVIS R. WALL
                                      Attorneys for Defendants
17                                    UNITED OF OMAHA LIFE
                                      INSURANCE COMPANY and
18                                    MUTUAL OF OMAHA
                                      INSURANCE COMPANY
19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

2    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4

5    Dated:  August 17, 2007                    BARGER & WOLEN LLP

6

7                                         By:  _Z. R. Wall_____

8                                              J. RUSSELL STEDMAN
                                              TRAVIS R. WALL
9                                             Attorneys for Defendants
                                              UNITED OF OMAHA LIFE
                                              INSURANCE COMPANY and
10                                            MUTUAL OF OMAHA
                                              INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

-5-
DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1   McDONOUGH HOLLAND & ALLEN PC
    Attorneys at Law
2   MARCIA·L. AUGSBURGER (SBN 145686)
    LESLIE C. MURPHY (SBN 227454)
3   555 Capitol Mall, 9th Floor
    Sacramento, CA 95814
4   Phone: 916.444.3900
    Fax:   916.444.8989
5
    Attorneys for Plaintiff
6   Alta Bates Summit Medical Center
7
8               SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10                                              BY FAX

11  ALTA BATES SUMMIT MEDICAL          )  Case No. RG07336672
    CENTER,                            )
12                                     )  FIRST AMENDED COMPLAINT FOR
                        Plaintiff,     )  BREACH OF CONTRACT
13         v.                          )
                                       )
14  UNITED OF OMAHA·LIFE INSURANCE )
    COMPANY; MUTUAL OF OMAHA LIFE )     ASSIGNED FOR ALL PURPOSES TO
15  INSURANCE COMPANY, and DOE 1  )     JUDGE PATRICK J. ZIKA
    through DOE 50, inclusive,     )    DEPARTMENT 135
16                                     )
                        Defendants.    )
17

18         Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") alleges:

19                         GENERAL ALLEGATIONS

20         1.     ABSMC is a non-profit public benefit corporation, operating an acute care hospital,

21  organized and existing under the laws of the State of California, and authorized to transact business

22  in the State of California.  At all times mentioned in this Complaint, Plaintiff was licensed by the

23  State of California and all other applicable licensing authorities to perform the acts and provide the

24  services described in this Complaint.

25         2.     ABSMC is informed and believes, and on that basis alleges, that Defendant United of

26  Omaha Life Insurance Company ("United of Omaha") was and is a Nebraska Corporation,

27  authorized to transact, and transacting, business in the State of California.  At all relevant times

28  mentioned in this Complaint, United of Omaha was doing business in Alameda County, California.

MHA
McDonough Holland & Allen PC
Attorneys at Law

First Amended Complaint for Breach of Contract                    1030332v2 33802/0004

1    3.    ABSMC is informed and believes, and on that basis alleges, that Defendant Mutual of

2  Omaha Life Insurance Company ("MOO") was and is a Nebraska Corporation, authorized to

3  transact, and transacting, business in the State of California.  At all relevant times mentioned in this

4  Complaint, United of Omaha was doing business in Alameda County, California.

5    4.    ABSMC is unaware of the true names and capacities of the defendants sued here as

6  DOE 1 through DOE 50, inclusive, and therefore sues those defendants by these fictitious names.

7  ABSMC is informed and believes, and on that basis alleges, that each of these fictitiously named

8  defendants is responsible in some manner for the actions and resulting damages in this Complaint.

9  When the true names and capacities are ascertained, ABSMC will amend this Complaint by inserting

10  their true names and capacities.   Sutter is informed and believes that each fictitiously named

11  defendant has done, or has caused to be done, those things of which ABSMC complains.  Any

12  reference made to defendants individually or collectively shall, by such reference, be deemed a

13  reference to, and an allegation against, each fictitiously name defendant.

14    5.    ABSMC is informed and believes, and on that basis alleges, that at all material times

15  herein defendants United of Omaha, MOO, and DOE 1 through DOE 50 (hereafter collectively

16  "Defendants") were acting on their own behalf and as the agents, employees, representatives,

17  partners, joint venturers, or alter egos of one another; and the acts described herein were done in the

18  course and scope of their agency, joint venture, or alter ego relationship, as well as on their own

19  behalf; and that Defendants owed a duty to ABSMC and breached that duty as hereinafter alleged.

20    6.    Whenever in this Complaint reference is made to any act of Defendants, such

21  allegation shall be deemed to mean that United of Omaha, or its officers, agents, managers,

22  representatives, employees; and/or MOO, or its officers, agents, managers, representatives,

23  employees; and/or DOE 1 through DOE 50, did or authorized such acts while actively engaged in

24  the operation, management, direction, or control of the affairs of Defendants while acting within the

25  course and scope of their duties.

26    7.    On or about January 1, 2006, ABSMC and Defendants entered into a written contract,

27  Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision.  Under the

28  Policy, Defendants agreed to reimburse ABSMC for medical care provided to certain ABSMC

MHA
;Donoyeh Holland & Allen PC
Attorneys at Law

2

1  employees that are paid under ABSMC's employee health plan, after a specific deductible of

2  $250,000 was met. The benefit period under the Policy was for expenses incurred from January 1,

3  2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007.

4        8.    Between January 1, 2006, and December 31, 2006, an employee of ABSMC

5  ("Employee Patient") incurred approximately $1.4 million in charges for medical care, which

6  ABSMC paid.

7        9.    On or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC

8  submitted claims to Defendants for reimbursement under the Policy for amounts paid by ABSMC

9  for the services provided to Employee Patient during the 2006 policy period, which totaled

10  $1,432,894.75.

11        10.    Defendants have failed and refused to make any payments to ABSMC for the services

12  provided to Employee Patient, as required under the Policy.

13  <div align="center">FIRST CAUSE OF ACTION</div>

14  <div align="center">Breach of Written Contract</div>

15  <div align="center">(Against All Defendants)</div>

16        11.    ABSMC realleges and hereby incorporates by reference each of the allegations of

17  paragraphs 1 through 10 above as if set out here in full.

18        12.    ABSMC has performed all covenants and has satisfied all conditions required of it

19  under the Policy, which was and is a written contract.

20        13.    Despite demand, Defendants, and each of them, have failed and refused, and continue

21  to fail and refuse, to pay ABSMC, in breach of the Policy and the covenant of good faith and fair

22  dealing contained therein.

23        14.    As a direct and proximate result of Defendants' breaches, ABSMC has been damaged

24  in an amount in excess of $818,456.07, according to proof.

25        15.    ABSMC is entitled to prejudgment interest and compensation for loss of use of the

26  money damages alleged in paragraph 12 above, to conform to proof at time of trial.

27        NOW, THEREFORE, in accordance with California law and the foregoing cause of action,

28  Plaintiff prays for judgment as follows:

1      1.     For general damages according to proof, including all amounts due under the Policy,

2 with interest thereon;

3      2.     For prejudgment interest; and

4      3.     For such other and further relief as the court may deem appropriate.

DATED:  July 27, 2007          McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Leslie C. Murphy

Attorneys for Alta Bates Summit Medical Center

First Amended Complaint for Breach of Contract

1030332v2 33802/0004

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Marcia L. Augsburger                                          145686<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, California 95814<br>TELEPHONE NO  916.444.3900      FAX NO. (Optional):  916.444.8989<br>E-MAIL ADDRESS (Optional):  maugsburger@mhalaw.com<br>ATTORNEY FOR (Name):  Alta Bates Summit Medical Center | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS:  1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, California 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Alta Bates Summit Medical Center

DEFENDANT/RESPONDENT: United of Omaha Life Insurance Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336672 |
|---|---|

TO (insert name of party being served): United of Omaha Life Insurance Company

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: July 31, 2007

Leslie C. Murphy
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint. (First Amended Complaint; Summons on First Amended Complaint)
2. ☒ Other (specify): Notice of Case Management Conference and Order; Notice of Assignment for All Purposes; Alternative Dispute Resolution Information Package

(To be completed by recipient): 8\1\07

Date this form is signed:

J. Russell Stedman, Barger & Woley LLP
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Counsel for United of Omaha
Life Ins. Co.

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Marcia L. Augsburger                                    145686<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, California 95814<br>TELEPHONE NO: 916.444.3900    FAX NO. (Optional): 916.444.8989<br>E-MAIL ADDRESS (Optional): maugsburger@mhalaw.com<br>ATTORNEY FOR (Name): Alta Bates Summit Medical Center | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda** |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Oakland, California 94612 |
| BRANCH NAME: |

PLAINTIFF/PETITIONER: Alta Bates Summit Medical Center

DEFENDANT/RESPONDENT: United of Omaha Life Insurance Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336672 |
|---|---|

TO (insert name of party being served): Mutual of Omaha Life Insurance Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: July 31, 2007

Leslie C. Murphy
_____
(TYPE OR PRINT NAME)

► *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint. (First Amended Complaint; and Summons on First Amended Complaint)
2. ☒ Other (specify): Notice of Case Management Conference and Order; Notice of Assignment for All Purposes; Alternative Dispute Resolution Information Package

(To be completed by recipient):

Date this form is signed: 8|1|07

I. Russell Steadman, Barger & Wolen LLP
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Counsel for Mutual Of Omaha Life
Ins. Co.

► *(signature)*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.<br>www.USCourtForms.com



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

MIW / ALL
Transmittal Number: 5257775
Date Processed: 07/25/2007

| | |
|---|---|
| Primary Contact: | General Counsel<br>Mutual of Omaha Insurance Company<br>Mutual Of Omaha Plaza<br>3301 Dodge Street<br>Omaha, NE 68175 |
| Copy of transmittal only provided to: | Amy Olson<br>Doris Mitchell<br>Leslie Hagg |

| | |
|---|---|
| Entity: | Mutual of Omaha Insurance Company<br>Entity ID Number 0665326 |
| Entity Served: | Mutual of Omaha Life Insurance Company |
| Title of Action: | Alta Bates Summit Medical Center vs. Mutual of Omaha Life Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Alameda Superior Court, California |
| Case Number: | RG07336672 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/25/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Leslie C. Murphy<br>916-444-3900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MUTUAL OF OMAHA LIFE INSURANCE COMPANY and DOE 1 through DOE 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALTA BATES SUMMIT MEDICAL CENTER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 9 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG07336672 |
|---|---|

Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcia L. Augsburger (145686); Leslie C. Murphy (227454)    916.444.3900.    916.444.8989
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

| DATE: *(Fecha)* 7/19/07 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Mutual of OMAHA LIFE Insurance Company
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  MARCIA L. AUGSBURGER (SBN 145686)
   LESLIE C. MURPHY (SBN 227454)
3  555 Capitol Mall, 9th Floor
   Sacramento, CA 95814
4  Phone: 916.444.3900
   Fax:    916.444.8989
5
   Attorneys for Plaintiff
6  Alta Bates Summit Medical Center

7

8               SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF ALAMEDA

10

11 ALTA BATES SUMMIT MEDICAL      )  Case No. RG0733662
   CENTER,                        )
12                                )  COMPLAINT FOR
               Plaintiff,         )  BREACH OF CONTRACT
13                                )
        v.                        )
14                                )
   MUTUAL OF OMAHA LIFE           )
15 INSURANCE COMPANY, and DOE 1   )
   through DOE 50, inclusive,     )
16                                )
               Defendants.        )
17                                )

18        Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") alleges:

19                        GENERAL ALLEGATIONS

20        1.    ABSMC is a non-profit public benefit corporation, operating an acute care hospital,

21 organized and existing under the laws of the State of California, and authorized to transact business

22 in the State of California. At all times mentioned in this complaint, Plaintiff was licensed by the

23 State of California and all other applicable licensing authorities to perform the acts and provide the

24 services described in this complaint.

25        2.    ABSMC is informed and believes, and on that basis alleges, that Defendant Mutual of

26 Omaha Life Insurance Company ("MOO") was a Stock Company, authorized to transact business in

27 the State of California. At all relevant times mentioned in this complaint, MOO was doing business

28 in Alameda County, California.

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 9 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1    3.    ABSMC is unaware of the true names and capacities of the defendants sued here as
2    DOE 1 through DOE 50, inclusive, and therefore sues those defendants by these fictitious names.
3    ABSMC is informed and believes, and on that basis alleges, that each of these fictitiously named
4    defendants is responsible in some manner for the actions and resulting damages in this complaint.
5    When the true names and capacities are ascertained, ABSMC will amend this complaint by inserting
6    their true names and capacities.    Sutter is informed and believes that each fictitiously named
7    defendant has done, or has caused to be done, those things of which ABSMC complains.    Any
8    reference made to defendants individually or collectively shall, by such reference, be deemed a
9    reference to, and an allegation against, each fictitiously name defendant.

10    4.    Whenever in this Complaint reference is made to any act of defendants, such
11    allegation shall be deemed to mean that defendant MOO, or its officers, agents, managers,
12    representatives, employees, or DOE 1 through DOE 50, did or authorized such acts while actively
13    engaged in the operation, management, direction, or control of the affairs of defendants while acting
14    within the course and scope of their duties.

15    5.    On or about January 1, 2006, ABSMC and MOO entered into a written contract,
16    Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision.    Under the
17    Policy, MOO agreed to reimburse ABSMC for medical care provided to certain ABSMC employees
18    that are paid under ABSMC's employee health plan, after a specific deductible of $250,000 was met.
19    The benefit period under the Policy was for expenses incurred from January 1, 2005, through
20    January 1, 2007, and Plan benefits Paid from January 1, 2006, to January 1, 2007.

21    6.    Between January 1, 2006, and December 31, 2006, an employee of ABSMC
22    ("Employee Patient") incurred approximately $1.4 million in charges for medical care, which
23    ABSMC paid.

24    7.    On or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC
25    submitted claims to MOO for reimbursement under the Policy for amounts paid by ABSMC for the
26    services provided to Employee Patient during the 2006 policy period, which totaled $1,432,894.75.

27    8.    Defendants have failed and refused to make any payments to ABSMC for the services
28    provided to Employee Patient, as required under the Policy.

MHA

2

# FIRST CAUSE OF ACTION

## Breach of Written Contract

### (Against All Defendants)

9.    . ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 8 above as if set out here in full.

10.    ABSMC has performed all covenants and has satisfied all conditions required of it under the Policy, which was and is a written contract.

11.    Despite demand, defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay ABSMC, in breach of the Policy and the covenant of good faith and fair dealing contained therein.

12.    As a direct and proximate result of defendants' breaches, ABSMC has been damaged in an amount in excess of $818,456.07, according to proof.

13.    ABSMC is entitled to prejudgment interest and compensation for loss of use of the money damages alleged in paragraph 12 above, to conform to proof at time of trial.

NOW, THEREFORE, in accordance with California law and the foregoing cause of action, Plaintiff prays for judgment as follows:

1.    For general damages according to proof, including all amounts due under the Policy, with interest thereon;

2.    For prejudgment interest; and

3.    For such other and further relief as the court may deem appropriate.

DATED: July 19, 2007

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Leslie C. Murphy

Attorneys for Alta Bates Summit Medical Center

Complaint for Breach of Contract

1025849v3 33802/0004

ACD

McDonough Holland & Allen PC
Attn: Augsburger, Marica L.
555 Capitol Mall
9th Floor
Sacramento, CA  95814

*5817753*

## Superior Court of California, County of Alameda

Alta Bates Summit Medical Ctr

Plaintiff/Petitioner(s)

vs.

Mutual of Omaha Life Ins Co

Defendant/Respondent(s)

(Abbreviated Title)

No. RG07336672

NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/05/2007 Time: 03:15 PM | Department: 135 Location: Allen E. Broussard Justice Center Fourth Floor 600 Washington Street, Oakland CA 94607 Internet: http://www.alameda.courts.ca.gov | Judge: Patrick J. Zika Clerk: Benilda Nelson Clerk telephone: (510) 268-7956 E-mail: Dept.135@alameda.courts.ca.gov Fax: (510) 267-1521 |
| --- | --- | --- |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

    *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/24/2007.

By _____

Deputy Clerk

AEB


*5817757*

## Superior Court of California, County of Alameda



### Notice of Judicial Assignment for All Purposes

Case Number: RG07336672
Case Title:    Alta Bates Summit Medical Ctr VS Mutual of Omaha Life Ins Co
Date of Filing: 07/20/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Patrick J. Zika |
| Department: | 135 |
| Address: | Allen E. Broussard Justice Center |
| | 600 Washington Street |
| | Oakland CA 94607 |
| Phone Number: | (510) 268-7956 |
| Fax Number: | (510) 267-1521 |
| Email Address: | Dept.135@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 135

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents.

Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing counsel and self-represented parties on a contemporaneous basis.

If the communication requests a response from the court, e-mail addresses of all opposing counsel/self represented parties shall be supplied in the original e-mail whenever available to the sender.

When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format.

### Schedule for Department 135

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 p.m.
- Case Management Conference Continuances: Fridays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.
- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:       Dept.135@alameda.courts.ca.gov

  Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m.
  Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m. and
  Fridays at 9:00 a.m.

- Ex Parte Matters
  Email:       Dept.135@alameda.courts.ca.gov

  Contact the clerk to reserve a date and time before noticing any party.

<u>Tentative Rulings</u>

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 135
- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007:  (510) 208-4931
- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007:  (510) 690-2709
- All cases, Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated:  07/23/2007                        Executive Officer / Clerk of the Superior Court

                                    By     _____
                                                Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/24/2007

By _____

Deputy Clerk

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
> is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money. Court costs, attorney fees, and expert witness fees can be saved.

- ADR can permit more participation. With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- ADR can be flexible. The parties can choose the ADR process that is best for them.

- ADR can be cooperative. In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

*Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

*Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

*Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/ mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

---

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

          Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

          Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

                                  _____
                                  JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

EXHIBIT "B"

1  J. Russell Stedman (117130), rstedman@barwol.com
   Travis R. Wall (191662), twall@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California  94108-2713
   Telephone:  (415) 434-2800
4  Facsimile:   (415) 434-2533

5  Attorneys for Defendants
   UNITED OF OMAHA LIFE INSURANCE
6  COMPANY and MUTUAL OF OMAHA
   INSURANCE COMPANY
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11 ALTA BATES SUMMIT MEDICAL              )  CASE NO.:  RG07336672
   CENTER,                                )
12                                        )  **DEFENDANTS' NOTICE TO SUPERIOR**
              Plaintiff,                  )  **COURT OF THE STATE OF**
13                                        )  **CALIFORNIA OF REMOVAL OF CIVIL**
              vs.                         )  **ACTION TO UNITED STATES DISTRICT**
14                                        )  **COURT**
   UNITED OF OMAHA LIFE INSURANCE         )
15 COMPANY; MUTUAL OF OMAHA LIFE          )  Complaint Filed:   July 19, 2007
   INSURANCE COMPANY; and DOE 1           )
16 through DOE 50, inclusive,             )
                                          )
17            Defendants.                 )
                                          )
18 ─────────────────────────────────────

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

1       TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR

2 THE COUNTY OF ALAMEDA:

3       PLEASE TAKE NOTICE that Defendant United of Omaha Life Insurance Company and

4 Defendant Mutual of Omaha Insurance Company, mistakenly referred to as Mutual of Omaha Life

5 Insurance Company, filed a Notice and Petition for Removal of the above-entitled action from the

6 Superior Court of the State of California, County of Alameda, to the United States District Court for

7 the Northern District of California on August 17, 2007. A copy of this Notice and Petition for

8 Removal is attached to this notice and concurrently served and filed herewith. The Superior Court

9 of the State of California, County of Alameda, is hereby advised to proceed no further with this

10 matter unless and until the case is remanded.

11

12 Dated:  August 17, 2007                            BARGER & WOLEN LLP

13

14                                         By: _____

15                                         J. RUSSELL STEDMAN
                                        TRAVIS R. WALL

16                                         Attorneys for Defendants
                                        UNITED OF OMAHA LIFE

17                                         INSURANCE COMPANY and
                                        MUTUAL OF OMAHA

18                                         INSURANCE COMPANY

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  J. Russell Stedman (117130), rstedman@barwol.com
   Travis R. Wall (191662), twall@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California 94108-2713
   Telephone: (415) 434-2800
4  Facsimile: (415) 434-2533

5  Attorneys for Defendants
   UNITED OF OMAHA LIFE INSURANCE
6  COMPANY and MUTUAL OF OMAHA
   INSURANCE COMPANY

7

*ORIGINAL FILED*

*AUG 1 7 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*JL*

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ALTA BATES SUMMIT MEDICAL
    CENTER,
                                        ) CASE NO.: 07     4224
12                                      )
              Plaintiff,                ) DEFENDANTS' NOTICE AND PETITION
13                                      ) FOR REMOVAL OF CIVIL ACTION TO
         vs.                            ) UNITED STATES DISTRICT COURT
14                                      )
    UNITED OF OMAHA LIFE INSURANCE      ) [28 U.S.C. §§ 1332, 1441, 1446]
15  COMPANY and MUTUAL OF OMAHA         )
    LIFE INSURANCE COMPANY,             ) CERTIFICATION OF INTERESTED
16                                      ) ENTITIES OR PERSONS
              Defendants.               )
17                                      ) [Civil L.R. 3-16]
                                        )
18                                      ) Complaint Filed:    July 19, 2007
                                        )

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2    CALIFORNIA:

3    PLEASE TAKE NOTICE that Defendant United of Omaha Life Insurance Company

4    ("United of Omaha") and Defendant Mutual of Omaha Insurance Company, mistakenly referred to

5    as Mutual of Omaha Life Insurance Company ("Mutual of Omaha"), jointly petition this Court for

6    removal of the above-entitled action from the Superior Court of California, County of Alameda, to

7    the United States District Court for the Northern District of California pursuant to 28 U.S.C.

8    §§ 1332, 1441 and 1446. Removal is proper for the following reasons:

9    1.    On July 19, 2007, Plaintiff Alta Bates Summit Medical Center ("ABSMC") filed a

10    complaint against Mutual of Omaha in the Superior Court of California, County of Alameda,

11    entitled *"Alta Bates Summit Medical Center v. Mutual of Omaha Life Insurance Company, and*

12    *DOE 1 through DOE 50, inclusive,"* Case No. RG07336672 ("State Action"). On July 30, 2007,

13    ABSMC filed a First Amended Complaint in the State Action against United of Omaha and Mutual

14    of Omaha, entitled *"Alta Bates Summit Medical Center v. United of Omaha Life Insurance*

15    *Company; Mutual of Omaha Life Insurance Company, and DOE 1 through DOE 50, inclusive."*

16    2.    True and correct copies of all pleadings received by Defendants in the State Action

17    are attached hereto pursuant to 28 U.S.C. § 1446(a) as Group Exhibit A. The first amended

18    complaint filed in the State Action alleges a claim against Defendants for reimbursement of medical

19    care paid by ABSMC, allegedly due under Policy No. UP-90X4 ("Policy").

20                                    TIMELINESS

21    3.    Defendants' Notice and Petition for removal are timely. The initial summons and

22    complaint in the State Action were served on Mutual of Omaha on July 25, 2007. Because thirty

23    days have not passed since Mutual of Omaha's receipt of the initial summons and complaint, the

24    time prescribed by 28 U.S.C. § 1446(b) within which Defendants may remove this action to the

25    United States District Court has not expired.

26    4.    No other defendants have been named or served in the State Action. Consequently,

27    no joinder is required.

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1                              JURISDICTION

2         5.      The action is a civil action of which this Court has jurisdiction under the provisions

3    of 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of

4    28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in

5    controversy exceeds the sum of $75,000.00 exclusive of interest and costs, as set forth more fully

6    below.

7                          JURISDICTIONAL AMOUNT

8         6.      The amount in controversy in this action exceeds $75,000.00.  Plaintiff seeks

9    judgment against United of Omaha and Mutual of Omaha for reimbursement of medical care paid

10   pursuant to a specific stop loss provision under the Policy.  The Policy was issued to Plaintiff on or

11   about January 1, 2006 and provides for reimbursement to ABSMC for medical care provided to

12   certain ABSMC employees under ABSMC's employee health plan, after a specific deductible of

13   $250,000 is met.  The benefit period under the Policy was for expenses incurred from January 1,

14   2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007.

15   First Amended Complaint ¶ 7.

16        7.      Plaintiff alleges that between January 1, 2006, and December 31, 2006, an employee

17   of ABSMC incurred approximately $1.4 million in charges for medical care, which ABSMC paid.

18   First Amended Complaint ¶ 8.  Plaintiff further alleges that after it submitted claims under the

19   Policy, Defendants wrongfully denied the claims and has at all times failed to pay benefits under the

20   Policy.  First Amended Complaint ¶¶ 9-10.

21        8.      The amount claimed by Plaintiff to be due is $818,456.07, not including interest.

22   First Amended Complaint ¶ 14.  The initial complaint sought damages of the same amount.

23   Original Complaint ¶ 12.

24                              CITIZENSHIP

25        9.      As alleged in the complaint and the first amended complaint, Plaintiff is and was a

26   non-profit public benefit corporation, operating an acute care hospital organized and existing under

27   the laws of the State of California at the time of the filing of the initial complaint, the first amended

28   complaint and at all relevant times.  See Original Complaint ¶ 1; First Amended Complaint ¶ 1.

-3-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1        10.    Defendant United of Omaha is, and at all relevant times was, a foreign corporation

2  duly organized in the State of Nebraska, with its principal place of business in the State of

3  Nebraska.

4        11.    Defendant Mutual of Omaha is, and at all relevant times was, a foreign corporation

5  duly organized in the State of Nebraska, with its principal place of business in the State of

6  Nebraska.

7                                  PROCESS

8        12.    True and correct copies of all process, pleadings and orders served upon Defendants

9  in the Superior Court action are attached hereto as Exhibit A.

10       WHEREFORE, Defendants pray that the above action pending in the Superior Court of

11  California for the County of Alameda be removed from that court to this Court.

12

13  Dated: August 17, 2007                BARGER & WOLEN LLP

14

15                              By:

16                                  J. RUSSELL STEDMAN
                                       TRAVIS R. WALL

17                                Attorneys for Defendants
                                       UNITED OF OMAHA LIFE

18                                INSURANCE COMPANY and
                                       MUTUAL OF OMAHA

19                                INSURANCE COMPANY

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA. 94108
(415) 434-2800

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1    <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4

5    Dated: August 17, 2007                    BARGER & WOLEN LLP

6

7                                              By:  _____

8                                                   J. RUSSELL STEDMAN
                                                    TRAVIS R. WALL
                                                    Attorneys for Defendants
9                                                   UNITED OF OMAHA LIFE
                                                    INSURANCE COMPANY and
10                                                  MUTUAL OF OMAHA
                                                    INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-5-

DEFENDANTS' NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION TO UNITED STATES
DISTRICT COURT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

# EXHIBIT "A"

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:   916.444.8989

Attorneys for Plaintiff
Alta Bates Summit Medical Center

ENT     ED
ALA      UNTY

JUL 3 0 2007

CLERK OF THE     RIOR COURT
By Kalie Perry, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

BY FAX

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER, | Case No. RG07336672 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT |
| v. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF OMAHA LIFE INSURANCE COMPANY, and DOE 1 through DOE 50, inclusive, | ASSIGNED FOR ALL PURPOSES TO JUDGE PATRICK J. ZIKA DEPARTMENT 135 |
| Defendants. | |

Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") alleges:

GENERAL ALLEGATIONS

1.    ABSMC is a non-profit public benefit corporation, operating an acute care hospital, organized and existing under the laws of the State of California, and authorized to transact business in the State of California.  At all times mentioned in this Complaint, Plaintiff was licensed by the State of California and all other applicable licensing authorities to perform the acts and provide the services described in this Complaint.

2.    ABSMC is informed and believes, and on that basis alleges, that Defendant United of Omaha Life Insurance Company ("United of Omaha") was and is a Nebraska Corporation, authorized to transact, and transacting, business in the State of California.  At all relevant times mentioned in this Complaint, United of Omaha was doing business in Alameda County, California.

MHA
McDonough Holland & Allen PC
Attorneys at Law

1

1030332v2 33802/0004

3.    ABSMC is informed and believes, and on that basis alleges, that Defendant Mutual of Omaha Life Insurance Company ("MOO") was and is a Nebraska Corporation, authorized to transact, and transacting, business in the State of California. At all relevant times mentioned in this Complaint, United of Omaha was doing business in Alameda County, California.

4.    ABSMC is unaware of the true names and capacities of the defendants sued here as DOE 1 through DOE 50, inclusive, and therefore sues those defendants by these fictitious names. ABSMC is informed and believes, and on that basis alleges, that each of these fictitiously named defendants is responsible in some manner for the actions and resulting damages in this Complaint. When the true names and capacities are ascertained, ABSMC will amend this Complaint by inserting their true names and capacities. Sutter is informed and believes that each fictitiously named defendant has done, or has caused to be done, those things of which ABSMC complains. Any reference made to defendants individually or collectively shall, by such reference, be deemed a reference to, and an allegation against, each fictitiously name defendant.

5.    ABSMC is informed and believes, and on that basis alleges, that at all material times herein defendants United of Omaha, MOO, and DOE 1 through DOE 50 (hereafter collectively "Defendants") were acting on their own behalf and as the agents, employees, representatives, partners, joint venturers, or alter egos of one another; and the acts described herein were done in the course and scope of their agency, joint venture, or alter ego relationship, as well as on their own behalf; and that Defendants owed a duty to ABSMC and breached that duty as hereinafter alleged.

6.    Whenever in this Complaint reference is made to any act of Defendants, such allegation shall be deemed to mean that United of Omaha, or its officers, agents, managers, representatives, employees; and/or MOO, or its officers, agents, managers, representatives, employees; and/or DOE 1 through DOE 50, did or authorized such acts while actively engaged in the operation, management, direction, or control of the affairs of Defendants while acting within the course and scope of their duties.

7.    On or about January 1, 2006, ABSMC and Defendants entered into a written contract, Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision. Under the Policy, Defendants agreed to reimburse ABSMC for medical care provided to certain ABSMC

MHA
Dorough Holland & Allen PC
Attorneys at Law

2

1030332v2 33802/0004

1   employees that are paid under ABSMC's employee health plan, after a specific deductible of

2   $250,000 was met. The benefit period under the Policy was for expenses incurred from January 1,

3   2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007.

4          8.      Between January 1, 2006, and December 31, 2006, an employee of ABSMC

5   ("Employee Patient") incurred approximately $1.4 million in charges for medical care, which

6   ABSMC paid.

7          9.      On or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC

8   submitted claims to Defendants for reimbursement under the Policy for amounts paid by ABSMC

9   for the services provided to Employee Patient during the 2006 policy period, which totaled

10  $1,432,894.75.

11         10.     Defendants have failed and refused to make any payments to ABSMC for the services

12  provided to Employee Patient, as required under the Policy.

<div align="center">

FIRST CAUSE OF ACTION

Breach of Written Contract

(Against All Defendants)

</div>

16         11.     ABSMC realleges and hereby incorporates by reference each of the allegations of

17  paragraphs 1 through 10 above as if set out here in full.

18         12.     ABSMC has performed all covenants and has satisfied all conditions required of it

19  under the Policy, which was and is a written contract.

20         13.     Despite demand, Defendants, and each of them, have failed and refused, and continue

21  to fail and refuse, to pay ABSMC, in breach of the Policy and the covenant of good faith and fair

22  dealing contained therein.

23         14.     As a direct and proximate result of Defendants' breaches, ABSMC has been damaged

24  in an amount in excess of $818,456.07, according to proof.

25         15.     ABSMC is entitled to prejudgment interest and compensation for loss of use of the

26  money damages alleged in paragraph 12 above, to conform to proof at time of trial.

27         NOW, THEREFORE, in accordance with California law and the foregoing cause of action,

28  Plaintiff prays for judgment as follows:

MHA
McDonough Holland & Allen PC
Attorneys at Law

<div align="center">3</div>

First Amended Complaint for Breach of Contract                    1030332v2 33802/0004

1      1.    For general damages according to proof, including all amounts due under the Policy,

2   with interest thereon;

3      2.    For prejudgment interest; and

4      3.    For such other and further relief as the court may deem appropriate.

5

6   DATED:  July 27, 2007          McDONOUGH HOLLAND & ALLEN PC

7                        Attorneys at Law

8

9                        By: _____
                              Leslie C. Murphy

10                    Attorneys for Alta Bates Summit Medical Center

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MHA
McDonough Holland & Allen PC
Attorneys at Law

4

First Amended Complaint for Breach of Contract          1030332v2 33802/0004

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marcia L. Augsburger                                    145686<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, California 95814<br>  TELEPHONE NO. 916.444.3900   FAX NO. *(Optional):* 916.444.8989<br>E-MAIL ADDRESS *(Optional):* maugsburger@mhalaw.com<br>ATTORNEY FOR *(Name):* Alta Bates Summit Medical Center | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda** |
|---|
|   STREET ADDRESS. 1225 Fallon Street |
|   MAILING ADDRESS |
|   CITY AND ZIP CODE. Oakland, California 94612 |
|   BRANCH NAME |

| PLAINTIFF/PETITIONER: Alta Bates Summit Medical Center | |
|---|---|
| DEFENDANT/RESPONDENT: United of Omaha Life Insurance Company, et al. | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336672 |
|---|---|

TO *(insert name of party being served):* <u>United of Omaha Life Insurance Company</u>

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 31, 2007

Leslie C. Murphy
_____
(TYPE OR PRINT NAME)

► *Mmurphy*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint. (First Amended Complaint; Summons on First Amended Complaint)
2. ☒ Other *(specify):* Notice of Case Management Conference and Order; Notice of Assignment for All Purposes; Alternative Dispute Resolution Information Package

*(To be completed by recipient):* 8\1\07

Date this form is signed:

T. Russell Steelman, Barger & Wolen, LLP
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Counsel for United of Omaha
Life Ins. Co.

► *Russell Ster*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415 30, 417.10<br>www.courtinfo ca.gov |
|---|---|---|

American LegalNet, Inc<br>www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marcia L. Augsburger                                    145686<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, California 95814<br>TELEPHONE NO: 916.444.3900    FAX NO. *(Optional)*: 916.444.8989<br>E-MAIL ADDRESS *(Optional)*: maugsburger@mhalaw.com<br>ATTORNEY FOR *(Name)*: Alta Bates Summit Medical Center | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, California 94612
  BRANCH NAME:

PLAINTIFF/PETITIONER: Alta Bates Summit Medical Center

DEFENDANT/RESPONDENT: United of Omaha Life Insurance Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336672 |
|---|---|

TO *(insert name of party being served):* <u>Mutual of Omaha Life Insurance Company</u>

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 31, 2007

Leslie C. Murphy
      (TYPE OR PRINT NAME)

                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint. (First Amended Complaint; and Summons on First Amended Complaint)
2. ☒ Other *(specify):* Notice of Case Management Conference and Order; Notice of Assignment for All Purposes; Alternative Dispute Resolution Information Package

*(To be completed by recipient):*

Date this form is signed: 8\11\07

I. Russell Stedman Barger & Wolen LLP
  TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
  ON WHOSE BEHALF THIS FORM IS SIGNED)

Counsel for Mutual Of Omaha Life
Ins. Co.

                (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

MIW / ALL
Transmittal Number: 5257775
Date Processed: 07/25/2007

| | |
|---|---|
| Primary Contact: | General Counsel<br>Mutual of Omaha Insurance Company<br>Mutual Of Omaha Plaza<br>3301 Dodge Street<br>Omaha, NE 68175 |
| Copy of transmittal only provided to: | Amy Olson<br>Doris Mitchell<br>Leslie Hagg |

| | |
|---|---|
| Entity: | Mutual of Omaha Insurance Company<br>Entity ID Number 0665326 |
| Entity Served: | Mutual of Omaha Life Insurance Company |
| Title of Action: | Alta Bates Summit Medical Center vs. Mutual of Omaha Life Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Alameda Superior Court, California |
| Case Number: | RG07336672 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/25/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Leslie C. Murphy<br>916-444-3900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
MUTUAL OF OMAHA LIFE INSURANCE COMPANY and DOE 1 through DOE 50, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
ALTA BATES SUMMIT MEDICAL CENTER

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 9 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):

| CASE NUMBER:<br>(Número del Caso): | RG07336672 |
|---|---|

Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Marcia L. Augsburger (145686); Leslie C. Murphy (227454)    916.444.3900.    916.444.8989
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, California 95814

DATE:    7/19/07           Clerk, by _____, Deputy
(Fecha)                    (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): *Mutual of OMAHA LIFE Insurance Company*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  MARCIA L. AUGSBURGER (SBN 145686)
   LESLIE C. MURPHY (SBN 227454)
3  555 Capitol Mall, 9th Floor
   Sacramento, CA 95814
4  Phone: 916.444.3900
   Fax:   916.444.8989
5
   Attorneys for Plaintiff
6  Alta Bates Summit Medical Center

7

                                ENDORSED
                                 FILED
                           ALAMEDA COUNTY

                              JUL 1 9 2007

                       CLERK OF THE SUPERIOR COURT
                         BY YASMIN SINGH, Deputy

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11  ALTA BATES SUMMIT MEDICAL        )  Case No. RG07336672
    CENTER,                          )
12                                   )  COMPLAINT FOR
                     Plaintiff,      )  BREACH OF CONTRACT
13        v.                         )
                                     )
14  MUTUAL OF OMAHA LIFE             )
    INSURANCE COMPANY, and DOE 1     )
15  through DOE 50, inclusive,       )
                                     )
16                   Defendants.     )
                                     )
17

18       Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") alleges:

19                          GENERAL ALLEGATIONS

20       1.    ABSMC is a non-profit public benefit corporation, operating an acute care hospital,

21  organized and existing under the laws of the State of California, and authorized to transact business

22  in the State of California. At all times mentioned in this complaint, Plaintiff was licensed by the

23  State of California and all other applicable licensing authorities to perform the acts and provide the

24  services described in this complaint.

25       2.    ABSMC is informed and believes, and on that basis alleges, that Defendant Mutual of

26  Omaha Life Insurance Company ("MOO") was a Stock Company, authorized to transact business in

27  the State of California. At all relevant times mentioned in this complaint, MOO was doing business

28  in Alameda County, California.

MHA

                                      1

Complaint for Breach of Contract                              1025849v3 33802/0004

1        3.     ABSMC is unaware of the true names and capacities of the defendants sued here as

2  DOE 1 through DOE 50, inclusive, and therefore sues those defendants by these fictitious names.

3  ABSMC is informed and believes, and on that basis alleges, that each of these fictitiously named

4  defendants is responsible in some manner for the actions and resulting damages in this complaint.

5  When the true names and capacities are ascertained, ABSMC will amend this complaint by inserting

6  their true names and capacities.  Sutter is informed and believes that each fictitiously named

7  defendant has done, or has caused to be done, those things of which ABSMC complains.  Any

8  reference made to defendants individually or collectively shall, by such reference, be deemed a

9  reference to, and an allegation against, each fictitiously name defendant.

10       4.     Whenever in this Complaint reference is made to any act of defendants, such

11  allegation shall be deemed to mean that defendant MOO, or its officers, agents, managers,

12  representatives, employees, or DOE 1 through DOE 50, did or authorized such acts while actively

13  engaged in the operation, management, direction, or control of the affairs of defendants while acting

14  within the course and scope of their duties.

15       5.     On or about January 1, 2006, ABSMC and MOO entered into a written contract,

16  Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision.  Under the

17  Policy, MOO agreed to reimburse ABSMC for medical care provided to certain ABSMC employees

18  that are paid under ABSMC's employee health plan, after a specific deductible of $250,000 was met.

19  The benefit period under the Policy was for expenses incurred from January 1, 2005, through

20  January 1, 2007, and Plan benefits Paid from January 1, 2006, to January 1, 2007.

21       6.     Between January 1, 2006, and December 31, 2006, an employee of ABSMC

22  ("Employee Patient") incurred approximately $1.4 million in charges for medical care, which

23  ABSMC paid.

24       7.     On or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC

25  submitted claims to MOO for reimbursement under the Policy for amounts paid by ABSMC for the

26  services provided to Employee Patient during the 2006 policy period, which totaled $1,432,894.75.

27       8.     Defendants have failed and refused to make any payments to ABSMC for the services

28  provided to Employee Patient, as required under the Policy.

MHA

2

        1025849v3 33802/0004

# FIRST CAUSE OF ACTION

## Breach of Written Contract

### (Against All Defendants)

9.    . ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 8 above as if set out here in full.

10.    ABSMC has performed all covenants and has satisfied all conditions required of it under the Policy, which was and is a written contract.

11.    Despite demand, defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay ABSMC, in breach of the Policy and the covenant of good faith and fair dealing contained therein.

12.    As a direct and proximate result of defendants' breaches, ABSMC has been damaged in an amount in excess of $818,456.07, according to proof.

13.    ABSMC is entitled to prejudgment interest and compensation for loss of use of the money damages alleged in paragraph 12 above, to conform to proof at time of trial.

NOW, THEREFORE, in accordance with California law and the foregoing cause of action, Plaintiff prays for judgment as follows:

1.    For general damages according to proof, including all amounts due under the Policy, with interest thereon;

2.    For prejudgment interest; and

3.    For such other and further relief as the court may deem appropriate.

DATED: July 19, 2007    McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Leslie C. Murphy

Attorneys for Alta Bates Summit Medical Center

ACD

McDonough Holland & Allen PC
Attn: Augsburger, Marica L.
555 Capitol Mall
9th Floor
Sacramento, CA  95814

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*5817753*

## Superior Court of California, County of Alameda

| | |
|---|---|
| Alta Bates Summit Medical Ctr<br><div align=right>Plaintiff/Petitioner(s)</div><br>· VS.<br><br>Mutual of Omaha Life Ins Co<br><div align=right>Defendant/Respondent(s)</div><br><div align=right>(Abbreviated Title)</div> | No. RG07336672<br><br>NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/05/2007<br>Time: 03:15 PM | Department: 135<br>Location: Allen E. Broussard Justice Center<br>Fourth Floor<br>600 Washington Street, Oakland  CA  94607<br><br>Internet: http://www.alameda.courts.ca.gov | Judge:  Patrick J. Zika<br>Clerk: Benilda Nelson<br>Clerk telephone: (510) 268-7956<br>E-mail:<br>Dept.135@alameda.courts.ca.gov<br>Fax:  (510) 267-1521 |
|---|---|---|

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct. I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/24/2007.

By _____

Deputy Clerk

AGB



## Superior Court of California, County of Alameda



### Notice of Judicial Assignment for All Purposes

Case Number: RG07336672
Case Title:    Alta Bates Summit Medical Ctr VS Mutual of Omaha Life Ins Co
Date of Filing: 07/20/2007


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|                  |                                      |
|------------------|--------------------------------------|
| Judge:           | Patrick J. Zika                      |
| Department:      | 135                                  |
| Address:         | Allen E. Broussard Justice Center    |
|                  | 600 Washington Street                |
|                  | Oakland CA 94607                     |
| Phone Number:    | (510) 268-7956                       |
| Fax Number:      | (510) 267-1521                       |
| Email Address:   | Dept.135@alameda.courts.ca.gov       |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 135

.Page 1 of 4

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents.

Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing counsel and self-represented parties on a contemporaneous basis.

If the communication requests a response from the court, e-mail addresses of all opposing counsel/self represented parties shall be supplied in the original e-mail whenever available to the sender.

When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format.

## Schedule for Department 135

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 p.m.
- Case Management Conference Continuances: Fridays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.
- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:       Dept.135@alameda.courts.ca.gov

  Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m. Compliance hearings are heard: Mondays through Thursdays at 3:15 p.m. and Fridays at 9:00 a.m.

- Ex Parte Matters
  Email:       Dept.135@alameda.courts.ca.gov

  Contact the clerk to reserve a date and time before noticing any party.

<u>Tentative Rulings</u>

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 135
- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007: (510) 208-4931
- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007: (510) 690-2709
- All cases, Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 07/23/2007

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 07/24/2007

By

_____
Deputy Clerk

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages
of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs
Act (DRPA), information about the availability of local dispute resolution
programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use
of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money. Court costs, attorney fees, and expert witness fees can be saved.

- ADR can permit more participation. With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- ADR can be flexible. The parties can choose the ADR process that is best for them.

- ADR can be cooperative. In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd FL., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gala/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

EXHIBIT "C"

1   J. Russell Stedman (117130), rstedman@barwol.com
    Travis R. Wall (191662), twall@barwol.com
2   BARGER & WOLEN LLP
    650 California Street, 9th Floor
3   San Francisco, California  94108-2713
    Telephone:  (415) 434-2800
4   Facsimile:  (415) 434-2533

5   Attorneys for Defendants
    UNITED OF OMAHA LIFE INSURANCE
6   COMPANY and MUTUAL OF OMAHA
    INSURANCE COMPANY

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ALAMEDA

10

11   ALTA BATES SUMMIT MEDICAL              )   CASE NO.:  RG07336672
     CENTER,                                )
12                                          )   **PROOF OF SERVICE**
                     Plaintiff,             )
13                                          )   Complaint Filed:    July 19, 2007
                                            )
14          vs.                             )
                                            )
15   UNITED OF OMAHA LIFE INSURANCE         )
     COMPANY; MUTUAL OF OMAHA LIFE          )
16   INSURANCE COMPANY; and DOE 1           )
     through DOE 50, inclusive,             )
17                                          )
                     Defendants.            )
18   ───────────────────────────────────── )

19

20

21

22

23

24

25

26

27

28

                              PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 650 California Street, 9th Floor, San Francisco, California 94108.

On **August 17, 2007**, I served the foregoing document(s) described as follows:

**NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Marcia L. Augsburger, Esq.            Attorneys for Plaintiff Alta Bates Summit
Leslie C. Murphy, Esq.                Medical Center
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814

Telephone:    (916) 444-3900
Facsimile:    (916) 444-8989

[X]    **OVERNIGHT DELIVERY (VIA FEDERAL EXPRESS)**

    [X]    By placing the document(s) listed above in a sealed overnight courier envelope as set forth below and routing the envelope for pick up within our office by Federal Express. I am familiar with the firm's practice of collection and processing correspondence for Federal Express. Under that practice, it would be deposited with a Federal Express agent on that same day and delivered the following business day.

[X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at San Francisco, California on **August 17, 2007**.

[ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California on **August 17, 2007**.

NAME:  Stephanie K. Young

_____
(Signature)

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800