J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California  94108-2713
Telephone:  (415) 434-2800
Facsimile:   (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.:  C 07 4224<br><br>**DEFENDANTS UNITED OF OMAHA AND MUTUAL OF OMAHA'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:   July 19, 2007 |

c:\documents and settings\sky\local settings\temporary internet files\olk963\answer to fac (2).doc

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

On behalf of themselves and no others, defendant United of Omaha Insurance Company ("United of Omaha") and defendant Mutual of Omaha Insurance Company, mistaken referred to as Mutual of Omaha Life Insurance Company (Mutual of Omaha), hereby answer the First Amended Complaint filed by plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff"):

1. Answering paragraph 1, Defendants are without knowledge or belief sufficient to admit or deny the allegations contained in said paragraph, and, on that basis deny each and every allegation contained therein.

2. Answering paragraph 2, Defendants admit that United of Omaha is a Nebraska corporation that it is authorized to transact business in the State of California, and that it was doing business in Alameda County, California. Except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

3. Answering paragraph 3, Defendants admit that Mutual of Omaha is a Nebraska corporation that it is authorized to transact business in the State of California, and that it was doing business in Alameda County, California. Except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

4. Answering paragraph 4, Doe allegations have no force and effect in federal court, and the allegations in this paragraph are denied in their entirety on that basis.

5. Answering paragraph 5, Defendants deny the allegations in said paragraph.

6. Answering paragraph 6, Defendants deny the allegations in said paragraph.

7. Answering paragraph 7, Defendants admit that on or about January 1, 2006, ABSMC and United of Omaha entered into a written contract, Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision. Defendants deny that Mutual of Omaha is a party to the contract. Defendants further admit that United of Omaha agreed, subject to the terms and conditions of the Policy, to reimburse ABSMC for medical care provided to certain ABSMC employees under ABSMC's employee health plan, after a specific deductible of $250,000.00 was met. Defendants further admit that the benefit period under the Policy was for expenses incurred from January 1, 2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007. Except as expressly admitted, Defendants deny each and every remaining

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

allegation contained therein.

8. Answering paragraph 8, Defendants are without knowledge or belief sufficient to admit or deny the allegations contained in said paragraph, and, on that basis deny each and every allegation contained therein.

9. Answering paragraph 9, Defendants admit that on or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC submitted claims to United of Omaha for reimbursement under the Policy for amounts paid by ABSMC for the services provided to an employee of ABSMC ("Employee Patient") during the 2006 policy period, which totaled $1,432,894.75. Except as expressly admitted, Defendants deny each and every remaining allegation contained therein.

10. Answering paragraph 10, Defendants admit that they have refused to make any payments to ABSMC for the services provided to Employee Patient. Except as expressly admitted or denied, as to the remaining allegations, Defendants are without knowledge or belief sufficient to admit or deny the remaining allegations contained in said paragraph, and, on that basis deny each and every remaining allegation contained therein.

## FIRST CAUSE OF ACTION
### Breach of Written Contract

11. Answering paragraph 11, Defendants incorporate by reference their responses to paragraphs 1 through 10 above as if set forth here in full.

12. Answering paragraph 12, Defendants admit that the Policy is a written contract and deny the remaining allegations in said paragraph.

13. Answering paragraph 13, Defendants admit that despite demand, they have refused, and continue to refuse to pay ABSMC. Except as expressly admitted or denied, as to the remaining allegations, Defendants are without knowledge or belief sufficient to admit or deny the remaining allegations contained in said paragraph, and, on that basis deny each and every remaining allegation contained therein.

14. Answering paragraph 14, Defendants deny the allegations in said paragraph.

15. Answering paragraph 15, Defendants deny the allegations in said paragraph.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

16. The First Amended Complaint and each and every claim for relief set forth therein fails to state a claim for relief upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claim is barred because Plaintiff failed to disclose the Employee Patient on the Select Risk Questionnaire as required by the Policy and Certificate and United of Omaha relied upon this questionnaire in renewing the Policy.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claim is not an Eligible Loss under the Policy and Certificate pursuant to Exclusion(f) because Plaintiff failed to disclose the Employee Patient on the Select Risk Questionnaire as required by the Policy and Certificate.

### THIRD AFFIRMATIVE DEFENSE

19. Plaintiff's claim is barred because the amounts paid by Plaintiff for the services provided to Employee Patient were not eligible to receive reimbursement under the Policy and Certificate.

### FOURTH AFFIRMATIVE DEFENSE

20. Plaintiff's claim is barred because Plaintiff did not comply with the provisions, terms and conditions of the Policy and Certificate.

### FIFTH AFFIRMATIVE DEFENSE

21. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible and for which Defendants cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

22. Mutual of Omaha is not a party to the Policy and, thus, cannot be held liable for an alleged breach of that contract.

### SEVENTH AFFIRMATIVE DEFENSE

23. Defendants reserve their rights to raise additional affirmative defenses and to

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-4-

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

  WHEREFORE, Defendants demand:

1. That the action be dismissed, or that judgment be entered in Defendants' favor and against Plaintiff;
2. That Defendants be awarded costs incurred;
3. That Defendants be awarded such other and further relief as the court may deem appropriate.

Dated: August 22, 2007        BARGER & WOLEN LLP

                By: /s/ J. Russell Stedman
                  J. RUSSELL STEDMAN
                  TRAVIS R. WALL
                  Attorneys for Defendants
                  UNITED OF OMAHA LIFE
                  INSURANCE COMPANY and
                  MUTUAL OF OMAHA
                  INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-5-

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT