# EXHIBIT B1

1   J. Russell Stedman (117130), rstedman@barwol.com
    Travis R. Wall (191662), twall@barwol.com
2   BARGER & WOLEN LLP
    650 California Street, 9th Floor
3   San Francisco, California  94108-2713
    Telephone:  (415) 434-2800
4   Facsimile:   (415) 434-2533

5   Attorneys for Defendants
    UNITED OF OMAHA LIFE INSURANCE
6   COMPANY and MUTUAL OF OMAHA
    INSURANCE COMPANY
7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ALTA BATES SUMMIT MEDICAL              )   CASE NO.:  C 07 4224 JSW
    CENTER,                                 )
12                                          )   **DEFENDANT UNITED OF OMAHA LIFE**
                Plaintiff,                  )   **INSURANCE COMPANY'S RESPONSES**
13                                          )   **TO PLAINTIFF'S FIRST SET OF**
                vs.                         )   **REQUESTS FOR PRODUCTION OF**
14                                          )   **DOCUMENTS**
    UNITED OF OMAHA LIFE INSURANCE          )
15  COMPANY and MUTUAL OF OMAHA             )   Complaint Filed:  July 19, 2007
    INSURANCE COMPANY,                      )
16                                          )
                Defendants.                 )
17  _____)

18

19  PROPOUNDING PARTY:    Plaintiff ALTA BATES SUMMIT MEDICAL CENTER

20  RESPONDING PARTY:    Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY

21  SET NO.:             One

22          **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

23          Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY (hereinafter

24  "Responding Party") has not fully completed its investigation into the facts relating to this case, has

25  not completed discovery, and has not completed its preparation for trial.  Each of the responses

26  contained herein is based only upon such information and documents that are presently available to

27  and specifically known and available to Responding Party.  Responding Party anticipates that

28

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

1  REQUEST FOR PRODUCTION NO. 17

2       All Documents relating to the application of Your alleged requirement that trigger diagnosis

3  reports be submitted to You before stoploss policy renewal to insureds other than ABSMC.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 17

5       Responding Party refers to and incorporates by reference the Preliminary Statement and

6  General Objections set forth above.  Responding Party further objects on the grounds that the

7  request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

8  admissible evidence.  Responding Party objects on the grounds that the request is vague,

9  ambiguous, and overly broad and fails to describe each item or category with reasonable

10  particularity.  The request is unduly burdensome and oppressive.  Responding Party objects on the

11  grounds that the request seeks documents containing information that is confidential and proprietary

12  and that is protected by state and federal rights to privacy.  Responding Party further objects to the

13  extent that the request seeks documents that are protected by the attorney-client privilege, the

14  attorney work product doctrine, or any other applicable privilege.

15  REQUEST FOR PRODUCTION NO. 18

16       All Documents referring or relating to Debra Jones.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 18

18       Responding Party refers to and incorporates by reference the Preliminary Statement and

19  General Objections set forth above.  Responding Party further objects on the grounds that the

20  request is vague, ambiguous and overly broad and fails to describe each item or category with

21  reasonable particularity.  As phrased, the request is unduly burdensome and oppressive.

22  Responding Party also objects to the request to the extent it seeks documents that are protected by

23  the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

24  The request seeks documents containing information that is confidential and proprietary and that is

25  protected by state and federal rights to privacy.  Subject to and without waiving the foregoing

26  objections, Responding Party will produce non-privileged documents related to the handling of the

27  Debra Jones claim.

28

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.: C 07 4224

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 50

2      Responding Party refers to and incorporates by reference the Preliminary Statement and

3  General Objections set forth above. Responding Party further objects on the grounds that the

4  request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

5  admissible evidence. The request also seeks documents containing information that is confidential

6  and proprietary and that is protected by state and federal rights to privacy.

7  REQUEST FOR PRODUCTION NO. 51

8      All policies of stoploss insurance You extended to self-insured health plans for medical

9  services rendered to the insured's/s' employees in California from 2003 through the present.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 51

11      Responding Party refers to and incorporates by reference the Preliminary Statement and

12  General Objections set forth above. Responding Party further objects on the grounds that the

13  request is overly broad and seeks documents that are irrelevant and not reasonably calculated to lead

14  to the discovery of admissible evidence. The request is unduly burdensome and oppressive.

15  Responding Party also objects on the grounds that the request seeks documents containing

16  information that is confidential and proprietary and that is protected by state and federal rights of

17  privacy.

18  REQUEST FOR PRODUCTION NO. 52

19      All Documents reflecting or constituting denials of stoploss claims by You for California

20  insureds based on failure to timely disclose trigger diagnoses.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 52

22      Responding Party refers to and incorporates by reference the Preliminary Statement and

23  General Objections set forth above. Responding Party further objects on the grounds that the

24  request is overly broad and seeks documents that are irrelevant and not reasonably calculated to lead

25  to the discovery of admissible evidence. The request is unduly burdensome and oppressive.

26  Responding Party also objects on the grounds that the request seeks documents containing

27

28

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.: C 07 4224

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1  information that is confidential and proprietary and that is protected by state and federal rights of

2  privacy.

3  REQUEST FOR PRODUCTION NO. 53

4       All Documents reflecting, constituting, or evidencing Your internal policies and procedures

5  for processing ABSMC stoploss claims in 2003-2006, including but not limited to claim approval,

6  claim denial, review and handling of claims relating to patients with end-stage renal disease, and

7  application of policy exclusions.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 53

9       Responding Party refers to and incorporates by reference the Preliminary Statement and

10  General Objections set forth above.  Responding Party further objects on the grounds that the

11  request seeks evidence that is irrelevant and not reasonably calculated to lead to the discovery of

12  admissible evidence.   Responding Party objects on the ground that the request seeks documents

13  that contain confidential, trade secret and proprietary information.  Such documents would only be

14  produced, if at all, subject to the protective order and with an attorney's eyes only designation.  This

15  request, as phrased, also incorrectly assumes that Responding Party has special procedures related

16  to Alta Bates's claims.

17

18  Dated:  March 31, 2008                BARGER & WOLEN LLP

19

20                                By:  _____

21                                     J. RUSSELL STEDMAN
                                       TRAVIS R. WALL
22                                     Attorneys for Defendants
                                       UNITED OF OMAHA LIFE
                                       INSURANCE COMPANY and
23                                     MUTUAL OF OMAHA
                                       INSURANCE COMPANY

24

25

26

27

28                                        -26-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Barger & Wolen LLP, 650 California Street, 9th Floor, San Francisco, California 94108.

On **March 31, 2008**, I served the foregoing document(s) described as follows:

**DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

Marcia L. Augsburger, Esq.             Attorneys for Plaintiff Alta Bates Summit
Leslie C. Murphy, Esq.                  Medical Center
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
lmurphy@mhalaw.com
maugsburger@mhalaw.com

Telephone:    (916) 444-3900
Facsimile:     (916) 444-8989

**[X] BY ELECTRONIC MAIL**

[X]  By transmitting an accurate copy by electronic mail to the person(s) and e-mail addresses stated above:

**[X] BY MAIL**

[X]  I deposited such envelope in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed at San Francisco, California on **March 31, 2008**.

NAME:  Jeannie Rogers

_____
(Signature)

PROOF OF SERVICE

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800