United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER, | No. C-07-04224 JSW (EDL) |
| Plaintiff, | **ORDER RE: JULY 7, 2008 JOINT LETTER REGARDING DISCOVERY DISPUTE** |
| v. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | |
| Defendant. | |

On July 7, 2008, the parties filed a joint letter regarding their discovery dispute regarding Defendant's response to Plaintiff's requests for production of documents numbers 17, 51 and 52. On July 9, 2008, Judge White referred this dispute, and all further discovery matters, to this Court. This case involves an insurance coverage dispute in which Plaintiff alleges that Defendant wrongfully denied coverage under a stoploss insurance policy for expenses related to Plaintiff's former employee's medical treatment. According to Defendant, Plaintiff was obligated to disclose employees with trigger diagnoses before the January 1, 2006 renewal of the insurance policy, and because Plaintiff did not do so, Defendant rightfully denied coverage. Plaintiff argues that it is not material that the report was not disclosed before the renewal date, and that in any event, there was substantial compliance with the disclosure requirement because the report was submitted within thirty days after the renewal date.

Plaintiff seeks an order compelling Defendant to answer three document requests:

No. 17: All documents relating to the application of your alleged requirement that trigger diagnosis reports be submitted to you before stoploss policy renewal to insureds other than ABSMC.

No. 51: All policies of stoploss insurance you extended to self-insured health plans for medical services rendered to the insured's/s' employees in California from 2003 through the present.

1  No. 52: All documents reflecting or constituting denials of stoploss claims by you for
   California insureds based on failure to timely disclose trigger diagnoses.
2

3  See Jt. Letter, Ex. A.

4       Plaintiff argues that these requests seek relevant information relating to Defendant's

5  interpretation and enforcement of its disclosure requirement for trigger diagnoses, to how Defendant

6  dealt with other insureds on this issue, and to whether the construction of the contract on this issue is

7  consistent with Defendant's course of conduct from 2003 to the present. Defendant argues that the

8  fact that it may have taken a different course of action in another situation has no bearing on whether

9  denial of coverage was appropriate in this instance, and that it would be unduly burdensome to

10 manually review all California claim files to find responsive documents. Defendant also argues that

11 even if it is required to conduct that burdensome search, it would likely not find any documents

12 because this case is the only case in California in the last five years involving a denial or a laser

13 (modifying a specific deductible for a particular employee) after the fact due to a failure to disclose.

14      The documents sought by Plaintiff have at least some relevance for purposes of discovery

15 regarding Defendant's interpretation and enforcement of its policy requirements, although they are

16 overbroad and it appears that searching for all such documents would be unduly burdensome and

17 disproportionate. Therefore, if, as Defendant states, it has no responsive documents, it shall submit

18 a declaration from the person(s) most knowledgeable regarding the diligent search made for

19 documents and/or why Defendant believes that no responsive documents exist. This declaration

20 shall be provided no later than August 1, 2008. If Defendant cannot in good faith provide such a

21 declaration, or if Plaintiff in good faith is not satisfied with the explanation, the parties shall meet

22 and confer immediately and agree on restrictions to the scope of this discovery, including but not

23 limited to a temporal limit on all the requests as in request number 51.

24      **IT IS SO ORDERED.**

25 Dated: July 25, 2008

26                                              ELIZABETH D. LAPORTE
                                                United States Magistrate Judge
27

28

2