MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:     916.444.8989

Attorneys for Plaintiff
Alta Bates Summit Medical Center

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>        Plaintiff,<br>   v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF OMAHA LIFE INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. C 07-4224 JSW<br><br>**PLAINTIFF ALTA BATES SUMMIT MEDICAL CENTER'S MOTION FOR ADMINISTRATIVE RELIEF** |

Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") submits the following in support of this Motion for Administrative Relief, pursuant to Civil Local Rule 7-11:

## I.     INTRODUCTION

Plaintiff seeks an order changing the current hearing schedule so that Plaintiff's motion to amend the complaint can be heard as soon as possible. Currently, Defendants' dispositive motion is set to be heard on September 19, 2008, prior to the hearing on Plaintiff's Motion to Amend the Complaint, scheduled for October 10, 2008. Plaintiff requests that the Court schedule the motion to amend for hearing on September 19, 2008, and the dispositive motion for summary judgment on October 10, 2008, or such later date as the Court deems appropriate.

Plaintiff will suffer great prejudice and a denial of due process if the dispositive motion is granted before Plaintiff has an opportunity to plead newly discovered tort causes of action.



Moreover, permitting Plaintiff to be heard on its motion to amend before the dispositive motion would be consistent with Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend must be "freely given when justice so requires." Indeed, maintaining the current hearing dates could have the effect of denying the motion for leave to amend without a hearing.

Plaintiff has not delayed bringing this motion, as further described below. On or around June 25, 2008, Plaintiff began to discover facts showing that Defendants engaged in bad faith, fraud, and unfair business practices. Declaration of Marcia Augsburger filed herewith ("MLA Dec.") ¶ 3-9; Declaration of Mary Pelkey ("Pelkey Dec.") ¶ 11-17. Throughout July, 2008, Plaintiff continued to gather and analyze evidence, and to secure Defendants' cooperation in completing discovery. MLA Dec. ¶s 9, 10, 16. Until August 7, Plaintiff's counsel understood Defendants' to suggest that the motion to amend be heard on September 19, 2008. *Id.* ¶ 13. However, on August 7, Defendants counsel advised Plaintiff's that he did not so agree, and that his client would not stipulate to moving the date for the dispositive motion so that the motion to amend could be heard first. *Id.* This motion was filed as quickly as possible thereafter. *Id.*

## II. DISCUSSION

Plaintiff's motion to amend the complaint should be heard before Defendants' motion for summary judgment to avoid extreme prejudice and denial of due process. If the Court grants Defendants' dispositive motion as to the one and only cause of action currently pleaded, breach of contract, then Plaintiff will be unable to pursue its valid, substantiated, tort and statutory claims against Defendants. This is addressed further in part A. below. Denying Plaintiff its opportunity to pursue these claims is not warranted by any sense of fairness or due process, and runs contrary to the law liberally permitting amendments. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeo., Inc.*, 316 F.3d. 1048, 1052 (9th Cir. 2003) (presumption in favor of granting leave to amend).[1] Denying Plaintiff the ability to amend its complaint is not justified by any undue delay in filing this motion or the motion to amend. As addressed in part B below, Plaintiff has not been dilatory.

---

[1] This presumption applies unless the opposing party makes a showing of prejudice. *Id.* Here, there is no prejudice beyond being sued – discovery need not be reopened so long as discovery on Defendants' net worth can be done after the initial liability and damages phase. MLA Dec. ¶ 17.



**A.  Plaintiff's Motion To Amend Should Be Heard Before Defendants' Motion For Summary Judgment So That Plaintiff May Have The Opportunity To Pursue Its Valid And Significant Claims Against Defendants**

ABSMC is a non-profit public benefit corporation that operates an acute care hospital. Pelkey Dec. ¶ 2. At all times since 2003, ABSMC was self-insured for health care, i.e., ABSMC provided health benefits to its employees through a self-insured plan. *Id.* ¶ 2. ABSMC purchased stop loss insurance to cover catastrophic medical expenses for its employees. *Id.* For the years 2003 through 2006, ABSMC purchased stop loss insurance from United of Omaha ("UOO") or Mutual of Omaha ("MOO"). *Id.* ¶ 3. The stoploss insurance was to cover a percentage of ABSMC's costs over a "Specific Deductible" for medical care rendered to ABSMC employees. *Id.* ¶ 5 The monthly premiums for this coverage were calculated by multiplying a per member per month amount by the number of ABSMC employees who were eligible for coverage under ABMSC's self-insured plan and covered under the Policy. *Id.*

During the policy year 2006, ABSMC employee "DJ" was eligible under ABSMC's plan, and was covered under the Policy. *Id.* Throughout 2006, ABSMC paid, and UOO/MOO, accepted, premiums attributable to DJ. *Id.* ¶ 6 Nonetheless, when Benefit Risk Management Services ("BRMS") submitted claims for reimbursement of DJ's medical costs, UOO/MOO denied coverage, claiming that BRMS "provided inaccurate information or misstated, omitted, concealed or misrepresented [a] material fact or circumstance" in that DJ had been diagnosed with renal disease and heart disease in 2005, which diagnoses were not disclosed before the policy renewal date of January 1, 2006. *Id.* ¶s 7 – 8, 10.

When this lawsuit was filed (in state court), Plaintiff thought it was a simple breach of contract case. *Id.* ¶ 11; MLA Dec. ¶ 3. However, when Defendants finally produced documents after being granted numerous extensions,[2] the evidence began to paint a very different picture. MLA Dec. 4-9 Exh. A (internal e-mail stating that if UOO/ MOO had known about the diagnoses before policy renewal, they would not have changed the premium or declined coverage). Within days after receiving sufficient responses to written discovery to meaningfully depose Mutual employees,

---

[2] Declaration of Leslie C. Murphy filed herewith.


McDonough Holland & Allen PC
Attorneys at Law

-3-

Plaintiff's counsel traveled to Omaha, Nebraska and to depose five of UOO/MOO's employees. *Id.* ¶s 4-5. The depositions commenced on June 25, 2008 and, because the fifth one was interrupted by a hurricane, concluded via video on July 24, 2008. *Id.* ¶ 5. The depositions of third parties, from Benefit Risk Management Services ("BRMS"), Plaintiff's third party administrator, occurred on July 29 and 30, 2008. *Id.*, ¶ 6. In these depositions, Plaintiff learned many facts revealing Plaintiff's causes of action for bad faith, fraud, and unfair business practices. MLA Dec. ¶s 7-9; Pelkey Dec. ¶ 11.

Specifically, Plaintiff learned for the first time that UOO/MOO not only knew about DJ's diagnosis of renal disease on January 28, 2006, and accepted premiums thereafter for her without ever indicating that they would deny coverage for failure to disclose, but that UOO/MOO was actively involved in the management of her case by February 10, 2006. MLA Dec. ¶ 7; Pelkey Dec. ¶ 12. Plaintiff also learned that UOO/MOO arbitrarily, and for pecuniary gain, chose to deny DJ's claim when it paid claims for another ABSMC employee patient, "CC," whose diagnosis was known to BRMS before January 1, 2006 but not disclosed. MLA Dec. ¶ 7; Pelkey Dec. ¶ 13. The arbitrary nature of Defendants' coverage decisions are still being revealed to Plaintiff as UOO/MOO continues to respond to discovery in "dribs and drabs." MLA Dec. ¶ 7.

In addition, Plaintiff learned that the individual who denied the claim was not with Defendant's stop loss claims department – which ordinarily makes the determination to pay or deny stop loss claims - but was part of MOO's auditing department, which was an active participant in internal efforts to "fire" BRMS. MLA Dec. ¶ 7; Pelkey Dec. ¶ 14 and Exh. D thereto.

Plaintiff also retained an expert in underwriting and stoploss claims handling to evaluate the newly discovered evidence. MLA Dec. ¶ 8. This expert concluded, based on the facts recently discovered, that UOO/MOO acted in bad faith in denying the claims for services provided to DJ. MLA Dec., Exh D.

Finally, over the last few weeks, Plaintiff's ability to pursue its claims has been hampered by UOO/MOO's refusals to produce relevant documents and refusals to accommodate Plaintiff's reasonable requests for cooperation and professional courtesy. MLA Dec. ¶ 9, 10, 16. ABSMC considers this conduct to be further evidence of UOO's/MOO's bad faith. Pelkey Dec. ¶ 16. *See,*

*e.g., Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566 (1973) (covenant of good faith and fair dealing applies to insurer's handling of claims against insurer).

Based on the foregoing newly discovered evidence, Plaintiff submits that the facts and discovery performed in this case support not only Breach of Contract, but also fraud, unfair business practices, and other claims. Pelkey Dec. ¶ 17. Moreover, ABSMC's damages are mounting, and punitive damages are warranted in order to deter UOO/MOO from subjecting other self-insured persons and entities to the same treatment. Pelkey Dec. ¶ 17.

### B. No Delay Justifies Denying This Motion

There are many reasons why Plaintiff did not file the motion to amend earlier. As indicated in the foregoing discussion, the facts giving rise to the new allegations were not discovered until late June, 2008, at the earliest. Plaintiff did not discover these facts until after MOO and BRMS employees were deposed, June 25, 2008, through July 30, 2008. Pelkey Dec. ¶s 11-17; MLA Decl. ¶s 5-6. Plaintiff was also awaiting the outcome of discovery disputes that were pending before Magistrate Judge LaPorte until July 25, the resolution of which should have yielded additional evidence in support of Plaintiff's claims, had Defendants complied with her July 25 Order. *Id.* ¶ 16. Meet and confer discussions were continuing as recently as Thursday, August 7, 2008, at which time Defendants served supplemental discovery responses, giving rise to brand new disputes *Id.* at ¶ 15. Plaintiff's counsel has also spent many, many hours on legal research to ensure that the causes of action to be alleged in the amended complaint are warranted by existing law, in compliance with Rule 11. *Id.* at ¶ 18. Additional reasons are set forth in MLA Dec. ABSMC is prepared to file the motion to amend the complaint on Monday, August 11, 2008. *Id.* Thus, Plaintiff submits that there has been no undue delay in determining that the motion to amend should be filed and in preparing the motion for filing.

DATED: August 8, 2008   Respectfully submitted

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Marcia L. Augsburger
Attorneys for Alta Bates

-5-