Exhibit E

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2

 3     ALTA BATES SUMMIT MEDICAL   )
       CENTER,                     )
 4                                 )
             Plaintiff,            )
 5                                 )
                        -vs-       ) Case#C07-4224 JSW
 6                                 )
       UNITED OF OMAHA LIFE        )
 7     INSURANCE COMPANY, et al.,  )
                                   )         DEPOSITION
 8           Defendants.           )
                                   )
 9     _____)

10

11              *** CONFIDENTIAL ***

12

13          DEPOSITION OF BETTY COYLE ROBERTS

14

15              Deposition of BETTY COYLE ROBERTS,

16     taken on behalf of the Plaintiff, at

17     Erickson & Sederstrom, 10330 Regency Parkway

18     Drive, Suite 100, Omaha, Nebraska, beginning

19     at 2:55 p.m., Friday, June 27, 2008, before

20     Bobbi M. Randall, RPR, CSR, a General Notary

21     Public within and for the State of Nebraska,

22     pursuant to Notice.

23
                    BOBBI M. RANDALL, RPR, CSR
24            MATHESON-TAULBORG-DENNEY-SCHLEIFE
                  7602 Pacific Street, LL101
25                     Omaha, NE  68114          ORIGINAL
                       (402) 397-9669
```

1                          APPEARANCES

2          For the Plaintiff:

3          MARCIA L. AUGSBURGER
           LESLIE C. MURPHY
4          Attorneys at Law
           Ninth Floor
5          555 Capitol Mall
           Sacramento, CA  95814

6
           For the Defendants:
7
           TRAVIS WALL
8          Attorney at Law
           Ninth Floor
9          650 California Street
           San Francisco, CA  94108

10
           DAVID A. BARRON
11         Attorney at Law
           Mutual of Omaha Plaza
12         Omaha, NE  68175

13                            INDEX

14

BETTY COYLE ROBERTS                          Page
15
Direct Examination by Ms. Augsburger           3
16
Certificate                                  100
17

18         EXHIBITS:                         Marked

19         45 - October 15, 2003, email from S. Danker 3

20         50 - Table of Contents               91

21         119- Policy No. UP-90X4               3

22         (All exhibits are bound separately.)

23

24

25

DIRECT - B. COYLE ROBERTS (Augsburger) CONFIDENTIAL5

1    best conclusion that you can based on your memory.

2    You understand the difference?

3        A    Yes.

4        Q    Are you an employee of Mutual of Omaha?

5        A    Yes.

6        Q    Are you also employed by United of

7    Omaha?

8        A    I know that they're one and the same

9    company.

10       Q    Okay.  Do they occupy the same building?

11       A    Well, let me back up.  I honestly don't

12   know the difference.  It's Mutual of Omaha and I

13   know some of the policies are Mutual of Omaha and

14   some of the policies are United of Omaha, so I

15   don't really think it's -- there's not really a

16   difference.

17       Q    Okay.  Do they occupy the same building,

18   or do you know?  Let me ask it this way:  Is there

19   a building that is set aside solely for United of

20   Omaha?

21       A    Not that I'm aware of.

22       Q    Do you have an underwriting file at

23   Mutual of Omaha?

24       A    What type of an underwriting file?

25       Q    Well, do you maintain files in your

```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
 2

 3      ALTA BATES SUMMIT MEDICAL  )
        CENTER,                    )
                                   )
 4          Plaintiff,             )
                                   )
 5              -vs-               ) Case#C07-4224 JSW
                                   )
 6      UNITED OF OMAHA LIFE        )
        INSURANCE COMPANY, et al., )
 7                                 )      CERTIFICATE
            Defendants.            )
 8      _____)

 9

10      CERTIFICATE OF DEPOSITION OF BETTY COYLE ROBERTS

11

12                             Taken in behalf of
                               the Plaintiff.
13

14      Date:  June 27, 2008

15      The Original Deposition is
        in the possession of:

16

17      MARCIA L. AUGSBURGER
        Attorney at Law
18      Ninth Floor
        555 Capitol Mall
19      Sacramento, CA  95814

20      Costs:  $736.00
```

BOBBI M. RANDALL, RPR, CSR
GENERAL NOTARY PUBLIC

DATE:  July 14, 2008

GENERAL NOTARY-State of Nebraska
BOBBI M. RANDALL
My Comm. Exp. April 12, 2012

Exhibit F

# Specific Reimbursement Request Form



Mutual of Omaha Insurance Company
United of Omaha Life Insurance Company

Mail To:  Mutual of Omaha
S3-Stop Loss Claims Unit
Mutual of Omaha Plaza
Omaha, NE 68175

## Stop Loss Policy Information    Initial Submission ☒  Subsequent Submission ☐  Advance Funding ☒

Policyholder/Group: *ALTA BATES SUMMIT MED CENTER*

Policy No.: *W-90X4*                    Policy Period: *1/1/06 - 12/31/06*
                                                        (Accumulation period)

## Employee and Eligibility Information

Employee (Last/First): *J██████ D█████*          Birth Date: ███████  Soc. Sec. No.: ████████

Employee Status: Active (Y/N) *Y*   Retired: (Y/N) *N*   Hire Date: *9/12/72*  Health Benefit Effective Date: *1/1/05*

Date Last Worked: __/__/__   Return to Work Date: __/__/__   FMLA effective: __/__/__ until __/__/__

COBRA effective: __/__/__ until __/__/__   Extension of Benefits effective: __/__/__ until __/__/__

Continuation of Benefits effective: __/__/__ until __/__/__   Accident Date: __/__/__ (if applicable)

Pre-Existing Condition Exclusion applicable (Y/N) *N*   Prior Creditable Coverage applicable (Y/N) *N*

## Claim Information

Claimant: *✓██████, D█████*          Birth Date: *█████*  Gender: *F*  Relation to Employee: *SELF*

Diagnosis: *585.6  END STAGE RENAL DISEASE*   Prognosis: _____

Plan Benefits Paid during this Policy Period $ *581,371.80*   Est. Future Liability $ _____

Case Management involved in claim (Y/N) *Y*   Specific Amount Requested $ *331,371.80*

**Items that must be submitted with the initial claim:**
- Copies of all pertinent eligibility documentation (e.g., enrollment card, screen prints of history, COBRA payments, documentation supporting how coverage was maintained to meet the definition of "actively at work" status (FMLA dates, vacation or sick time utilized) documentation and verification of creditable coverage, etc.)
- Results of Other Insurance, Medicare and Subrogation investigation
- Signed Subrogation form (if applicable)
- Copies of Care Certifications (Preauthorizations, Hospital Precertifications, etc.)
- Copies of Case Management Progress Notes
- Copies of all provider bills (refunds, benefit exceptions, overpayments)
- Copies of EOB's
- Claim History Report

**Items that must be submitted with any subsequent claim submissions:**
- Claim History Report
- Copies of Care Certifications (preauthorizations, hospital precertifications, etc.)
- Copies of Case Management Progress Notes
- Copies of all provider bills (refunds, exception payments, overpayments)
- Copies of EOB's

DEPOSITION
EXHIBIT
**97**
*Gase*

Administrator: *BENEFIT & RISK MANAGEMENT SERVICES*   Address: *10860 GOLD CENTER DR., # 300 RANCHO CORDOVA, CA 95670*   Phone Number: *(800) 959-4767*

Authorized By: *Ralph Hennen*   Date: *7-21-06*   Fax Number: *(916) 858-3955*

Z747

ABSMC 00125

Exhibit G

MUTUAL *of* OMAHA INSURANCE COMPANY
UNITED *of* OMAHA LIFE INSURANCE COMPANY
Mutual of Omaha Plaza
Omaha, NE 68175
402 342 7600
mutualofomaha.com



August 2, 2006

Ralph Herrera                                  Re: Alta Bates Summit Medical Center
Benefit & Risk Management Services             Policy: UP-90X4
10860 Gold Center Drive, S-300                 Insured: ▮▮▮▮▮▮▮▮
Rancho Cordova, CA 95741                       SSN: XXX-XX-1551
                                               Policy Year: 1-1-06 to 1-1-07

Dear Ralph:

I have completed my review of your submission, dated 7-21-06, for the above referenced individual totaling $331,371.80. The following determination has been made.

Please refer to the stop loss policy provision "MISSTATED DATA" that states:

"MISSTATED DATA - We have relied upon the information, including, without limitation, the Select Risk Questionnaire and Your application, provided by You or Your agents, employees or representatives, in the issuance of this Policy. If, before or after, making any reimbursement, We determine that You or Your agent, employee or representative provided inaccurate information or misstated, omitted, concealed or misrepresented any material fact or circumstance concerning this Policy or the Plan, including any Loss or other items that You were required to disclose to Us on Your application or the Select Risk Questionnaire, or there was fraud by You or Your agent, employee or representative relating to this Policy, We may:
(a) deny stop loss reimbursements for Losses related to (or the adjustment of Specific Deductibles for) certain individuals, notwithstanding any other provision of the Policy;
(b) revise the terms or conditions of the Policy, including, without limitation, the premium rates;
(c) rescind the stop loss insurance; or
(d) void the Policy."

The "Select Risk Questionnaire" which is part of the stop loss policy states:

"Complete Attachment A of this Select Risk Questionnaire, with respect to any individuals (employees, COBRA participants, FMLA or other continuees, retirees or dependents) satisfying any of the following criteria and expected to be covered under the Applicant's self insured health care plan on the Proposed Effective Date:
(a) Any individual who has received benefits under the Applicant's medical plan during the last 12 months (including any pending charges not yet paid) exceeding [the lesser of $20,000 or] [50%] of the Proposed Specific Deductible;
(b) Any individual confined in a medical facility or institution during the past 30 days or expected to be so confined at any time during the period commencing on the date this Questionnaire is signed and ending on the 90th day after the Proposed Effective Date;
(c) Any employee absent from work due to illness or injury on the day this Questionnaire is signed;
(d) Any individual physically or mentally unable to perform all of the normal activities of an individual who is in good health on the day this Questionnaire is signed; or
(e) Any individual diagnosed with any serious illness or injury including but not limited to any of the following diagnoses:"



The diagnosis codes include 393-448/ Heart Disease/CHF/Cardiomyopathy and 582-588/ Renal Disease/Failure/Dialysis.

Review of the claim documentation submitted indicates that the claimant incurred services on May 24th 2005 for diagnosis 584.9 and 401.9 (claim # 752627) and July 27th 2005 for diagnosis 586 (claim # 714509). There were also preauthorization's submitted for service on August 24th 2005 for diagnosis 585 (authorization # 178200) and September 1st 2005 for diagnosis 585 (authorization # 178198). Based on this documentation we are applying provision **MISSTATED DATA** (a) and denying reimbursement for the stop loss claim submitted.

The determinations made for this reimbursement submission are based on the information submitted and information present in the stop loss reimbursement file at this time. If you feel that there is any additional information that may impact these determinations, please submit it. We will be happy to review the file again once the information is received.

Sincerely,

Mark Brewer
Stop Loss Operation Auditor
Mutual of Omaha
Mutual of Omaha Plaza
Omaha NE 68175
t(402) 351-6540
f(402) 351-1914
Mark.Brewer@Mutualofomaha.com

CC Betty Coyle Roberts
    Mutual/United of Omaha

ABSMC 00114

Exhibit H

**DeAnn Prefling**

| | |
|---|---|
| **From:** | DeAnn Prefling |
| **Sent:** | Saturday, January 28, 2006 2:23 PM |
| **To:** | 'Claudia.Wells@mutualofomaha.com' |
| **Subject:** | Potential large case notifications |
| **Attachments:** | altabateslgcasejan06.xls; edenlgcasejan06.xls; stlukeslgcasejan06.xls |

Claudia,

I have attached reports from our Utilization Review database. These reports will identify any potential large case we have received an authorization request for based on trigger diagnosis' established in our system. This report does not tie to any claims dollars paid. Currently these reports will identify by group, an individuals name, authorization number, date of service/admit requested, primary diagnosis and type of service. This report does not identify any of the information within the authorization (i.e., procedures performed, physician and facility information and any clinical review received) I think this will be a good report for a start and it will at least give you an idea of a potential case. What I would like to accomplish with our IT staff as soon as possible is to have all of the information within the authorization dumped into the report. I don't know how long this may take but I will make this a priority if you feel this will be helpful to your staff.

Take a look at the reports and let me know your thoughts.

Thanks

PS. Congratulations on the new grand baby.

DeAnn Prefling
Client Services Manager
Benefit and Risk Management Services
916.858.2950 ext. 227
916.858.2970 fax
deannp@brmsonline.com

DEPOSITION
EXHIBIT
49
Wells
PENGAD 800-631-6989

6/11/2007

STR 6060

Benefit & Risk Management Services
P O Box 2650
Rancho Cordova, CA 95670

## Potential Large Cases

Alta Bates Summit Med Center

1/1/2006 to 1/31/2006

| Patient Name | Authorization # | Service Date | Primary Diagnosis | Type of Service |
|---|---|---|---|---|
| | 181417 | 1/11/2006 | 331.4 | RAD |
| | 182144 | 1/2/2006 | 493 | MED |
| | 182194 | 1/4/2006 | 769 | MED |
| | 182286 | 1/5/2006 | 493 | MED |
| | 182458 | 1/23/2006 | 493.90 | RAD |
| | 181416 | 1/9/2006 | 174.9 | RAD |
| | 181854 | 1/5/2006 | 174.9 | ONC |
| | 182063 | 1/5/2006 | 414.01 | SURG |
| | 181980 | 1/6/2006 | 414.00 | CARD |
| | 182087 | 1/27/2006 | 340 | RAD |
| | 182108 | 1/4/2006 | 200.1 | RAD |
| | 182180 | 1/6/2006 | 162.9 | ONC |
| | 182198 | 1/1/2006 | 416.9 | DME |
| | 182201 | 1/10/2006 | 174.9 | RAD |

| ID | Date | Amount | Dept |
|----|------|--------|------|
| 182306 | 1/1/2006 | 296.53 | PSYCH |
| 182347 | 1/10/2006 | 174.9 | RAD |
| 182205 | 1/19/2006 | 710.0 | MED |
| 182212 | 1/5/2006 | 171.9 | PEDM |
| 182229 | 1/5/2006 | 340 | PT |
| 182197 | 1/11/2006 | 174.9 | RAD |
| 182199 | 1/16/2006 | 174.9 | ONC |
| 182356 | 1/6/2006 | 340 | PT |
| 182396 | 1/19/2006 | 233.0 | SURG |
| 182479 | 1/13/2006 | 162.9 | MED |
| 182403 | 1/10/2006 | 644.0 | GYN |
| 182453 | 1/17/2006 | 340 | RAD |
| 182497 | 1/18/2006 | 174.9 | SURG |
| 182519 | 1/11/2006 | 183.0 | CARD |
| 182368 | 1/18/2006 | 410.01 | CARD |
| 182461 | 1/19/2006 | 173.7 | SURG |
| 182598 | 1/19/2006 | 174.9 | MED |
| 182670 | 1/21/2006 | 410 | MED |

Page:

| | | | |
|---|---|---|---|
| 182618 | 1/19/2006 | 162.9 | ONC |
| 182619 | 1/20/2006 | 162.9 | ONC |
| 182585 | 1/1/2006 | 147.9 | RAD |
| 182664 | 1/31/2006 | 195.0 | RAD |
| 182757 | 1/25/2006 | 585.6 | MED |



J... D

1/28/2006

02:04:03PM

Exhibit I

1  J. Russell Stedman (117130), rstedman@barwol.com
   Travis R. Wall (191662), twall@barwol.com
2  Donielle M. Colich (253750), dcolich@barwol.com
   BARGER & WOLEN LLP
3  650 California Street, 9th Floor
   San Francisco, California  94108-2713
4  Telephone:  (415) 434-2800
   Facsimile:   (415) 434-2533
5
   Attorneys for Defendants
6  UNITED OF OMAHA LIFE INSURANCE
   COMPANY and MUTUAL OF OMAHA
7  INSURANCE COMPANY
8
9                    **UNITED STATES DISTRICT COURT**
10                   **NORTHERN DISTRICT OF CALIFORNIA**
11

12  ALTA BATES SUMMIT MEDICAL          )   CASE NO.:  C 07 4224 JSW
    CENTER,                           )
13                                     )   **DEFENDANT MUTUAL OF OMAHA**
              Plaintiff,               )   **INSURANCE COMPANY'S FIRST**
14                                     )   **SUPPLEMENTAL RESPONSES TO**
         vs.                           )   **PLAINTIFF'S SECOND SET OF**
15                                     )   **REQUESTS FOR PRODUCTION OF**
    UNITED OF OMAHA LIFE INSURANCE     )   **DOCUMENTS**
16  COMPANY and MUTUAL OF OMAHA        )
    INSURANCE COMPANY,                 )   Complaint Filed:  July 19, 2007
17                                     )
              Defendants.              )
18                                     )

19  PROPOUNDING PARTY:   Plaintiff ALTA BATES SUMMIT MEDICAL CENTER
20
    RESPONDING PARTY:    Defendant MUTUAL OF OMAHA INSURANCE COMPANY
21
    SET NO.:             Two
22
          **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**
23
24        Defendant MUTUAL OF OMAHA INSURANCE COMPANY (hereinafter "Responding
25  Party" or "Mutual") has not fully completed its investigation into the facts relating to this case, has
26  not completed discovery, and has not completed its preparation for trial.  Each of the responses
27  contained herein is based only upon such information and documents that are presently available to
28  and specifically known and available to Responding Party.  Responding Party anticipates that

1  further discovery, independent investigation, and further legal research and analysis will supply

2  additional facts and add meaning to known facts, as well as establish new factual conclusions and

3  legal contentions, all of which may lead to changes in and variations from the Responses set forth

4  herein.

5      The following supplemental responses are given without prejudice to Responding Party's

6  right to produce evidence of any subsequently discovered fact or facts that Responding Party may

7  later discover through investigation.  Responding Party accordingly reserves the right to change any

8  and all responses as additional facts are ascertained, analyses are made, legal research is completed

9  and contentions are set forth.  The responses contained herein are made in a good faith effort to

10  supply as much factual information and as much specification of legal contentions as are presently

11  known, but do not in any way prejudice Responding Party in relation to further discovery, research,

12  or analysis.  The following responses are also given without prejudice to Responding Party's right

13  to object to the relevance and/or admissibility of said responses at the time of trial or during any

14  proceeding in this litigation.

15      Mutual did not issue any stop loss policies to Alta Bates.  The following responses should

16  not be construed as any admission that Mutual issued any stop loss policies to Alta Bates or that any

17  decisions or actions taken with respect to the policies were taken on Mutual's behalf.

18  **SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

19  <u>REQUEST FOR PRODUCTION NO. 62</u>

20      All documents relating or referring to Your review of ABSMC stop loss claims relating to

21  medical conditions that were not disclosed during the renewal periods for policy years 2003 – 2006.

22  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 62</u>

23      Responding Party refers to and incorporates by reference its initial response and objections

24  and the preliminary statement and general objections above.  Subject to and without waiving the

25  foregoing objections, Responding Party previously produced all responsive documents.

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

1   REQUEST FOR PRODUCTION NO. 65

2       All executed select risk questionnaires, including attachments, submitted to You for the

3   2005-2006 policy years for policy holders in California.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 65

5       Responding Party refers to and incorporates by reference its initial response and objections

6   and the preliminary statement and general objections above.  Subject to and without waiving the

7   foregoing objections, Responding Party did not issue any stop loss policies in California in 2005 or

8   2006.  Responding Party also affirms that all stop loss policies United of Omaha Life Insurance

9   Company issued to policyholders in California for years 2005 and 2006 required the submission of

10  the identical select risk questionnaire used in Alta Bates's stop loss policies for years 2005 and

11  2006.

12  REQUEST FOR PRODUCTION NO. 67

13      Full and complete copies of all pages of all claims manuals applicable to the handling of

14  stop loss claims (a portion of which was produced as UNITED 6079 – UNITED 6084 for the years

15  2003, 2004, 2004 [sic], and 2006.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 67

17      Responding Party refers to and incorporates by reference its initial response and objections

18  and the preliminary statement and general objections above.  Responding party reserves the right to

19  redact confidential and private information from the manuals, including without limitation the

20  names of patients, policyholders and TPAs.  Subject to and without waiving the foregoing

21  reservations and objections, Responding Party will produce complete copies of all responsive

22  claims manuals.

23  REQUEST FOR PRODUCTION NO. 72

24      Your SLIIC System Manual in effect in the years 2005, 2006, and 2007.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 72

26      Responding Party refers to and incorporates by reference its initial response and objections

27  and the preliminary statement and general objections above.  Responding party reserves the right to

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1  redact confidential and private information from the manuals, including without limitation the

2  names of patients, policyholders or TPAs.  Subject to and without waiving the foregoing

3  reservations and objections, Responding Party will produce all responsive SLIIC manuals.

4

5  Dated:  August 7, 2008                          BARGER & WOLEN LLP

6

7                                    By:  _____

8                                         J. RUSSELL STEDMAN
                                          TRAVIS R. WALL
9                                         DONIELLE M. COLICH
                                          Attorneys for Defendants
10                                        UNITED OF OMAHA LIFE
                                          INSURANCE COMPANY and
11                                        MUTUAL OF OMAHA
                                          INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1    J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
2    Donielle M. Colich (253750), dcolich@barwol.com
BARGER & WOLEN LLP
3    650 California Street, 9th Floor
San Francisco, California 94108-2713
4    Telephone:  (415) 434-2800
Facsimile:  (415) 434-2533
5

6    Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
7    INSURANCE COMPANY

8

             **UNITED STATES DISTRICT COURT**

9

           **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12 | ALTA BATES SUMMIT MEDICAL | ) | CASE NO.: C 07 4224 JSW
CENTER, | ) |
13 | | ) | **DEFENDANT UNITED OF OMAHA LIFE**
         Plaintiff, | ) | **INSURANCE COMPANY'S**
14 | | ) | **SUPPLEMENTAL RESPONSES TO**
      vs. | ) | **PLAINTIFF'S SECOND SET OF**
15 | | ) | **REQUESTS FOR PRODUCTION OF**
UNITED OF OMAHA LIFE INSURANCE | ) | **DOCUMENTS**
16 | COMPANY and MUTUAL OF OMAHA | ) |
INSURANCE COMPANY, | ) | Complaint Filed: July 19, 2007
17 | | ) |
        Defendants. | ) |
18

19

PROPOUNDING PARTY:    Plaintiff ALTA BATES SUMMIT MEDICAL CENTER
20

RESPONDING PARTY:    Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY
21

SET NO.:             Two
22

           **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**
23

24        Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY (hereinafter

25 "Responding Party") has not fully completed its investigation into the facts relating to this case, has

26 not completed discovery, and has not completed its preparation for trial. Each of the responses

27 contained herein is based only upon such information and documents that are presently available to

28 and specifically known and available to Responding Party. Responding Party anticipates that

1    further discovery, independent investigation, and further legal research and analysis will supply

2    additional facts and add meaning to known facts, as well as establish new factual conclusions and

3    legal contentions, all of which may lead to changes in and variations from the Responses set forth

4    herein.

5         The following supplemental responses are given without prejudice to Responding Party's

6    right to produce evidence of any subsequently discovered fact or facts that Responding Party may

7    later discover through investigation.  Responding Party accordingly reserves the right to change any

8    and all responses as additional facts are ascertained, analyses are made, legal research is completed

9    and contentions are set forth.  The responses contained herein are made in a good faith effort to

10   supply as much factual information and as much specification of legal contentions as are presently

11   known, but do not in any way prejudice Responding Party in relation to further discovery, research,

12   or analysis.  The following responses are also given without prejudice to Responding Party's right

13   to object to the relevance and/or admissibility of said responses at the time of trial or during any

14   proceeding in this litigation.

15   **SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

16   REQUEST FOR PRODUCTION NO. 62

17        All documents relating or referring to Your review of ABSMC stop loss claims relating to

18   medical conditions that were not disclosed during the renewal periods for policy years 2003 – 2006.

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 62

20        Responding Party refers to and incorporates by reference its initial response and objections

21   and the preliminary statement and general objections above.  Subject to and without waiving the

22   foregoing objections, Responding Party previously produced all responsive documents.

23   REQUEST FOR PRODUCTION NO. 65

24        All executed select risk questionnaires, including attachments, submitted to You for the

25   2005-2006 policy years for policy holders in California.

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.: C 07 4224

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 65

2      Responding Party refers to and incorporates by reference its initial response and objections

3  and the preliminary statement and general objections above.  Subject to and without waiving the

4  foregoing objections, Responding Party also affirms that all stop loss policies issued to

5  policyholders in California for years 2005 and 2006 required the submission of the identical select

6  risk questionnaire used in Alta Bates's stop loss policies for years 2005 and 2006.

7  REQUEST FOR PRODUCTION NO. 67

8      Full and complete copies of all pages of all claims manuals applicable to the handling of

9  stop loss claims (a portion of which was produced as UNITED 6079 – UNITED 6084 for the years

10  2003, 2004, 2004 [sic], and 2006.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 67

12      Responding Party refers to and incorporates by reference its initial response and objections

13  and the preliminary statement and general objections above.  Responding party reserves the right to

14  redact confidential and private information from the manuals, including without limitation the

15  names of patients, policyholders and TPAs.  Subject to and without waiving the foregoing

16  reservations and objections, Responding Party will produce complete copies of all responsive

17  claims manuals.

18  REQUEST FOR PRODUCTION NO. 72

19      Your SLIIC System Manual in effect in the years 2005, 2006, and 2007.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 72

21      Responding Party refers to and incorporates by reference its initial response and objections

22  and the preliminary statement and general objections above.  Responding party reserves the right to

23  redact confidential and private information from the manuals, including without limitation the

24  names of patients, policyholders or TPAs.  Subject to and without waiving the foregoing

25  reservations and objections, Responding Party will produce all responsive SLIIC manuals.

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.: C 07 4224

1   Dated: August 7, 2008                          BARGER & WOLEN LLP

2

3                                                  By: _____

4                                                  J. RUSSELL STEDMAN
                                                   TRAVIS R. WALL
5                                                  DONIELLE M. COLICH
                                                   Attorneys for Defendants
6                                                  UNITED OF OMAHA LIFE
                                                   INSURANCE COMPANY and
7                                                  MUTUAL OF OMAHA
                                                   INSURANCE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

Exhibit J

**Leslie Murphy**

**From:** Marcia L. Augsburger
**Sent:** Monday, August 11, 2008 11:42 AM
**To:** Leslie Murphy
**Subject:** FW: Supplemental Responses

**From:** Wall, Travis R. [mailto:twall@barwol.com]
**Sent:** Monday, August 11, 2008 11:24 AM
**To:** Marcia L. Augsburger
**Subject:** Re: Supplemental Responses

Marcia:

With respect to number 62, defendants have conducted a diligent search and have produced all responsive documents. We have norhing more to produce.

With respect to number 65, your request specifically asks for SRQs only. We have provided a complete response.

I am not in the office today and thus will not be reachable. As you are aware, I will be working this entire week responding to your various motions and preparing a motion for summary jundgment. I will then be on vacation next week. If you do file a motion to compel, please set the hearing date out far enough to ensure that our opposition is not due for at least three weeks from today.

Travis Wall

Travis R. Wall
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Tel. (415) 743-3738 (direct)
Tel. (415) 434-2800 (main operator)
Fax. (415) 434-2533
email: twall@barwol.com

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

-----Original Message-----
From: Marcia L. Augsburger <maugsburger@mhalaw.com>
To: Wall, Travis R.
CC: Leslie Murphy <lmurphy@mhalaw.com>
Sent: Sun Aug 10 13:13:10 2008
Subject: Supplemental Responses

I have now reviewed your supplemental responses to requests 62, 65, 67, and 72.  Thank you for now agreeing to produce the claims manuals and SLIIC System Manual.  It appears, however, that we still have issues regarding number 62 and maybe 65.  Because tomorrow is our last day to file a motion to compel, I must ask you to call me as soon as possible to discuss the issues arising from the supplemental responses.

Your response to request number 62 is problematic for two reasons.  First, the preamble states that  the responses are based on "known facts" and are "made in a good faith effort to supply as much factual information . . . as are presently known, but do not in any way prejudice Responding Party in relation to futher discovery, research, or analysis."  Your client is required to conduct a diligent search and make a reasonable inquiry in order to locate the requested documents, and then state that the document never existed, or is not in their possession, custody or control.  See, e.g., Kaur v. Alameida, 2007 U.S. Dist. LEXIS 40138 (E.D. Cal. May 15, 2007 <http://www.lexis.com/research/xlink? app=00075&view=full&searchtype=get&search=2007+U.S.+Dist.+LEXIS+40138> ); Waterbury v. Scribner, 2008 U.S. Dist. LEXIS 53142 (E.D. Cal. May 7, 2008) <http://www.lexis.com/research/xlink? app=00075&view=full&searchtype=get&search=2008+U.S.+Dist.+LEXIS+53142> .  You have conceded that there are two cases  two cases relating to Defendants' review of ABSMC claims relating to medical conditions that were not disclosed for the policy years at issue - DJ and CC.  Has a diligent search been performed to determine whether there were any others?  Second, we find it very hard to believe Defendant "previously produced all responsive documents" - even assuming that DJ and CC were the only cases.  For one thing, you have refused to produce documents in response to request number 24, which specifically requests copies of all case management files memorializing Defendants' analysis of claims relating to medical conditions that were not disclosed before policy renewal.  For another thing, we have found only a few case management documents on these patients.   If your clients contend, after a diligent inquiry, that all case management and responsive documents were already produced, please provide us with the bates numbers.

Your response to number 65 states that UOO "affirms that all stop loss policies issued to policyholders in California for years 2005 and 2006 required the submission of the identical select risk questionnaire used in Alta Bate's stop loss policies for yars 2005 and 2006."  When we discussed this request we explained that we need to know whether the same provisions on which UOO relied to deny the claims in this case are identical in all policies.  Specifically, we want to know whether the following sections are identical:  the "Misstated Data" exclusion, "Duties of the Policyholder," and "Termination of Insurance."  Please confirm, based on your clients' diligent investigation, whether these are identical.

Marcia L. Augsburger, Esq.
McDonough Holland & Allen PC
555 Capitol Mall
Sacramento, CA 95814
Phone:  916-325-4589
Fax:  916-444-8989

Confidentiality Notice:  This communication and any accompanying document(s) are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication.  If you have received this communication in error, please contact our IT Department by email at helpdesk@mhalaw.com, or by telephone at (916) 444-3900.  Thank you.

Exhibit K

1   J. Russell Stedman (117130), rstedman@barwol.com
    Travis R. Wall (191662), twall@barwol.com
2   Donielle M. Colich (253750), dcolich@barwol.com
    BARGER & WOLEN LLP
3   650 California Street, 9th Floor
    San Francisco, California 94108-2713
4   Telephone:  (415) 434-2800
    Facsimile:   (415) 434-2533
5
    Attorneys for Defendants
6   UNITED OF OMAHA LIFE INSURANCE
    COMPANY and MUTUAL OF OMAHA
7   INSURANCE COMPANY

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ALTA BATES SUMMIT MEDICAL          )   CASE NO.:  C 07 4224 JSW
12  CENTER,                            )
                                       )   **DEFENDANT UNITED OF OMAHA LIFE**
13               Plaintiff,            )   **INSURANCE COMPANY'S RESPONSES**
                                       )   **TO PLAINTIFF'S SECOND SET OF**
14        vs.                          )   **REQUESTS FOR PRODUCTION OF**
                                       )   **DOCUMENTS**
15  UNITED OF OMAHA LIFE INSURANCE     )
    COMPANY and MUTUAL OF OMAHA        )   Complaint Filed:  July 19, 2007
16  INSURANCE COMPANY,                 )
                                       )
17               Defendants.           )
                                       )
18  _____)

19

20  PROPOUNDING PARTY:    Plaintiff ALTA BATES SUMMIT MEDICAL CENTER

21  RESPONDING PARTY:     Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY

22  SET NO.:              Two

23            **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

24      Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY (hereinafter

25  "Responding Party") has not fully completed its investigation into the facts relating to this case, has

26  not completed discovery, and has not completed its preparation for trial.  Each of the responses

27  contained herein is based only upon such information and documents that are presently available to

28  and specifically known and available to Responding Party.  Responding Party anticipates that

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA. 94108
(415) 434-2800

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 60

2      Responding Party refers to and incorporates by reference the Preliminary Statement and

3  General Objections set forth above.  The request is also vague and ambiguous.  Subject to and

4  without waiving the foregoing objections, Responding Party has not been able to locate any

5  responsive documents.

6  REQUEST FOR PRODUCTION NO. 61

7      All contracts effective January 1, 2004 through December 31, 2007 between You and third

8  party administrators operating within the state of California.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 61

10     Responding Party refers to and incorporates by reference the Preliminary Statement and

11 General Objections set forth above.  Responding Party further objects on the grounds that the

12 request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

13 admissible evidence.  The request also seeks documents containing information that is confidential

14 and proprietary.

15 REQUEST FOR PRODUCTION NO. 62

16     All documents relating or referring to Your review of ABSMC stop loss claims relating to

17 medical conditions that were not disclosed during the renewal periods for policy years 2003 – 2006.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 62

19     Responding Party refers to and incorporates by reference the Preliminary Statement and

20 General Objections set forth above.  Responding Party further objects on the grounds that the

21 request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

22 admissible evidence.  The request is a vague and ambiguous and overly broad.  The request also

23 seeks documents containing information that is confidential, proprietary, and protected by state and

24 federal rights of privacy.  The request is also burdensome and oppressive since it would require a

25 manual review of all claims files since 2003.

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.: C 07 4224

1 | J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
2 | Donielle M. Colich (253750), dcolich@barwol.com
BARGER & WOLEN LLP
3 | 650 California Street, 9th Floor
San Francisco, California  94108-2713
4 | Telephone:   (415) 434-2800
Facsimile:   (415) 434-2533
5 |
Attorneys for Defendants
6 | UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
7 | INSURANCE COMPANY

8 |
9 |                    **UNITED STATES DISTRICT COURT**

10 |                    **NORTHERN DISTRICT OF CALIFORNIA**

11 |

12 | ALTA BATES SUMMIT MEDICAL        )    CASE NO.:  C 07 4224 JSW
CENTER,                          )
13 |                                  )    **DEFENDANT MUTUAL OF OMAHA**
                Plaintiff,        )    **INSURANCE COMPANY'S RESPONSES**
                                 )    **TO PLAINTIFF'S SECOND SET OF**
14 |        vs.                      )    **REQUESTS FOR PRODUCTION OF**
                                 )    **DOCUMENTS**
15 | UNITED OF OMAHA LIFE INSURANCE   )
COMPANY and MUTUAL OF OMAHA      )    Complaint Filed:  July 19, 2007
16 | INSURANCE COMPANY,               )
                                 )
17 |                Defendants.       )
                                 )
18 |

19 |
20 | PROPOUNDING PARTY:   Plaintiff ALTA BATES SUMMIT MEDICAL CENTER

21 | RESPONDING PARTY:    Defendant MUTUAL OF OMAHA INSURANCE COMPANY

22 | SET NO.:             Two

23 |              **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

24 |        Defendant MUTUAL OF OMAHA INSURANCE COMPANY (hereinafter "Responding

25 | Party") has not fully completed its investigation into the facts relating to this case, has not

26 | completed discovery, and has not completed its preparation for trial.  Each of the responses

27 | contained herein is based only upon such information and documents that are presently available to

28 | and specifically known and available to Responding Party.  Responding Party anticipates that

DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO.:  C 07 4224

1  REQUEST FOR PRODUCTION NO. 60

2      All documents relating or referring to appointments of BRMS as a third party administrator.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 60

4      Responding Party refers to and incorporates by reference the Preliminary Statement and

5  General Objections set forth above.  The request is also vague and ambiguous.  Subject to and

6  without waiving the foregoing objections, Responding Party has not been able to locate any

7  responsive documents.

8  REQUEST FOR PRODUCTION NO. 61

9      All contracts effective January 1, 2004 through December 31, 2007 between You and third

10 party administrators operating within the state of California.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 61

12     Responding Party refers to and incorporates by reference the Preliminary Statement and

13 General Objections set forth above.  Responding Party further objects on the grounds that the

14 request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

15 admissible evidence.  The request also seeks documents containing information that is confidential

16 and proprietary.

17 REQUEST FOR PRODUCTION NO. 62

18     All documents relating or referring to Your review of ABSMC stop loss claims relating to

19 medical conditions that were not disclosed during the renewal periods for policy years 2003 – 2006.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 62

21     Responding Party refers to and incorporates by reference the Preliminary Statement and

22 General Objections set forth above.  Responding Party further objects on the grounds that the

23 request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of

24 admissible evidence.  The request is a vague and ambiguous and overly broad.  The request also

25 seeks documents containing information that is confidential, proprietary, and protected by state and

26 federal rights of privacy.  The request is also burdensome and oppressive as it would require the

27 manual review of claims files since 2003.

28

-7-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Exhibit L

92870b.txt

```
              1   THIS IS A ROUGH DRAFT TRANSCRIPT.  IT IS NOT CERTIFIED
              2   BY THE CERTIFIED SHORTHAND REPORTER AND CANNOT BE
              3   OFFERED AS THE OFFICIAL CERTIFIED TRANSCRIPT OF THESE
              4   PROCEEDINGS.  IT CANNOT BE CITED FROM OR USED IN ANY
              5   WAY TO REBUT OR CONTRADICT THE OFFICIAL CERTIFIED
              6   TRANSCRIPT OF THE PROCEEDINGS AS PROVIDED BY THE
              7   CERTIFIED SHORTHAND REPORTER.  IT IS PROVIDED FOR
              8   INTERNAL OFFICE USE OF THE CLIENT TO WHICH IT IS
              9   PROVIDED.
09:59        10
10:01        11
10:01        12   BY MR. WALL:
10:01        13       Q   Could you please state your name for the
10:01        14   record and spell your last name.
10:01        15       A   DeAnn Prefling, P, as in Paul, R-E-F, as in
10:01        16   Frank, L-I-N-G.
10:01        17       Q   Have you ever been deposed before?
10:01        18       A   No.
10:01        19       Q   So just let me briefly talk about how it's
10:01        20   going to work so we can go as smoothly as possible.
10:01        21   You see the reporter is taking down your testimony and
10:02        22   she's doing it stenographically, so we have to try not
10:02        23   to speak over each other so it makes it easier for her
10:02        24   to take down the testimony.
10:02        25       A   Okay.
                                                                       1
              *** ROUGH REALTIME TRANSCRIPT - NOT CERTIFIED ***


10:02         1       Q   And when you give your answers, please answer
10:02         2   audibly.  Please try not to shake your head or nod or
10:02         3   say uh-huh, things like that, because that's hard to
```

Page 1

92870b.txt

14:22  6   that's too limited, we want you to look at more than

14:22  7   just authorization requests?

14:22  8        A   No, not to my knowledge, no.

14:22  9        Q   Did anyone at Mutual of Omaha or United of

14:22 10   Omaha come back to you and indicate that you ought to

14:22 11   go beyond authorization requests?

14:22 12        A   No.

14:22 13        Q   By the way, where it says there

14:23 14   ClaudiaWells@MutualofOmaha.com, as you were dealing

14:23 15   with Claudia Wells and Betty Coyle, the other

14:23 16   individuals you mentioned, did you have an

14:23 17   understanding of whether they were with United or with

14:23 18   Mutual, one as opposed to the another?

14:23 19        MR. WALL:  You mean United of Omaha, Mutual of

14:23 20   Omaha?

14:23 21        MS. AUGSBURGER:  Sorry.

14:23 22        THE WITNESS:  No, I didn't note that there was

14:23 23   any difference between the two.

14:23 24   BY MS. AUGSBURGER:

14:23 25        Q   Can you find Exhibit 215 in there somewhere.

105

*** ROUGH REALTIME TRANSCRIPT - NOT CERTIFIED ***

14:24  1        A   I'm sorry, what was the number?

14:24  2        Q   215.

14:24  3        MR. DAVIS:  215.

14:24  4        THE WITNESS:  Okay, I have it.

14:24  5   BY MS. AUGSBURGER:

14:24  6        Q   Okay.  Now, this says in the paragraph under

14:24  7   the box that contains the trigger diagnosis, the last

14:24  8   sentence, last two sentences of that paragraph, "As an

14:24  9   alternative to completing Attachment A, the applicant

92870b.txt

14:24  10  may attach a report, reports, that contain or contains

14:24  11  the information requested for Attachment A.  If this

14:24  12  alternative is chosen, reports must be generated

14:24  13  within 30 days of the proposed effective date and

14:24  14  individuals satisfying any of the above criteria must

14:25  15  be highlighted on the report."

14:25  16        So first of all, where it says that "as an

14:25  17  alternative to completing Attachment A, you can submit

14:25  18  a report containing the information," you understood

14:25  19  that's referring to the trigger diagnosis or serious

14:25  20  injury or illness report?

14:25  21     A   Yes.

14:25  22     Q   Okay.  And then it says, "If this alternative

14:25  23  is chosen, a report must be generated within 30 days

14:25  24  of the proposed effective date."  Did you understand

14:25  25  that to mean within 30 days before the proposed

                                                    106
        *** ROUGH REALTIME TRANSCRIPT - NOT CERTIFIED ***

14:25  1  effective date?

14:25  2     A   No.  If it was before, it would say before.

14:25  3     Q   All right.

14:25  4     MR. DAVIS:  Just so we're clarifying, what did

14:25  5  you understand the within to mean?

14:25  6     THE WITNESS:  Within 30 days from the effective

14:25  7  date.  Meaning if the effective date is 12-1, you have

14:25  8  until 12-30 to submit the report.

14:25  9     MR. DAVIS:  And if it's January 1, you have until

14:26  10  January 30th to submit the report?

14:26  11     THE WITNESS:  Right.

14:26  12  BY MS. AUGSBURGER:

14:26  13     Q   Did you understand that Exhibit 49 was a

                        Page 93

Exhibit M

CONFIDENTIAL



John Lenagh/MutualOMA          To   Mark Brewer/MutualOMA@Mutual of Omaha
08/02/2006 09:55 AM            cc   Betty Coyle/MutualOMA@Mutual of Omaha, Julie-GBS
                                    Moore/MutualOMA@Mutual of Omaha, Carol
                              bcc   Tarkowski/MutualOMA@Mutual of Omaha, Tom

                          Subject   Re: Disclosure/Alta Bates

Mark, we agree that a denial is appropriate. We do plan on having some meetings soon and discuss the
whole BRMS situation. This new claim will be added to other recent issues...thanks for the fyi........
Mark Brewer/MutualOMA



Mark Brewer/MutualOMA         To   Betty Coyle/MutualOMA@Mutual of Omaha
08/01/2006 01:05 PM           cc   John Lenagh/MutualOMA@Mutual of Omaha, Julie-GBS
                                   Moore/MutualOMA@Mutual of Omaha
                          Subject   Disclosure/Alta Bates

Hi Betty. I'm processing a claim for Alta Bates where there wasn't a disclosure on the 1-1-06 renewal.
Insured in D[ ] J[ ]. The submission indicates that she was treated for acute renal failure and
hypertension 5-24-05. She was precertified on 8-23-05 for a duplex scan of extremity veins and AV
anastomosis for diagnosis of chronic renal failure. This was to place a hemodialysis shunt. On 11-22-05,
she was precertified for a duplex scan of the hemodialysis access again for chronic renal failure.

We didn't receive notice on this individual until 6-9-06.

I had Tricia Swank review the file and she said she would have lasered this individual at $350,000 if they
had been disclosed. The spec deductible is $250,000 and the TPA is requesting $331,000.

Please review and let me know how to proceed in this case. Let me know if you need additional
information.

Thanks.

Mark Brewer
Stop Loss Operation Auditor
Mutual of Omaha
Mutual of Omaha Plaza
Omaha NE 68175
t(402) 351-6540
f(402) 351-1914
Mark.Brewer@Mutualofomaha.com



Exhibit N

1          IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
2

3   ALTA BATES SUMMIT MEDICAL   )
    CENTER,                      )
4                               )
         Plaintiff,             )
5                               )
               -vs-             ) Case#C07-4224 JSW
6                               )
    UNITED OF OMAHA LIFE        )
7   INSURANCE COMPANY, et al.,  )
                                )          DEPOSITION
8        Defendants.            )
    _____)
9

10

11              *** CONFIDENTIAL ***

12

13       DEPOSITION OF PATRICIA SWANK

14          Deposition of PATRICIA SWANK, taken

15   on behalf of the Plaintiff, at Erickson &

16   Sederstrom, 10330 Regency Parkway Drive,

17   Suite 100, Omaha, Nebraska, beginning at

18   3:05 p.m., Wednesday, June 25, 2008, before

19   Bobbi M. Randall, RPR, CSR, a General Notary

20   Public within and for the State of Nebraska,

21   pursuant to Notice.

22

23          BOBBI M. RANDALL, RPR, CSR
         MATHESON-TAULBORG-DENNEY-SCHLEIFE
24          7602 Pacific Street, LL101
                Omaha, NE  68114
25              (402) 397-9669            ORIGINAL

DIRECT - P. SWANK (Murphy) - CONFIDENTIAL          5

1    full and complete testimony today?

2         A    Yes.

3         Q    Did you review any documents in

4    preparation for today?

5         A    No.

6         Q    Did you review any of your computer

7    files?

8         A    No.

9         Q    Okay.  Who do you work for?

10        A    Mutual of Omaha.

11        Q    And what is your position at Mutual of

12   Omaha?

13        A    I'm a care coordinator.

14        Q    One more time?

15        A    A care coordinator.

16        Q    Care coordinator.  Is that within the

17   stoploss department of Mutual of Omaha?

18        A    Yes, it is.

19        Q    How long have you been a care

20   coordinator?

21        A    I started there in January of 2005.

22        Q    Are you a nurse?

23        A    Yes.

24        Q    Are you a registered nurse?

25        A    Yes.

DIRECT - P. SWANK (Murphy) - CONFIDENTIAL          8

1   degree in nursing?

2       A    2007.

3       Q    Do you also have a bachelor's degree?

4       A    Correct.  I received that in '99.

5       Q    Okay.  So your bachelor's degree is in

6   nursing?

7       A    Correct.

8       Q    And then you have a master's degree in

9   nursing?

10      A    Yes.

11      Q    Okay.  What are your job duties as care

12  coordinator at Mutual of Omaha?

13      A    Case management, and we complete the

14  large claim reviews.

15      Q    Anything else?

16      A    No.

17      Q    Okay.  Can you give me a general

18  overview of your duties as case manager?

19      A    Selecting patients -- or claimants, I

20  should say, to follow for cost containment.  We

21  set the reserves, financial reserves for the

22  claimants, and we discuss disclosure with the

23  claims analysts.

24      Q    And you do this exclusively for stoploss

25  policies?

1       A       Correct.

2       Q       How do you select which patients to

3   follow?

4       A       Diagnoses, large dollars, catastrophic

5   illness.

6       Q       Where do you get the information to --

7   where do you get the patient information to decide

8   which patients you're going to follow?

9       A       Initially we could get a 50 percent

10  notice that triggers us to follow up.

11      Q       So you work directly with the claims

12  department?

13      A       I don't know if I would say directly.

14  There's some, like, disclosure we work out with

15  them.

16      Q       Do you get some information from the

17  claims department?

18      A       Not usually.  We get it ourselves.

19      Q       Do 50 percent disclosures go to case

20  management?

21      A       Yes.

22      Q       Do you work with underwriting?

23      A       Yes.

24      Q       What do you do -- what are your

25  interactions with underwriting?

DIRECT - P. SWANK (Murphy) - CONFIDENTIAL          10

1      A    We complete the large claim reviews.

2      Q    So the large claim reviews is one of

3    your duties under your case management roles?

4      A    Is one of the duties as a -- not

5    coordinator, care coordinator.

6      Q    So is the distinction that you're making

7    that there are some case managers that don't do

8    large claim reviews?

9      A    No, we all do the large claim reviews.

10     Q    Do you have case managers working under

11   you?

12     A    No.

13     Q    Do you have case managers working with

14   you that are also care coordinators?

15     A    We're all care coordinators.

16     Q    How many people are in your -- how many

17   care coordinators are there?

18     A    Four.

19     Q    What are their names?

20     A    Carol Slama, Pam Bomker, B-O-M-K-E-R,

21   and Sharon Dickburg.

22     Q    Four, including yourself?

23     A    Correct.

24     Q    Do any of the other care coordinators

25   work on stoploss policies for Alta Bates Summit

DIRECT - P. SWANK (Murphy) - CONFIDENTIAL          11

1    Medical Center?

2        A    No.

3        Q    So you're assigned exclusively to that

4    policy?

5        A    I was assigned to the TPA to BRMS.

6        Q    Okay.  So the care coordinators are

7    assigned to TPAs and all of the policies that they

8    administer?

9        A    We don't work with the policies, with

10    the claims policies.  We work with the TPAs as far

11    as case management.

12        Q    Okay.  You work with the TPAs who

13    administer policies for Mutual of Omaha Companies?

14        A    Correct.

15        Q    So you set reserves, you work with -- on

16    disclosures, you make recommendations about

17    following certain patients for case management?

18        A    Yes.

19        Q    Do you -- does your department actually

20    perform case management studies on certain

21    patients?

22        A    No, it's oversight.

23        Q    What does that mean, oversight?

24        A    There are direct case managers.  We are

25    following up with them on the claimants.

DIRECT - P. SWANK (Murphy) - CONFIDENTIAL          12

1      Q    Are there direct case managers at Mutual

2    of Omaha?

3      A    Not in stoploss.  It's oversight.

4      Q    So, for example, if you were -- if you

5    were following -- if you had requested a

6    particular claim to be followed by case

7    management, you would be asking somebody at BRMS,

8    say, for example, to follow that?

9      A    If I was wanting to follow a claimant,

10   yes, I would ask for information on a claimant.

11     Q    And they would perform the case

12   management and --

13     A    Correct.

14     Q    Let me finish my question on that one.

15   So you would ask BRMS to follow a patient, they

16   would follow that patient, and then report that

17   back to you?

18     A    Yes.

19     Q    Okay.  Have you always been assigned to

20   BRMS since you've been a care coordinator?

21     A    No.

22     Q    When did you start with BRMS?

23     A    I don't remember the exact date.

24     Q    Can you give me a general?

25     A    It was in the fall of 2005.

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2

ALTA BATES SUMMIT MEDICAL    )
3      CENTER,                      )
                                    )
4           Plaintiff,              )
                                    )
5              -vs-                 )Case#C07-4224 JSW
                                    )
6      UNITED OF OMAHA LIFE         )
       INSURANCE COMPANY, et al.,   )
7                                   )    CERTIFICATE
            Defendants.             )
8      _____)

9

10      CERTIFICATE OF DEPOSITION OF PATRICIA SWANK

11

12                              Taken in behalf of
                                the Plaintiff.

13

       Date:  June 25, 2008
14

       The Original Deposition is
15     in the possession of:

16

       MARCIA L. AUGSBURGER
17     Attorney at Law
       Ninth Floor
18     555 Capitol Mall
       Sacramento, CA  95814

19

       Costs:  $994.00
20

21

22     BOBBI M. RANDALL, RPR, CSR
       GENERAL NOTARY PUBLIC

23

       DATE:  July 14, 2008
24

25

GENERAL NOTARY-State of Nebraska
BOBBI M. RANDALL
My Comm. Exp. April 12, 2012