1  MARCIA L. AUGSBURGER (SBN 145686)
   LESLIE C. MURPHY (SBN 227454)
2  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
3  555 Capitol Mall, 9th Floor
   Sacramento, CA  95814
4  Phone: 916.444.3900
   Fax:    916.444.8989
5
   Attorneys for Plaintiff
6  Alta Bates Summit Medical Center

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 ALTA BATES SUMMIT MEDICAL          )  Case No.  C 07-4224 JSW (EDL)
   CENTER,                            )
12                                    )  **DECLARATION OF LESLIE C. MURPHY IN
                      Plaintiff,      )  SUPPORT OF MOTION TO COMPEL
13      v.                            )  FURTHER RESPONSES TO PLAINTIFF'S
                                      )  REQUESTS FOR PRODUCTION OF
14 UNITED OF OMAHA LIFE INSURANCE )  DOCUMENTS.**
   COMPANY; MUTUAL OF OMAHA LIFE )
15 INSURANCE COMPANY, et al.,         )  Date:         September 16, 2008
                                      )  Time:         2:00 p.m.
16                    Defendants.     )  Courtroom:    Courtroom E, 15th Floor
                                      )               450 Golden Gate Ave.
17                                    )               San Francisco, CA
                                      )
18                                    )  Magistrate Judge Elizabeth D. Laporte
                                      )
19

20         I, Leslie C. Murphy, declare:

21         1.     I am an attorney licensed to practice law before all courts of the State of California. I

22 am an associate with McDonough Holland & Allen PC, representing Alta Bates Summit Medical

23 Center ("ABSMC").  This declaration is made and based upon facts personally known to me, and if

24 called upon as a witness to do so, I could and would competently testify as to their truth.

25         2.     On June 25, 2008, I took the deposition of Patricia Swank.  During the deposition,

26 Ms. Swank testified that she provided all her case management files for Benefit Risk and

27 Management Services ("BRMS") to counsel.  When I asked Mr. Wall if this was true, he responded

28 ///

1. that Mutual/United "produced the BRMS files." Attached hereto as **Exhibit A** are true and correct copies of portions of the transcript of Patricia Swank, taken on June 25, 2008.

3. Since BRMS was the third party administrator for ABSMC, I understood Mr. Wall to be indicating that Mutual/United produced all ABSMC's case management files. However, during a meet-and-confer on or around July 17, 2008, Mr. Wall indicated that he misspoke at the deposition. Mr. Wall stated that Mutual/United produced only case management information it received from BRMS.

4. On July 17, 2008, Marcia Augsburger e-mailed Travis Wall, questioning Mr. Wall's representations about the case management files. Specifically, Ms. Augsburger sought to confirm whether Mutual/United produced all the ABSMC case management files. A true and correct copy of the July 17, 2008, e-mail is attached hereto as **Exhibit B.**

5. On July 18, 2008, Travis Wall e-mailed a response. Mr. Wall stated that Mutual/United only produced files that were "specific to BRMS." This made no sense to us because BRMS handled all of ABSMC's claims, which logically would mean all case management files had been produced. However, Mr. Wall again stated that Mutual/United would not agree to produce all the case management files "since they are not relevant to any issue in dispute." Mr. Wall indicated if ABSMC could "make a showing" that a particular file was relevant, Mutual/United would "consider the production of documents related to that person." A true and correct copy of the July 18, 2008, e-mail is attached hereto as **Exhibit C.**

6. On July 22, 2008, at 4:55 p.m., Marcia Augsburger e-mailed a response to Travis Wall, requesting clarification on what case management files Mutual/United had produced and what case management files were not produced. Ms. Augsburger offered to limited the timeframe for case management files to the time period of 2005 and 2006 and provided additional explanation as to why the case management files are relevant. In addition, Ms. Augsburger requested that if Mutual/United believed the production request to be "too burdensome," to explain the burden. A true and correct copy of the July 22, 2008, e-mail is attached hereto as **Exhibit D.** Mutual/United has never provided an estimate of the number of case management files at issue.

7. On or about July 22, 2008, Ms. Augsburger and I spoke to Mr. Wall by telephone about the discovery disputes. Thereafter on July 22, 2008, at 5:28 p.m., Marcia Augsburger e-mailed Mr. Wall again to provide additional explanation as to why the case management files for ABSMC are relevant. A true and correct copy of the July 22, 2008, e-mail is attached hereto as **Exhibit E.**

8. On July 24, 2008, Travis Wall e-mailed me and Marcia Augsburger regarding the production of ABSMC's case management files. Mr. Wall reiterated his client's position that Mutual/United would produce "specific case management files if you [ABSMC] can demonstrate that they are potentially relevant to any issue in dispute." Mr. Wall further stated that Mutual/United "would not agree to a wholesale production of case management files." A true and correct copy of the July 24, 2008 e-mail is attached hereto as **Exhibit F.**

9. I have reviewed all documents produced in this case. To the best of my knowledge, the only evidence that ABSMC has on the number of ABSMC patient/employees in case management is an e-mail dated August 23, 2005, from Joyce Mumm of Mutual/United to BRMS employees, which states that 21 ABSMC patients/employees were in case management at Mutual/United as of August 2005. A true and correct copy of the August 23, 2005, e-mail (which was previously marked as Deposition Exhibit 68), is attached hereto as **Exhibit G.**

10. Mr. Wall has represented that all case management files for "DJ" were produced. However, to the best of my knowledge, and based on my review of the documents produced herein, the complete case management file relating to employee "CC" or any other ABSMC case management files have not been produced. I was able to locate only a few documents for "CC" and one other employee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on August 11, 2008, at Sacramento, California.



Leslie C. Murphy



Leslie C. Murphy's Declaration in Support of Plaintiff's Motion to Compel       1122169v1 33802/0004