J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: C 07 4224 JSW (EDL)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52**<br><br>**To be heard without Hearing or Oral Argument pursuant to Court's August 8, 2008 Order (Docket No. 34)**<br><br>**The Honorable Judge Elizabeth D. Laporte** |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING
REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

# MEMORANDUM OF LAW

### A. The Court Should Deny Plaintiff's Motion to Compel Production of Documents for Request No. 17

Plaintiff has made no attempt to ensure that its document requests satisfy the proportionality requirements of F.R.C.P. 26(b)(2)(C). The original language of the request at issue was sweeping in scope:

> All Documents relating to the application of Your alleged requirement that trigger diagnosis reports be submitted to You before stoploss policy renewal to insureds other than ABSMC.

Req. No. 17. Alta Bates did not limit its demand for production in geographic area or time. As phrased, this vague and broadly worded request would require the review of claims documents in United of Omaha's files going back to the 1980s, since each claim document potentially "relates" to the "application" of the disclosure requirement.

Alta Bates at first refused to limit it request in any way, while simultaneously maintaining that defendants were abusing the discovery process by refusing to comply. Through extensive meet and confer, Alta Bates eventually agreed to limit its request to denials due to a failure to disclose, instances in which a laser was placed on an participant after the fact, and situations in which United agreed to pay a claim even though the claim could have been denied due to a failure to disclose. The discovery request now is further limited to claims in California in 2005 and 2006.[1]

#### (1) Carol Tarkowski's Declaration Adequately Addresses all Areas in Plaintiff's Position Letter to Judge White

The declaration of Carol Tarkowski addresses each of these areas. United maintains records of denials going back to 2003. Ms. Tarkowski reviewed these records and determined that, other than the claim at issue in this litigation, there have been no denials in California due to a failure to disclose. Alta Bates erroneously argues that her search was not "diligent" because it was based on company records rather than a physical examination of all claims files. When a party has records reflecting denials, it is appropriate to base the response on those records. This is a diligent search under the circumstances.

---

[1] Defendants are not raising a burden objection now that plaintiff has limited the request to California claims in 2005 and 2006

1

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING
REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

In fact, in the original joint position letter to Judge White, Alta Bates suggested that the search for responsive documents would not be burdensome because defendants have claims records and exception logs: "ABSMC is informed that UOO uses forms and protocols for recording information of this type, including exceptions [sic] logs, indicating that compiling the requested information would not be burdensome." *See* Position Letter to Judge White at 2. Alta Bates then disingenuously accuses defendants of wrongdoing when it consults these records in responding.

United also maintains records that would reflect any lasers after the fact. Ms. Tarkwoski reviewed United's claims records and the company's exception log. There was no record that Alta Bates placed a laser on a participant after-the-fact. During a recent deposition, an employee with Alta Bates's TPA testified that he recalled a laser being placed on a participant in particular hospital. United investigated the claims of that particular group. The TPA was mistaken; there is no record that United placed any laser on a participant in that group due to a failure to disclose.

Finally, Ms. Tarkowski reviewed the exception log to determine whether United agreed to pay a claim that could have been denied for failure to disclosure. If United had made an exception in this situation, it would have been reflected in the exception log. Again, there is no evidence of any exception being made in California in 2005 or 2006 in which a policyholder failed to disclose a participant in the underwriting process that should have been disclosed.[2]

### (2) Alta Bates's Counsel Makes Ad Hominem Attacks on Defendants' Representatives

Ms. Tarkowski completed a diligent search, and her declaration addressed all three categories Alta Bates has identified: denials, lasers and payments of claims in disclosure situations. Alta Bates, nevertheless, refused to accept this response. Alta Bates's counsel then resorted to ad hominem attacks on defendants' representatives and their counsel, making baseless accusations that defendants are acting in bad faith. These personal attacks are inappropriate and counterproductive to the discovery process. Contrary to the implications in plaintiff's filings, United has been very accommodating in responding to the voluminous document requests (a total of

---

[2] The court indicated in its most recent order that Carol Tarkowski's declaration does not appear to address "approvals" of claims. This is not the case. Ms. Tarkowski searched for claims in which United agreed to make an exception, even though United could have denied the claim for a failure

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING
REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

72 Requests) and has produced numerous categories of documents defendants believe are irrelevant. Yet, for every agreement by defendants to produce, Alta Bates has continued to respond by casting its discovery net even wider than before. Its recent letter continues that trend.

### (3) The Additional Information Alta Bates Seeks is Irrelevant

Unwilling to accept United's declaration, Alta Bates now wants to expand the production to include all claims files in California in the last two years in which United paid a claim involving a trigger diagnosis where the patient had not been disclosed. This request, as phrased, seeks information that has no probative value whatsoever. To help provide context for this dispute, one must understand about how United handles claims. There are three basic stages in the process.

First, when a claim for reimbursement is submitted, the claims analyst determines whether the patient was disclosed during underwriting. If the patient was not disclosed, the analyst investigates whether the participant's medical condition first arose *after* the policyholder submitted its final disclosure. If so, there is no disclosure issue and the claim is processed.

Second, if a known medical condition arose prior to the final disclosure, the analyst confers with a nurse who projects potential losses for large claims in the renewal process. The nurse examines the medical history of the participant and projects what the losses for that participant would have been if he or she had been disclosed at renewal. If the projection is less than the applicable specific deductible, the analyst pays the claim because United would not have changed policy terms or underwriting conditions had the participant been disclosed.[3]

Third, if United's nurse projects losses for an undisclosed participant over the specific deductible and underwriting determines that it would have affected the renewal terms, United denies the claim for failure to disclose. If United ultimately decided to pay any part of such a claim, (for example to compromise a litigated claim) it would be listed on the exceptions log.

---

to disclose. There simply are no responsive documents.
[3] This is what occurred with respect to the CC claim mentioned in plaintiff's August 6, 2008 letter. The person was not disclosed, yet United paid the claim because its nurse determined that she would not have projected the patient's losses over the applicable specific deductible. Alta Bates suggests that United's handling of the CC claim reflects its bad faith. To the contrary, this process demonstrates United's good faith in its claims handling practices. The claims for the participant at issue in this case, DJ, are different from CC's because the nurse indicated that she would have projected DJ's claims over the specific deductible had she been disclosed.

3

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

1    United has already confirmed that it did not make any exceptions in California in 2005 and
2    2006 due to a failure to disclose and that there are no responsive documents falling into the third
3    category. Yet, Alta Bates seeks all documents responsive to the first two categories as well.
4    Plaintiff fails to explain, nor can it, how claims involving situations in which the medical condition
5    at issue first arose *after* the renewal had been completed has any relevance to this case. In this case,
6    it is undisputed that DJ's medical conditions were diagnosed in 2005 and that Alta Bates's TPA
7    knew about her condition prior to Alta Bates's submission of the renewal for the 2006 policy.

8    Alta Bates also has not, and cannot, explain how the second category of claims is potentially
9    relevant for a proper purpose. In essence, Alta Bates seeks to admit evidence of supposed "similar
10   acts" with third parties in order to show that United had a "propensity" to pay claims that should
11   have been disclosed but were not. Under Federal Rule of Evidence 404, evidence regarding other
12   transactions is not admissible for this purpose. Fed. R. Evid. 404(b) (evidence of other acts not
13   admissible to prove the character of a person in order to show action in conformity therewith).

14   Even if the claims were relevant for some proper purpose, Alta Bates would have to show
15   that the other claims were "similar" to this dispute. Resolving these issues would require additional
16   third-party depositions and third-party document discovery into transactions that have no relation to
17   this case. In other words, the court would have to consider the details and the merits of each of the
18   other disputes and conduct a series of mini-trials on collateral issues.

19   The court's reasoning in *Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co*, 89 F.3d 976
20   (3d Cir. 1996) is instructive. That case involved allegations of environmental contamination at a
21   Bridgeport site. The defendant sought to introduce evidence regarding contamination at other sites
22   in order to prove that the other party knew that its facilities could lead to environmental
23   contamination. The district court refused to admit the evidence because its relevance depended
24   upon an extended chain of reasoning linking it to the Bridgeport site:

> [T]he jury would have to evaluate the various explanations offered by Chemical Leaman on why its knowledge of alleged problems at other sites did not translate into an expectation or intention that the rinsewater treatment system in Bridgeport would cause damage. These explanations include, among others, whether damage actually occurred at the other sites; and whether the geological and other conditions at the other sites were significantly different or substantially the same as at Bridgeport. . . . The probative value of the proffered other site evidence is remote

4

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING
REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

because it necessarily depends upon these intermediate findings. *Chemical Leaman*, 89 F.3d at 994.

Likewise, in this case, the court would have to make a series of intermediate findings regarding the details of other payments or denials to determine whether Alta Bates's proffered evidence has any probative value. The other claims involve different groups, different benefit plans and payment schedules for services, different medical conditions and diagnoses, and different specific deductibles. All of these factors affect whether a nurse and underwriter would project a loss for a particular patient above a specific deductible. Evidence of these distinct, third-party claims has no probative value in determining whether Alta Bates's failure to disclose DJ was material *in this case*.

Alta Bates counters that this dispute involves discovery and not the admissibility of evidence at trial. As federal courts have emphasized, however, a party should not be allowed "'to roam in shadow zones of relevancy and to explore matters which does not presently appear germane on the theory that it might conceivably become so.'" *Food Lion v. United Food & Commer. Workers Int'l Union*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997) (citations omitted). Plaintiff has only alleged breach of contract. Information related to third party patients and other policyholders and policies has no conceivable relevance to this breach of contract claim. Alta Bates's overly broad and irrelevant discovery should be rejected.

### (4) Privacy

Alta Bates brushes aside the question of patient privacy. Until just recently Alta Bates insisted that other claim information be produced without redaction, claiming that the protective order issued in this case was adequate. United objected to Alta Bates obtaining the personal health information of third parties – even under a protective order – especially where the documents are of such questionable relevance. Alta Bates has now indicated that the names of the patients can be redacted, a last second concession made to appear reasonable to the court. It is not a good faith discovery practice to consistently maintain that identifying information must be produced and then only agree to this reasonable limitation on the verge of filing a motion to compel.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

5

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52

**B. The Court Should Deny Plaintiff's Motion to Compel Production of Documents for Request No. 51**

The parties agreed that defendants could satisfy this request by affirming that all Select Risk Questionnaires ("SRQs") used in 2005 and 2006 in California were identical to the form used for Alta Bates. Marcia Augsburger, Alta Bates's counsel, suggested this limitation during a meet and confer discussion. Defendants' counsel confirmed in a July 22, 2008 e-mail to Alta Bates's counsel that defendants would supplement their responses to affirm that all SRQs were the same. This was defendants' understanding of the agreement, and, prior to the service of supplemental responses, Alta Bates's counsel never objected to the e-mail or the scope of the response.

The disclosure and denial language in Alta Bates's 2006 policy was based on a standard policy form. Yet, defendants cannot confirm that all policy language is identical throughout California without manually reviewing all California policies. In any event, whether all other policies issued to third parties in California have the same language is not material to whether United breached the policy at issue in this case. Alta Bates has not made any showing of relevance.

**C. The Court Should Deny Plaintiff's Motion to Compel Production of Documents for Request No. 52**

This request seeks copies of claims in California that were denied due to a failure to disclose. Defendants submitted a declaration specifying that there are no responsive documents. Alta Bates's counsel has no basis to challenge this representation, and this should be the end of this issue. Discovery is a reciprocal process. United's counsel has accepted representations by Alta Bates about the existence or non-existence of documents. Alta Bates's counsel owes the same courtesy to defendants.

Dated: August 12, 2008

BARGER & WOLEN LLP

By: _____
J. RUSSELL STEDMAN
TRAVIS R. WALL
Attorneys for Defendants
UNITED OF OMAHA LIFE
INSURANCE COMPANY and
MUTUAL OF OMAHA
INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

6

DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING REQUESTS FOR PRODUCTION NOS. 17, 51 AND 52