MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax: 916.444.8989

Attorneys for Plaintiff
Alta Bates Summit Medical Center

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF OMAHA LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. C 07-4224 JSW<br><br>**DECLARATION OF LESLIE C. MURPHY IN SUPPORT OF PLAINTIFF ALTA BATES SUMMIT MEDICAL CENTER'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 2, 17th Floor, 450 Golden Gate Ave., San Francisco, CA<br><br>Hon. Jeffrey S. White |

I, Leslie C. Murphy, declare:

1. I am an attorney licensed to practice law before all courts of the State of California. I am an associate with McDonough Holland & Allen PC, representing Alta Bates Summit Medical Center. This declaration is made and based upon facts personally known to me, and if called upon as a witness to do so, I could and would competently testify as to their truth.

2. On or around March 28, 2008, I called Travis Wall to discuss when United of Omaha ("United") and Mutual of Omaha ("Mutual") were going to serve its responses to Alta Bates Summit Medical Center's ("ABSMC") Request for Production of Documents (set one). On March 28, 2008, Travis Wall e-mailed me and stated that he intended to produce the documents sometime

///



the week of March 31, 2008. A true and correct copy of the March 28, 2008, e-mail is attached hereto as **Exhibit A**.

3. On March 31, 2008, I received an e-mail from Travis Wall stating that he expected to receive documents response to ABSMC's request for documents by mid-week. A true and correct copy of the March 31, 2008, e-mail is attached hereto as **Exhibit B**.

4. On April 7, 2008, I e-mailed Travis Wall because we had not received documents from Mutual/United and asked when we could expect the documents. The same day, Mr. Wall responded via e-mail stating that he was going to follow-up with his client and provide me a update as to when we could expect to receive the documents. A true and correct copy of the April 7, 2008, e-mail series is attached hereto as **Exhibit C**.

5. On April 8, 2008, I received an e-mail from Travis Wall that stated he expected to send the documents soon and we should receive the documents by Thursday, April, 10, 2008. A true and correct copy of the April 8, 2008, e-mail is attached hereto as **Exhibit D**.

6. On April 9, 2008, I received an e-mail from Travis Wall stating that he needed to confer with his client before producing documents. A true and correct copy of the April 9, 2008, e-mail is attached hereto as **Exhibit E.**

7. On April 17, 2008, ABSMC had not received documents from Mutual/United. I e-mailed Travis Wall asking when we could expect to receive the documents. Mr. Wall responded via e-mail the same day stating that he expected to receive the documents that day and we should receive the documents by April 18, 2008. I received another e-mail from Mr. Wall that day stating that the documents he was sending were "a substantial production, but its not entirely complete." A true and correct copy of the April 17, 2008, e-mail series is attached hereto as **Exhibit F**.

8. On or around April 18, 2008, we received Mutual/United's initial set of documents responsive to ABSMC's Request for Production of Documents (set one). A true and correct copy of the April 17, 2008, enclosure letter from Travis Wall is attached hereto as **Exhibit G**.

9. On April 29, 2008, I received an email from Travis Wall stating that he expected to receive additional documents for production that week. A true and correct copy of the April 29, 2008, e-mail is attached hereto as **Exhibit H.**



10. On or around May 6, 2008, we received additional documents from Mutual/United responsive to ABSMC's Request for Production of Documents (set one). A true and correct copy of the May 5, 2008, enclosure letter from Travis Wall is attached hereto as **Exhibit I.**

11. On May 22, 2008, I received an e-mail from Travis Wall stating that he was going to produce claim files and manuals. Mr. Wall also indicated he was going to re-produce some of his prior files from the April 18 production without password protection. A true and correct copy of the May 22, 2008, e-mail is attached hereto as **Exhibit J.**

12. On May 22, 2008, I received an e-mail from Travis Wall attaching additional documents responsive to ABSMC's Request for Production of Documents (set one). At true and correct copy of the May 22, 2008, email is attached hereto as **Exhibit K.**

13. On or around May 24, 2008, we received additional documents from Mutual/United responsive to ABSMC's Request for Production of Documents (set one), as described in his e-mail earlier that day. A true and correct copy of the May 23, 2008, enclosure letter from Travis Wall is attached hereto as **Exhibit L.**

14. On June 20, 2008, I received an e-mail from Travis Wall attaching additional documents from Mutual/United responsive to ABSMC's Request for Production of Documents (set one). A true and correct copy of the June 20, 2008, e-mail from Travis Wall is attached hereto as **Exhibit M.**

15. On or around July 18, 2008, we received additional documents from Mutual/United responsive to ABSMC's Request for Production of Documents (set one). A true and correct copy of the July 17, 2008, enclosure letter from Travis Wall is attached hereto as **Exhibit N**.

16. Attached hereto as **Exhibit O** is a true and correct copy of Deposition Exhibit 93, produced in response to discovery requests or disclosures in this case.

17. Attached hereto as **Exhibit P** is a true and correct copy of Deposition Exhibit 88, produced in response to discovery requests or disclosures in this case.

18. Attached hereto as **Exhibit Q** is a true and correct copy of Deposition Exhibit 116, produced in response to discovery requests or disclosures in this case. I am a Certified Coding Specialist – Physician Based ("CCS-P"). Based on my expertise as a certified coder and review of

standard diagnosis codes, the physician bill submitted for "DJ" for dates of service May 24, 2005 [Depo. Ex. 116], indicates that the diagnosis code used by the physician [ICD-9 code 584.9] for "DJ" was "acute renal failure, unspecified." A true and correct copy of the ICD-9 diagnosis code book, with the reference to code 584.9, is also attached hereto as **Exhibit Q.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on August 12, 2008, at Sacramento, California.

Leslie C. Murphy