MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:    916.444.8989

Attorneys for Plaintiff
Alta Bates Summit Medical Center

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>  Defendants. | Case No. C 07-4224 JSW (EDL)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING REQUESTS FOR PRODUCTION NOS. 17, 51, AND 52**<br><br>Pursuant to Court Order of August 8, 2008<br><br>To Be Decided Without Hearing<br><br>Magistrate Judge Elizabeth D. LaPorte |

I. **DEFENDANTS HAVE NOT EXERCISED THE REQUISITE DILIGENCE IN RESPONDING TO REQUEST NUMBER 17**

Defendants must search outside the log for situations in which claims were submitted and the claims analyst determined that the patient was not disclosed during underwriting, and produce all documents related to those cases, with patient names and social security numbers redacted. The request being limited to 2005 and 2006 for California insureds, and there being no assertion that such a production would be burdensome, there is no issue of overbreadth.

Defendants describe their protocols for analyzing claims as follows: (1) when a claim is submitted, the analyst determines whether the patient was disclosed during underwriting; (2) if the patient was not disclosed and the medical condition arose before the pre-policy disclosure, then the analyst confers with a nurse, who determines, in hindsight, whether he or she would have recommended that Defendants increase the deductible for the patient in issue; (3) if the nurse says she would not have increased the deductible if the patient had been disclosed, then the claim is paid. D's Resp. 3:10-23. **Plaintiff has a right to know about these situations and to review the "exeception log" reflecting these protocols.** *See, e.g., Goodrich Corp. v. Emhardt Industries, Inc.*, No. EDCV 04-00759-VAP (SSx), 2005 U.S. Dist. LEXIS 25160, at *10-15 (C.D. Cal. October 6, 2005). **Plaintiff should be permitted to review the documents reflecting the circumstances under which Defendants' nurses determined that the deductibles would not have changed (or anyone else determined that the claim should be paid for whatever reason), and then argue that Defendants should have drawn the same conclusion here.**

Again, Plaintiff seeks information about situations in which an analyst determined that a nondisclosure occurred before renewal and the claim was not paid or was paid despite the nondisclosure, for California insureds, in 2005 and 2006. Defendants acknowledge that the request was so limited. *Id.* 1:17-18; 3:4-9. However, they unilaterally further limit the request to situations in which they agreed to pay claims "where the claims could have been denied," *id.* 1:13-17, and Ms. Tarkowski's declaration confirms that the only records she reviewed are those where claims were denied or where Defendants determined the claims could have been denied but were paid, *i.e.*, the exception log. *Id.* The case at issue here should either have appeared on the exception log **or it**


:Donough Holland & Allen PC
Attorneys at Law

1

Plaintiff's Motion to Amend the Complaint

1122543v1 33802/0004

**should have simply been paid, in which case it would not have appeared on the log, because Defendant's nurse would not have increased the deductible for it**. E.G. Declaration of Marcia L. Augsburger In Support Of Motion For Leave To File Amended Complaint, filed in the above-captioned matter on August 12, 2008, Exhibit D. This begs the question – why, in other cases involving non-disclosures, did the nurse conclude she would not increase the deductible, or why were claims paid despite non-disclosures? The requested documents are reasonably calculated to answer that question.

Defendants complain that the documents should not be produced because Plaintiff "would have to show that the other claims were 'similar' to this dispute." D's Resp. 4:14-5:18. First, it is impossible to know the extent to which similarities may or may not appear from the documents because they have not been produced.

Second, Plaintiff reasonably believes, based on the deposition testimony and documents produced thus far in this case, that Plaintiff can draw conclusions about similar Defendants drew the legal conclusion in cases similar or substantively identical to the situation in this case. *See e.g.* Declaration of Marcia L. Augsburger in Support of Motion for Administrative Relief, filed in the above captioned matter on August 8, 2008, ¶ 10.

This case is not complex in terms of the similarity between what information would have been disclosed before renewal – all that was required, according to Defendants, was that insureds disclose patients' "trigger diagnoses". If Defendants paid other claims where a trigger diagnosis was known to the insured but not disclosed, that in itself is evidence supports Plaintiff's claims. Defendant may chose to distinguish such cases, but it is not currently known how many there will be; the extent to which they will require "mini-trials"; or any other aspect of their probative value. The Trial Court should decide when the evidence is offered whether the information has probative value. To limit Plaintiff's right now to discover anything about potentially substantially identical situations would essentially be a decision on the merits of the evidentiary value of evidence that is not currently before the Court.

II.  **DEFENDANTS SHOULD BE REQUIRED TO RESPOND TO REQUEST NUMBER 51**

Plaintiff did not agree that this request would be satisfied by affirming that all Select Risk Questionnaires used in 2005 and 2006 in California were identical, D's Resp. 6:2-6, which is substantiated in Plaintiff's pending motion to compel, page 4, footnote 5. The policies, or portions thereof, are necessary to determine whether, and the extent to which, nondisclosure was material to Defendants. If it was as material as Defendants assert, one would expect to see exclusions in all policies. Defendants do not disclose how many policies were issued in the two year period, so there is no evidence to support a claim of burden or oppression.

III.  **DEFENDANTS SHOULD BE REQUIRED TO RESPOND OR PRODUCE ANOTHER DECLARATION ADDRESSING REQUEST NUMBER 52, TO COMPLY WITH THIS COURT'S JULY 25 ORDER.**

Ms. Tarkowski's declaration does not reflect a diligent search and reasonable inquiry, as required by the July 25 Order, page 2, 17-19, and by law. *See, e.g., Kaur v. Alameida*, 2007 U.S. Dist. LEXIS 40138 (E.D. Cal. May 15, 2007) Defendants and counsel are reminded of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents. Citing Fed. R. Civ. P. 34(a). Defendants have failed to meet this obligation.

<u>Request No. 52</u>. By this request, Plaintiff seeks documents reflecting or constituting denials of stoploss claims by Defendant for California insureds based on failure to timely disclose trigger diagnoses, for the policy years 2005 and 2006.

As with request number 17, and as acknowledged in Your July 25 Discovery Order, the requested documents are reasonably calculated to reveal how Defendant treated other cases where serious illnesses were not disclosed before the policy commencement date, and to show whether such non-disclosures were in fact a "material fact or circumstance concerning the Policy" that may have justified denial.

For the foregoing reasons, Plaintiff respectfully requests a further ruling from the Court on the discovery matters addressed in the July 25 Discovery Order.

///

///


McDonough Holland & Allen PC
Attorneys at Law

DATED:     August 13, 2008

Respectfully submitted,

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _Murphy for_
        Marcia L. Augsburger

Attorneys for Alta Bates Summit Medical Center