J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: C 07 4224 JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER**<br><br>Courtroom 2, 17th Floor<br><br>**The Honorable Jeffrey White** |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF
TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER

## 1. INTRODUCTION

Plaintiff's administrative motion should be denied in its entirety. There is no cause, let alone good cause, to modify the scheduling order at this late date and set plaintiff's proposed motion to amend prior to the hearing on defendants' motion for summary judgment. Plaintiff should not be allowed to unilaterally "bump" defendants from the hearing date that the court set in its initial scheduling order.

Changing the hearing date for the motion for summary judgment not only is unjustified, but makes no sense. As plaintiff concedes in its opening papers, its motion to amend would be mooted if the court grants defendants' motion for summary judgment. All other claims being proposed are derivative of plaintiff first proving that defendants breached the insurance contract at issue. Logic thus dictates that the court hear and decide the motion for summary judgment first. If the court grants the motion for summary judgment, the court then can decide whether Alta Bates has a basis to amend its complaint to assert new claims.

Reversing the order would also lead to procedural problems and potentially deprive defendants of an opportunity to have their motion heard at all. Under plaintiff's proposed schedule, the motion for summary judgment would have to be filed prior to the hearing on plaintiff's motion. If the court grants leave to amend, then the pleadings on which defendants moved for summary judgment would no longer be operative. In addition, Alta Bates's new claims are subject to legal challenge by motions to dismiss and to strike. The case would not be at issue until the court ruled on these motions, which will delay the resolution of this case and potentially impact the trial date.

Plaintiff caused this potential procedural quagmire by waiting until the last moment to seek leave to amend. The facts that purportedly support this motion were known to plaintiff months ago. And while not formally asserting a bad faith claim, plaintiff has maintained from the inception of this case that defendants supposedly acted in bad faith in denying the claim at issue. Plaintiff has no excuse for waiting until a week before the summary judgment filing deadline, and after the close of discovery, to seek leave to alter the scheduling order.

1

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF
TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER

## 2.   DISCUSSION

### A.   Defendants' Motion for Summary Judgment Should be Heard First

The court set a placeholder for the motion for summary judgment at the inception of this case. Docket No. 23. The date was originally set for September 12, 2008 and then moved to September 19, 2008 by court order. Docket No. 26. There is no justification to modify the court's scheduling order and permit plaintiff's motion to amend to be heard on the September 19 summary judgment hearing date.

Plaintiff's administrative motion sounds more on the elements of its proposed Motion to Amend than on a motion to alter the scheduling order. The instant motion, however, is not about whether plaintiff should be allowed to amend, but whether the previously scheduled summary judgment hearing date should be supplanted by plaintiff's motion to amend.

As a procedural matter, the motion for summary judgment should be heard first. Plaintiff admits that defendants' summary judgment motion may render any motion to amend moot. Each of the additional claims that Alta Bates proposes require Alta Bates to prove that United did not have the right under the policy to deny the claim for reimbursement related to the Participant. If defendants prevail on their motion, and the court determines that the denial of the claim in question was in compliance with the terms of the contract, then any of Alta Bates's newly proposed claims likewise must fail. *Stone v. Hartford Cas. Co.*, 470 F. Supp. 2d 1088, 1100-01 (C.D. Cal. 2006) (no bad faith if no breach of contract).

Changing the order would also cause numerous procedural problems and delay the adjudication of this case. Plaintiff's suggestion that the motion for summary judgment be heard in October is unworkable. Defendants could not even finalize a motion for summary judgment until the operative pleadings are on file. This means that the motion for summary judgment should not be filed until after the court rules on the motion for leave to amend, yet defendants are currently bound to file their motion by August 15. For this very reason, scheduling orders require that motions for leave to amend be filed early in the case. In fact, the parties stipulated in the Joint Case Management Statement that any such motions were to be filed by the end of January 2008. Declaration of Travis R. Wall ("Wall Decl."), Ex. A.

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF
TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

The filing of an amended complaint would also initiate a new round of motions and pleadings. Plaintiff's proposed claims are subject to legal challenges through motions to dismiss and to strike. Defendants intend to assert all available legal challenges to these belatedly asserted claims. The case, therefore, will not be at issue for months, which will impact not only the defendants' motion for summary judgment but also the trial date.

These unnecessary delays could be avoided if the court hears the motion for summary judgment first. The ruling on that motion might dispose of the case in its entirety or, at the very least, narrow the issues genuinely in dispute. Either way, the motion for summary judgment could impact the viability of Alta Bates's proposed amendments and thus should be heard first.

### B. Alta Bates's Has No Justification for Waiting Until after the Close of Discovery to Seek Leave to Amend to Allege Claims for Bad Faith

Plaintiff attempts to justify waiting until after the close of discovery to seek leave to amend by claiming that it just learned the factual bases to amend. The newly discovered "facts" are inconsequential and do not support any claim for bad faith, fraud or unfair competition. More importantly for the purposes of this motion, however, plaintiff has long known the facts on which it intends to base its new claims.

For example, plaintiff maintains that it first learned in June 2008 depositions that United knew about DJ in January 2006 and that United's case management nurse was following her progress. Alta Bates also claims that it just learned that United paid the claim related to patient CC, who had not been disclosed before the policy effective date. Yet the Joint Case Management Statement signed by plaintiff and submitted to this court on December 7, 2007 states:

- Alta Bates submitted another report to United of Omaha on January 28, 2006, that disclosed the participant at issue and her diagnosis.
- Alta Bates contends, among other things, that it disclosed the patient's diagnosis on a report submitted to United of Omaha on January 28, 2006, and that this report should be considered a timely supplemental disclosure.
- Plaintiff had already disclosed "documents related to Alta Bates's claim for reimbursement *on other employees* during 2006 that were reimbursed by United/Mutual of Omaha." (Emphasis added).

Declaration of Travis R. Wall (Wall Decl.), Ex. A at 3-4.

3

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER

In fact, plaintiffs *initial disclosures* included claim files regarding CC. Wall Decl. ¶ 3. Thus, from the inception of the case plaintiff knew about the January report about DJ and about patient CC and intended to make an issue of both. Plaintiff also knew months ago that United's case management nurse was following DJ in 2006. Plaintiff itself produced e-mails in March 2008 reflecting that United's case management nurse had requested information from Alta Bates's TPA about DJ and was monitoring her progress. Wall Decl. ¶ 4, Ex. B. Plaintiff's suggestion that it did not learn about this fact until late July 2008 is blatantly false.[1]

Plaintiff also has been making rumblings about alleged bad faith for quite some time. Plaintiff's January 10, 2008 Responses to United's Interrogatories state:

- [W]hen BRMS notified Defendants of [DJ's] case on January 28, 2006, Defendants and [sic] did not object to or put BRMS or ABSMC on notice that it would deny claims relating to [DJ]. . . . *Defendants were also obligated by virtue of the covenant of good faith and fair dealing to process and pay the claims at issue.*" Response to No. 4 (emphasis added).
- ABSMC submitted a report identifying [DJ] as an individual with a diagnosis code listed on the SELECT RISK QUESTIONNAIRE on January 28, 2006. . . . UOO's denial was also improper because . . . *Defendants were obligated by virtue of the covenant of good faith and fair dealing to process and pay the claims at issue.* * * * Defendants did not advise ABSMC or BRMS that the SELECT RISK QUESTIONNAIRE or January 28, 2006 notice were insufficient or ineffective for renewal, or that the SELECT RISK QUESTIONNAIRE or January disclosure would not suffice as proper notice of the claim at issue, but Defendants renewed/issued the POLICY and accepted premiums after receiving the January 28, 2006 disclosure."

Wall Decl., Ex. C, Resp. Req. No. 15 (emphasis added).

Plaintiff also asserts that it just learned that the person who denied the claim was not in the claims department. The significance of this fact and how it supports any legal claim is a mystery. In any event, the August 2, 2006 denial letter attached as Exhibit D to Mary Pelkey's declaration is signed by Mark Brewer, "Stop Loss Operation Auditor." Once again, the purported "new discovery" was actually known by plaintiff more than 2 years ago.[2]

---

[1] Moreover, activities occurring in 2006 have no bearing on what was disclosed about DJ's diagnosis in 2005, prior to the policy renewal. The January report reveals nothing about that, and the fact that DJ's progress was monitored in 2006 is not relevant to whether DJ had been properly disclosed in 2005. Thus, this "revelation" has no probative value whatsoever.

[2] The disinformation campaign continues with the assertion that discovery has been in "dribs and drabs." In reality, defendants have responded to over 70 document requests by producing over 7,000 pages of documents, and plaintiff has taken 5 depositions totaling over 25 hours of time, in a case that should be resolved based solely on the policy language and plaintiff's admissions.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF
TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER

1  Plaintiff identified a proposed expert in its disclosures on July 18, 2008, and cites the
2  expert's report in its moving papers. Aside from myriad improprieties with this so-called expert
3  report, the mere preparation of the report indicates that, since early July 2008, and most likely much
4  sooner, plaintiff had already decided to file a bad faith claim. More importantly, there were no facts
5  stated in that report that were not known by plaintiff long before the report was prepared. The
6  report provides no justification for the administrative relief requested.

### 3. CONCLUSION

There is no reason why plaintiff should be allowed to "leapfrog" defendants, particularly in the face of the misleading statements by plaintiff about when it acquired knowledge supporting the proposed amendment. Plaintiff waited until one week before the dispositive motion deadline, and after the close of discovery, to seek extraordinary relief to alter the previously established hearing schedule by falsely representing that it only recently learned about new facts. To allow such relief now would not serve justice, would reward plaintiff for its dilatory tactics, and would penalize defendants for complying with the court's scheduling order, which has gone unchanged since December of last year. For those reasons, plaintiff's Motion for Administrative Relief should be denied in its entirety.

Dated: August 13, 2008

BARGER & WOLEN LLP

By: _____
J. RUSSELL STEDMAN
TRAVIS R. WALL
Attorneys for Defendants
UNITED OF OMAHA LIFE
INSURANCE COMPANY and
MUTUAL OF OMAHA
INSURANCE COMPANY

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF
TO MODIFY THE COURT'S CASE MANGEMENT SCHEDULING ORDER