J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: C 07-4224 JSW<br><br>**DECLARATION OF TRAVIS R. WALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY THE COURT'S CASE MANAGEMENT ORDER**<br><br>Courtroom 2, 17th Floor<br><br>**The Honorable Jeffrey White** |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL

I, Travis R. Wall, declare:

1. I am an attorney with the law firm of Barger & Wolen, LLP, attorneys of record for Mutual of Omaha Insurance Company ("Mutual") and United of Omaha Life Insurance Company ("United"). I make this declaration in support of defendants' opposition to plaintiff's motion to modify the court's case management scheduling order. I have personal knowledge of the facts declared herein and if called upon to testify can and will competently testify thereto.

2. Defendants and plaintiff submitted a Joint Case Management Statement on December 7, 2007. A true and correct copy of the parties' Joint Case Management Statement is attached as Exhibit A.

3. Plaintiff served its initial disclosures prior to the initial case management conference. Among other items, plaintiff's disclosures included claim documents about two participants, including CC. That participant has been an issue in this case from the beginning.

4. On March 31, 2008, Alta Bates produced documents that included e-mails in which United's case management nurse requested that Alta Bates's TPA provide information related to DJ. A true and correct redacted copy of a document from that production, numbered BRMS00712, is attached as Exhibit B.

5. On January 10, 2008, Alta Bates served its responses to United's first set of interrogatories. A true and correct redacted copy of those responses is attached as Exhibit C.

I declare under penalty of perjury under the laws of the United States and of California that the foregoing is true and correct. Executed on August 13, 2008, in San Francisco, California.

_____
Travis R. Wall

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-1-

DECLARATION OF TRAVIS R. WALL

# EXHIBIT A

1  J. Russell Stedman (117130), rstedman@barwol.com
   Travis R. Wall (191662), twall@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California 94108-2713
   Telephone: (415) 434-2800
4  Facsimile: (415) 434-2533

5  Attorneys for Defendants
   UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA
6  INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 ALTA BATES SUMMIT MEDICAL      )  CASE NO.: C 07-4224 JSW
   CENTER,                        )
12                                )  **JOINT CASE MANAGEMENT
              Plaintiff,          )  STATEMENT**
13                                )
         vs.                      )  Date:  Dec. 14, 2007
14                                )  Time:  1:30 PM
   UNITED OF OMAHA LIFE INSURANCE )  Place: Courtroom 2
15 COMPANY and MUTUAL OF OMAHA    )
   LIFE INSURANCE COMPANY,        )
16                                )
              Defendants.         )
17 _____)

JOINT CASE MANGEMENT STATEMENT

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

Plaintiff Alta Bates Summit Medical Center ("Alta Bates") and Defendants United of Omaha Life Insurance Company ("United of Omaha") and Mutual of Omaha Insurance Company, erroneously named as Mutual of Omaha Life Insurance Company ("Mutual of Omaha"), submit the following joint case management statement.

1. JURISDICTION AND SERVICE

The court has jurisdiction under 28 U.S.C. § 1332. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Plaintiff Alta Bates originally filed the action in state court, and defendants United of Omaha and Mutual of Omaha removed pursuant to 28 U.S.C. § 1441(b). All named defendants have been served and have appeared in the action.

2. FACTS

A. Brief Statement of Background Facts

Alta Bates established a self-funded employee medical plan covering its employees' medical needs. Alta Bates hired a third-party administrator, Benefit & Risk Management Services, Inc. ("BRMS"), to manage its employee benefit plan. Alta Bates purchased "stop loss" insurance to protect Alta Bates against the risk of paying catastrophic claims under the plan. This action concerns the stop loss insurance policy issued by United of Omaha for 2006.

United of Omaha provided stop loss insurance to Alta Bates commencing in 2003, including policy number UP-90X4 effective January 1, 2006 (the "Policy").[1] The 2006 policy had a specific deductible of $250,000 per participant and a maximum specific reimbursement of $1,750,000 per participant. Thus, after the paid medical expenses for a particular employee exceeded $250,000, United of Omaha reimbursed Alta Bates for that employee's eligible medical expenses up to a total maximum amount of $1,750,000.

---

[1] The parties dispute which company issued the applicable stop loss policy to Alta Bates. Defendants contend that only United of Omaha issued the policy, as evidenced by the face of the policy itself. Plaintiff contends that both defendants are liable under the policy. For the sake of convenience, this statement of facts refers to "United of Omaha" as the applicable insurer. The use of this phrase is not intended to constitute an admission in any way by plaintiff regarding the insuring company or the liability of either defendant under the policy.

-2-
JOINT CASE MANAGEMENT STATEMENT
BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800
1059428v1 33802/0004

1   As part of the application and renewal process for stop loss coverage, Alta Bates submitted a Select Risk Questionnaire to United of Omaha's underwriters. Information from this disclosure, in addition to other information, was used to set premiums and to adjust specific deductibles for individuals with known medical conditions. Alta Bates executed a Select Risk Questionnaire for the 2006 policy year renewal on December 7, 2005, and mailed it to United of Omaha on December 12, 2005 (the "12-7-05 Select Risk Questionnaire"). This disclosure did not identify or disclose a participant who had been diagnosed with chronic renal failure and other illnesses in 2005 (the "Participant"). Alta Bates submitted another report to United of Omaha on January 28, 2006, that disclosed the participant at issue and her diagnosis.

Through BRMS, Alta Bates submitted a Specific Reimbursement Request related to the Participant in July 2006, August 2006, December 2006, and January 2007. Plaintiff contends that the Stoploss Department of Mutual of Omaha initially denied the claims based on the "MISSTATED DATA" provision of the Policy, because the Participant was not disclosed on the 12-7-05 Select Risk Questionnaire. Plaintiff is unclear whether Mutual of Omaha or United of Omaha issued later denials. Alta Bates contends that is entitled to reimbursements under the policy totaling at least $1,729,568.96, together with interest thereon until paid in full.

United of Omaha has served discovery requests exploring the relationship between BRMS and Alta Bates with respect to the reimbursement of the Participant's medical expenses and the prosecution of this lawsuit.

B.   Contested Issues of Fact

Alta Bates contends that it met all conditions precedent to payment of the claim. United of Omaha contends that, due to the failure to disclose the patient's diagnosis with renal failure prior to January 1, 2006, United of Omaha was entitled to and properly denied the claim for reimbursement pursuant to the terms of the Policy. The parties agree that Alta Bates did not disclose the Participant's diagnosis to United of Omaha on the Select Risk Questionnaire prior to January 1, 2006, the effective date of the Policy. Alta Bates contends, among other things, that it disclosed the patient's diagnosis on a report submitted to United of Omaha on January 28, 2006, and that this report should be considered a timely supplemental disclosure.

-3-
JOINT CASE MANAGEMENT STATEMENT

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

Defendants contend that United of Omaha alone issued the Policy and that, as a matter of law, Mutual of Omaha must be dismissed since it is not a party to the contract. Alta Bates contends that Mutual of Omaha is responsible, in whole or in part, for the debt and has declined defendants' request to dismiss Mutual of Omaha.

### 3. LEGAL ISSUES

The disputed legal issues relate to: (a) contract interpretation; (b) Alta Bates's legal basis for suing Mutual of Omaha under the Policy; and (c) Alta Bates's right or standing to sue for damages to the extent that it has been reimbursed for all applicable medical expenses related to the Participant.

### 4. MOTIONS

United of Omaha will move for summary judgment on the ground that it had the right under the Policy to deny the claim and is entitled to a judgment as a matter of law.

Mutual of Omaha will move for summary judgment on the independent grounds that United of Omaha properly denied the claim pursuant to the Policy and that Mutual of Omaha is not a party to the Policy and thus cannot be held liable for breach of that contract.

Alta Bates does not anticipate filing any motions before time of trial.

### 5. AMENDMENT OF PLEADINGS

The parties do not contemplate amendments to the pleadings at this time. The parties propose a deadline of January 28, 2008, to seek leave to amend to add new claims or defenses.

### 6. EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence relevant to the action, including the interdiction of any document-destruction program and the ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

### 7. DISCLOSURES

The parties have completed their initial disclosures. Defendants identified witnesses associated with Alta Bates, BRMS, ABD Insurance and Financial Services (Alta Bates's insurance broker), and United of Omaha. Potential subject areas of testimony include: Alta Bates's risk management procedures; the applications and disclosures for Alta Bates's stop loss insurance for

-4-
JOINT CASE MANAGEMENT STATEMENT
1059428v1 33802/0004

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Case 3:07-cv-04224-JSW Document 22 Filed 08/15/2008 Page 5 of 18

years 2003, 2004, 2005, and 2006; United of Omaha stop loss operations, procedures, and reporting requirements for underwriting and case management; BRMS reporting and case management from 2003 to 2006, including reporting regarding the Participant; the handling of Alta Bates's claim for reimbursement related to the Participant; payments and agreements between BRMS, ABD Insurance and Financial Services, and Alta Bates related to the Participant and the prosecution of this lawsuit.

Plaintiff produced various categories of documents including: stop loss policy documents; policy manuals; documents related to Alta Bates's application for stop loss insurance, including disclosures; documents related to an audit by Mutual of Omaha of BRMS in 2005; documents related to Alta Bates's claim for reimbursement of Participant's medical expenses; and documents related to Alta Bates's claim for reimbursement on other employees during 2006 that were reimbursed by United/Mutual of Omaha.

Defendants produced various categories of documents, including: policy documents; TPA manuals and guides; documents related to Alta Bates's applications for and renewals of stop loss insurance, including disclosures Alta Bates submitted for year 2006 and prior years; and documents related to Alta Bates's claim for reimbursement of the Participant's medical expenses.

## 8. DISCOVERY

The parties do not request any changes to the limitations on discovery. The parties anticipate that each side will take three to ten depositions and exchange document requests, interrogatories and requests for admission. Defendants have served written discovery on Alta Bates and third-party document subpoenas on Alta Bates's broker and BRMS.

## 9. CLASS ACTIONS

This section is inapplicable.

## 10. RELATED CASES

There are no related cases or proceedings.

## 11. RELIEF

Plaintiff seeks damages for breach of contract. Plaintiff currently estimates that the amount at issue is at least $1,729,568.96, plus interest. Plaintiff contends that Alta Bates incurred

-5-
JOINT CASE MANAGEMENT STATEMENT
1059428v1 33802/0004
BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

approximately $1,976,926.42 in medical expenses related to the Participant. The $1,729,568.96 figure represents that total expenses paid minus the $250,000 specific deductible.

Without admitting any liability, defendants contend that, if damages were awarded, Alta Bates claimed damage figure must be reduced significantly. Among other limits and conditions, the Policy places maximum allowable limits on expenses and requires the policyholder to subject claims to pre-certification and utilization review, to provide immediate notice of pending plan losses and certain diagnoses including renal failure, and to employ large claim management procedures. Plaintiff's failure to adhere to these terms and conditions might result in the reduction of covered claimed expenses. Moreover, many claimed expenses might have been compensable through Medicare or from other third-party sources, in which case they might not constitute covered losses under the Policy.

### 12. SETTLEMENT AND ADR

The parties have stipulated to court ordered mediation. Pursuant to court order, mediation must be completed by January 28, 2008. In order to engage in meaningful settlement negotiations, the parties need to exchange written discovery and documents prior to the mediation date.

### 13. CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a magistrate judge for all purposes.

### 14. OTHER REFERENCES

The parties do not feel that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. This is a straightforward contract dispute. Moreover, defendants contend that they are entitled to judgment in their favor as a matter of law.

### 15. NARROWING OF ISSUES

The parties anticipate that they will be able to stipulate to key facts. The parties do not request bifurcation of any issues, claims or defenses.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

-6-
JOINT CASE MANAGEMENT STATEMENT



### 16. EXPEDITED SCHEDULE

The parties do not believe that this case should be subject to streamlined procedures. The parties need sufficient time to exchange written discovery and take depositions that may be difficult to schedule, as well as the opportunity to file and have dispositive motions heard.

### 17. SCHEDULING

The parties propose the following schedule and deadlines:

| | |
|---|---|
| Disclosure of experts and expert reports: | July 18, 2008 |
| Fact discovery cutoff | July 31, 2008 |
| Fact discovery motions: | August 11, 2008 |
| Filing of dispositive motions: | August 11, 2008 |
| Disclosure of rebuttal experts: | August 15, 2008 |
| Expert discovery cut off: | September 3, 2008 |
| Expert discovery motions: | September 12, 2008 |
| Motions in limine: | September 19, 2008 |
| Oppositions to motions in limine: | September 29, 2008 |
| Joint proposed pretrial order: | September 29, 2008 |
| Proposed findings of fact and conclusions of law and trial briefs: | September 29, 2008 |
| Final pretrial conference: | October 20, 2008, at 2:00 PM |
| Trial: | October 27, 2008, at 8:30 AM |

### 18. TRIAL

The case will be tried to the court. The parties estimate the trial to last four to six court days.

### 19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16 ("3-16 Disclosure"). Other than the parties to this litigation, defendants have no additional entities or persons to disclose.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

-7-
JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| 1 | Plaintiff contends no 3-16 Disclosure has been required to date, and will file a statement prior to the Case Management Conference pursuant to Civil L.R. 3-16. The statement will certify that other than the named parties, there is no interest to be certified. |

20.  ADDITIONAL MATTERS

The parties do not have any addition matters to bring to the court's attention regarding case management.

Dated:  December 7, 2007            BARGER & WOLEN LLP

By: _____
J. RUSSELL STEDMAN
TRAVIS R. WALL
Attorneys for Defendants
UNITED OF OMAHA LIFE
INSURANCE COMPANY and
MUTUAL OF OMAHA
INSURANCE COMPANY

Dated:  December 7, 2007            MCDONOUGH HOLLAND & ALLEN PC

By: _____
MARCIA L. AUGSBURGER
LESLIE C. MURPHY
Attorneys for Plaintiff
ALTA BATES SUMMIT MEDICAL
CENTER

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

-8-
JOINT CASE MANAGEMENT STATEMENT

# EXHIBIT B

REDACTED

## DeAnn Prefling

| | |
|---|---|
| From: | DeAnn Prefling |
| Sent: | Tuesday, February 14, 2006 6:36 AM |
| To: | Mark Lucas |
| Subject: | RE: Mutual |

I have looked up D▮▮▮ J▮▮▮ and she doesn't have any high dollar claims out there that I can identify as dialysis claims. I will check with Shanette to see if she has any. If she is going somewhere that is non participating they may have gone to Sara for negotiation.

On the ▮▮▮ babies, they have some high dollar professional bills that are in held status. I noticed in moms history that she has a facility bill from ABSMC for billed charges of $131603.92. All of the bills are on hold for over examiner limit so I will put a note in the system to hold until ok by reinsurance carrier.

I will have Shanette pull all that she has for these two cases and let you know. I won't be in the office today, Mikie is sick, so I won't have anything concrete until tomorrow. Please update Patricia that we will pull all related charges and let her know what they are. Once I get the claims pulled we can scan and send down to her.

Thanks
DeAnn

-----Original Message-----
From: Mark Lucas
Sent: Monday, February 13, 2006 1:10 PM
To: DeAnn Prefling
Subject: FW: Mutual
Importance: High

Dear DeAnn,
Can you please read this email and advise me on the UB92's, billing, and discount. Mutual is wanting to send this for outside review, Care Assist is going to cost money. Are we going to have to pay for Care Assist's charges???
Thanks,
Mark

-----Original Message-----
From: Patricia.Swank@mutualofomaha.com
[mailto:Patricia.Swank@mutualofomaha.com]
Sent: Monday, February 13, 2006 7:59 AM
To: Mark Lucas; Jeanette Davidson
Subject: info

Ok, I emailed you too soon. On D▮▮▮ J▮▮▮, do you know where she is going for dialysis and how much the discount is? Also, on the ▮▮▮ babies (per Peggy) we need the charges to date on them - we need to see the interim bill w/the UB92's and she would like to know if you have had a physician review of the babies plan of care? Peggy would like you to hold on paying the bills on the claimants that we've received info on, until we've had a chance to see the bills, as we may want to send them for outside review.
This is alot of info, and I appreciate your help!


Patricia Swank RN, BSN
Mutual of Omaha Stop/Loss
Case Management

1

**EXHIBIT C**

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  MARCIA L. AUGSBURGER (SBN 145686)
   LESLIE C. MURPHY (SBN 227454)
3  555 Capitol Mall, 9th Floor
   Sacramento, CA 95814
4  Phone: 916.444.3900
   Fax:   916.444.8989
5
   Attorneys for Plaintiff
6  Alta Bates Summit Medical Center

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11 ALTA BATES SUMMIT MEDICAL      )   CASE NO. C 07-4224 JSW
   CENTER,                         )
12                                 )   **PLAINTIFF ALTA BATES SUMMIT**
                    Plaintiff,     )   **MEDICAL CENTER'S RESPONSE TO**
13       v.                        )   **DEFENDANT UNITED OF OMAHA'S FIRST**
                                   )   **SET OF INTERROGATORIES**
14 UNITED OF OMAHA LIFE INSURANCE  )
   COMPANY, et al.,                )
15                                 )
                    Defendants.    )
16                                 )
17 _____)

18       TO DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY ("UOO"), AND

19 TO ITS attorneys of record herein:

20       Plaintiff ALTA BATES SUMMIT MEDICAL CENTER ("ABSMC") hereby responds to

21 United of Omaha Life Insurance Company's ("UOO") First Set Of Interrogatories, pursuant to

22 Federal Rule of Civil Procedure Rules 33 and 26.

23                              **GENERAL OBJECTIONS**

24       Plaintiff objects to the interrogatories propounded on the following grounds, which

25 objections are incorporated into each and every specific response set forth below:

26       1.    Plaintiff objects to each interrogatory to the extent that it seeks production of

27 information protected by the attorney client privilege or attorney work product rule.

28       2.    Plaintiff objects to each interrogatory to the extent that it seeks to expand

1  "agreements," written or oral, would impose an undue burden or cost on ABSMC, in that ABSMC
2  would be required to identify each and every oral or written agreement and determine whether they
3  contain terms "RELATED TO this lawsuit" or ABSMC's claims against Defendants and compile the
4  requested information.

5  **INTERROGATORY NO. 15:**

6  State ALL facts supporting any contention by YOU that UNITED OF OMAHA improperly
7  denied YOUR claim under the POLICY for reimbursement of medical expenses RELATING TO the
8  EMPLOYEE PATIENT.

9  **RESPONSE TO INTERROGATORY NO. 15:**

10  ABSMC incurred Eligible Losses as defined in the POLICY which exceeded the Aggregated
11  Specific Deductible thereunder, and submitted written requests to UOO/MOO for payment, as
12  evidenced by the documents ABSMC previously produced in this case labeled ABSMC00125-0042;
13  00424-00451; 00453-00975; 00977-01071.

14  UOO/MOO's denial of the claim on the ground that ABSMC did not disclose Ms. J███ case
15  before the POLICY was renewed was wrongful because, *inter alia*, the SELECT RISK
16  QUESTIONNAIRE does not indicate that ABSMC was required to identify cases of serious injury
17  or illness before renewal. Rather, the SELECT RISK QUESTIONNAIRE unambiguously states that
18  "[a]s an **alternative** to completing Attachment A, the Applicant may attach a report(s) that
19  contain(s) the information requested for Attachment A ... **within 30 days** of the Proposed Effective
20  Date ." (emphasis added), i.e., within 30 days before or after January 1, 2006. ABSMC submitted a
21  report identifying Ms. J███ as an individual with a diagnosis code listed on the SELECT RISK
22  QUESTIONNAIRE on January 28, 2006. Accordingly, the submission was timely. UOO's denial
23  was also improper because *inter alia,* the denial imposed an unlawful forfeiture; the parties' prior
24  course of conduct supports an interpretation of the SELECT RISK QUESTIONNAIRE and POLICY
25  that favors payment of the claim at issue; Defendants are estopped to assert otherwise; and
26  Defendants were obligated by virtue of the covenant of good faith and fair dealing to process and
27  pay the claims at issue.

28  Because discovery and investigation are continuing, ABSMC cannot state ALL facts


McDonough Holland & Allen PC
Attorneys at Law

1  supporting these contentions, but supporting facts presently believed to be true include the
2  following:

3    1. ABSMC was not required to identify claims by diagnosis code for policies in
4  effect prior to the POLICY, indicating, *inter alia*, that such identification was not material;

5    2. UOO/MOO did not consider the disclosures in its underwriting process or in
6  determining the financial terms of coverage;

7    3. Defendants did not advise ABSMC or BRMS that the SELECT RISK
8  QUESTIONNAIRE or January 28, 2006 notice were insufficient or ineffective for renewal, or that
9  the SELECT RISK QUESTIONNAIRE or January disclosure would not suffice as proper notice of
10 the claim at issue, but Defendants renewed/issued the POLICY and accepted premiums after
11 receiving the January 28, 2006 disclosure.

12 **INTERROGATORY NO. 16:**

13   Identify by name, address and phone number every person with knowledge of the facts
14 supporting any contention by YOU that UNITED OF OMAHA improperly denied YOUR claim
15 under the POLICY for reimbursement of medical expenses RELATING TO the EMPLOYEE
16 PATIENT.

17 **RESPONSE TO INTERROGATORY NO. 16:**

18   Persons with knowledge of these contentions are listed in the parties' written disclosures and
19 are apparent from the documents ABSMC already produced. The identification of these persons
20 may be determined by examining, auditing, compiling, abstracting, or summarizing a party's
21 business records/electronically stored information and the burden of deriving or ascertaining the
22 answer will be substantially the same for either party. Accordingly, pursuant to rule 33(d), ABSMC
23 hereby specifies the records that ABSMC produced in connection with its Rule 26 disclosure herein
24 as records that UOO may review for the information requested, and in addition, the documents
25 produced herewith.

26 **INTERROGATORY NO. 17:**

27   Describe by category, date, author, and location ALL DOCUMENTS containing information
28 supporting any contention by YOU that UNITED OF OMAHA improperly denied YOUR claim

under the POLICY for reimbursement of medical expenses RELATING TO the EMPLOYEE PATIENT.

**RESPONSE TO INTERROGATORY NO. 17:**

This information may be obtained by examining, auditing, compiling, abstracting, or summarizing a party's business records/electronically stored information and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, pursuant to rule 33(d), ABSMC hereby specifies the records that ABSMC produced in connection with its Rule 26 disclosure herein as records that UOO may review for the information requested, and in addition, the documents produced herewith.

**INTERROGATORY NO. 18:**

State by amount and category all damages you seek in this legal action.

**RESPONSE TO INTERROGATORY NO. 18:**

At this time, ABSMC believes its general damages are $1,729,568.96, together with interest thereon until paid in full. The calculation of this amount is based on the "Specific Reimbursement Request Forms" submitted for Employee Patient, which were produced on compact disk, in connection with Plaintiff's initial disclosure. See documents labeled ABSMC00125, 00424, 00453, and 00977.

DATED: January 10, 2008

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Marcia L. Augsburger

Attorneys for Alta Bates Summit Medical Center