IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER, | No. C-07-04224 JSW (EDL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | |
| Defendant. / | |

On July 7, 2008, the parties filed a joint letter setting forth their discovery dispute regarding Defendants' response to Plaintiff's requests for production of documents numbers 17, 51 and 52. Defendants asserted in that letter that no responsive documents existed. On July 25, 2008, the Court issued an order requiring Defendants to serve a declaration regarding the search done for documents and the results of that search. On August 6, 2008, Plaintiff filed another letter with the Court stating its dissatisfaction with the declaration served by Defendants.

As described in the Court's July 25, 2008 letter, the information sought by Plaintiff have at least some relevance for purposes of discovery. With respect to interrogatory 17, Defendants no longer argue that discovery would be unduly burdensome now that Plaintiff agreed to limit the time period to 2005 and 2006. While the Tarkowski declaration provides some information, Plaintiff is entitled to more on the issues included in Interrogatory 17. Defendants' arguments in opposition to this discovery relate to admissibility rather than discoverability. Defendants described their claims review process as including three stages. The second occurs when a known medical condition arose prior to formal disclosure, in which the analyst confers with a nurse who projects potential losses based on the medical history; the claim is paid if the projected amount is less than the applicable specific deductible. The third occurs when the projected losses excess the deductible and the claim

will be denied unless Defendant decides to pay and then lists the claim on an exception log.  The last two stages require potentially relevant and possibly subjective analysis by Defendants' personnel. Plaintiff is entitled to discovery of this protocol and to review of the exception log kept by Defendants.  Further, Plaintiff is entitled to review the documents reflecting the occasions and surrounding circumstances, projections and analysis for claims that go through stages two and three. Thus, Plaintiffs are entitled to information about situations in which an analyst determined that a nondisclosure occurred before renewal and the claim was not paid or paid despite the nondisclosure. For example, Plaintiff is entitled to documents regarding the claims handling process of the CC claim.  See Defs' Response at 3, n. 3.  However, Plaintiff does not now seek and is not entitled to information about claims in which medical conditions first arose after the policy renewal had been completed.

Plaintiff argues that it needs a further response to Interrogatory 51 to determine whether, and to what extent, nondisclosure was material to Defendants.  Although the relevance of this information is more attenuated, it has some limited relevance and is discoverable absent a showing by Defendants (not made so far) that the number of policies to be reviewed would make this discovery unduly burdensome.  Accordingly, no later than August 22, 2008, Defendants shall inform the Court as to the number of policies at issue.

Defendants' Tarkowski declaration states that, other than the claim in this case, there were no denials of claims for failure to disclosure.  This declaration satisfies interrogatory 52, and no further response is required.

**IT IS SO ORDERED.**

Dated: August 15, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

2