1  J. Russell Stedman (117130), rstedman@barwol.com
   Travis R. Wall (191662), twall@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California  94108-2713
   Telephone:  (415) 434-2800
4  Facsimile:   (415) 434-2533

5  Attorneys for Defendants
   UNITED OF OMAHA LIFE INSURANCE
6  COMPANY and MUTUAL OF OMAHA
   INSURANCE COMPANY

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 | ALTA BATES SUMMIT MEDICAL      ) CASE NO.:  C 07 4224  JSW (EDL)
   | CENTER,                        )
12 |                                )
   |         Plaintiff,             ) DEFENDANTS' OPPOSITION TO
13 |                                ) PLAINTIFF'S MOTION TO COMPEL
   |     vs.                        ) FURTHER REPSONSES TO REQUEST
14 |                                ) FOR PRODUCTION OF DOCUMENTS
   | UNITED OF OMAHA LIFE INSURANCE ) NOS. 24 AND 63
15 | COMPANY and MUTUAL OF OMAHA    )
   | LIFE INSURANCE COMPANY,        )
16 |                                ) Date:       September 16, 2008
   |         Defendants.            ) Time:       2:00 PM
17 |                                ) Courtroom: E, 15th Floor
   |                                )
18 |_____)
                                      The Honorable Judge Elizabeth D. Laporte
19

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RE
REQUESTS FOR PRODUCTION NOS. 24 AND 63

# MEMORANDUM OF LAW

## A. The Court Should Deny Plaintiff's Motion to Compel the Production of All Case Management Files

Defendants have objected to the wholesale production of all case management files requested by Alta Bates. Defendants also have consistently maintained, however, that they would produce case management files for particular patients if plaintiff could establish that the files were potentially relevant for a proper purpose. *See* Declaration of Leslie C Murphy in Support of Motion to Compel, Ex. C. Other than limiting the request to case management files in 2005 and 2006, plaintiff has made no attempt in the meet and confer process or in its opening papers to make an individualized showing of relevance. Declaration of Travis R. Wall in Opposition to Motion to Compel ¶ 2. In fact, Alta Bates has not established that any case management files are remotely relevant to any issue in this case.

Alta Bates argues that the documents it requests – all of United's case management files related to Alta Bates employees and United's exception log – are relevant to the issue of how the stop loss policy provision regarding disclosure should be interpreted. This rationale fails for several reasons.

First, the pending motion to compel seeks "all" case management files maintained by defendants in 2005 and 2006 for "all" Alta Bates employees. As this court previously recognized, the issue here is how the policy treats a failure by Alta Bates to disclose individuals with known trigger diagnoses during the policy renewal process. For this reason, the court refused to order the production of claim files related to individuals who were not diagnosed with a trigger diagnosis prior to the final disclosure.

Yet, Alta Bates's current motion to compel is not so limited – Alta Bates requests the case management files of all employees, regardless of when the employee was first diagnosed or treated. If the *claims* file, which relates directly to the claim for stop loss benefits by Alta Bates, need not be produced for those without prior trigger diagnoses, then certainly the case management files, which contain nothing more than medical information (see the discussion below) should not be produced.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RE REQUESTS FOR PRODUCTION NOS. 24 AND 63

Second, and more importantly, the case management files do not contain any information relevant to the contract interpretation issue. Alta Bates's opening papers give the false impression that the case management files are claims files, or contain information relevant to claims made for stop loss benefits. That is a complete mischaracterization. United's case management nurses are not in the claims department and do not make claims decisions. Wall Decl., Ex. A at 56:12-16, 61:6-8. Rather, they review medical records and treatment plans to determine whether patients are receiving the most efficient and cost-effective medical care. *Id.* at 11:19-12:18.

This case management oversight occurs whether or not the individual ever incurs claims large enough to prompt a claim for stop loss reimbursement from Alta Bates. In other words, the request by Alta Bates would require the production of medical records related to individuals for whom no stop loss claim was ever made. Those files cannot possibly bear on how the stop loss policy should be interpreted with respect to the handling of claims involving a failure to disclose.

Even for those individuals for whom a reimbursement claim was made, the case management files do not contain any information regarding the claims decision, particularly as it relates to the disclosure issue. They contain medical records and notes regarding the underlying medical treatment. *Id.* Any information related to the claims decision is in the claims files, which defendants have already disclosed. Wall Decl. ¶ 3.

Third, citing the exception log, Alta Bates erroneously suggests that the nurses' files might contain information pertaining to "exceptions" United made on Alta Bates claims. This contention reflects Alta Bates's fundamental misunderstanding of United's claims processes. The nurses are not claims analysts and, thus, do not make claims decisions about exceptions. Wall Decl., Ex. A at 56:12-16, 61:6-8. More importantly, as explained to Alta Bates's counsel on numerous occasions, a claim is reflected on the exception logs only if United initially denied the claim for stop loss benefits and then later paid it as an exception. Wall Decl. ¶ 3. As Alta Bates is already aware, there were no Alta Bates stop loss claims in which United initially denied the claim and later chose to pay it as an exception. There can be no information in the case management files about "exceptions" that never occurred.

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RE
REQUESTS FOR PRODUCTION NOS. 24 AND 63

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Claims analysts do consult with case management nurses in limited situations – such as when there is a failure to disclose and the nurse is asked to determine whether she would have projected an employee's medical expenses above the specific deductible. That was the situation with CC. Yet, defendants have already produced the entire claims file for CC, which reflects the patient's diagnoses, the dates of disclosure, and notes of conversations between the claims analyst and the case management nurse about the disclosure. Wall Decl. ¶ 4. Defendants have produced the claims files for another Alta Bates employee containing similar information. *Id.* Furthermore, the court has ordered the production of the claims files for all California residents (even those not employed by Alta Bates) whose trigger diagnosis occurred before the final disclosure. Alta Bates fails to explain why the disclosure of the entire claims files for these individuals is insufficient for the purposes of this litigation.

Finally, the case management files contain confidential personal health information that should not be disclosed in this litigation absent a heightened showing of relevance. Alta Bates has acknowledged the sensitive nature of the medical information contained in these types of files. *See* Declaration of Mary Pelkey in Support of Motion to Compel ¶ 8. In fact, it has emphasized that the need to maintain patient confidentiality is a primary reason Alta Bates hires a TPA to handle claims administration on its behalf. *Id.* Pushing aside its purported concerns about maintaining patient confidentiality, Alta Bates now contends that it should have unfettered access to all case management files with little showing of relevance. The mantra of liberal discovery must be reconsidered when the discovery sought relates to confidential personal health information that is afforded a higher level of privacy.

The existence of a protective order, which Alta Bates continues to trumpet, does not obviate the need to limit access to personal health information when that information has little or no bearing on the issues in the case. Moreover, Alta Bates's counsel has not demonstrated that it will treat third-party information with the appropriate care to maintain confidentiality. Alta Bates filed an exhibit in support of its motion to compel that included the names, diagnoses and medical treatments of Alta Bates's employees. *See* Declaration of Leslie Murphy in Support of Motion to Compel, Ex. G. Although Alta Bates's counsel attempted to black out the names, the redactions

3

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RE REQUESTS FOR PRODUCTION NOS. 24 AND 63

were sloppily done and reveal the names and diagnoses of numerous participants. Upon discovering the disclosure, defendants immediately demanded that Alta Bates take steps to remove the document from the public files or have it filed under seal. Wall Decl. ¶ 6, Ex. B. Alta Bates has done nothing to this point. Alta Bates's conduct not only violates its employees' expectations of confidentiality, but also the court's protective order in this case.

Courts should be solicitous about ordering the production of third-party medical information. Atla Bates's public disclosure of the personal health information of its employees underscores the need to limit third-party productions to those necessary to the fair adjudication of the claim. Alta Bates has not demonstrated that the case management files are probative to any issue in dispute. Plaintiff's motion for the wholesale production of all case management files in 2005 and 2006 should be denied.

> B. **Defendants are Already Preparing to Produce the Exception Logs as Required by the Court's August 15, 2008 Order, Which Moots Plaintiff's Motion to Compel**

The court's last discovery order appears to require the production of United of Omaha's exception logs. *See* Doc. No. 65 at 2:3-4 ("Plaintiff . . . is entitled to review of the exception log kept by Defendants."). This ruling would moot plaintiff's motion to compel the production of the log. With this understanding, defendants are preparing to produce the exception logs, with the names of the claimants, policyholders, and third-party administrators redacted. As ordered, defendants are also compiling and producing claims files for claims involving preexisting trigger diagnoses.

Defendants are producing the exception logs without waiver of their argument that the logs are irrelevant to any issue in this case. As addressed in previous briefing, United's handling of claims involving different policyholders and different policies has no bearing on whether United had the right to deny Alta Bates's claims related to DJ. And the exception logs are not limited to claims involving disclosures, but include exceptions made *for any reason.*

Moreover, plaintiff's document requests consistently have been limited to California claims. None of the entries on the 2005, 2006 and 2007 exception logs relate to claims in California in which United made an exception and paid a claim involving a disclosure issue. While some of the

claims on the logs initially were denied due to a failure to disclose, those claims all involved policyholders in states other than California. None of the claims on the 2007 exception log relate to disclosures. Again, if the purpose of the production is to find evidence bearing on the interpretation of the disclosure provisions of the contract, then evidence that exceptions were made based on completely different reasons, having nothing to do with disclosure, can have no bearing on the contract interpretation issue.

Finally, plaintiff's opening papers include invective about the need to "check the accuracy and credibility" of defendants' representation about the non-existence of documents responsive to Request No. 62. Plaintiff's Motion to Compel at 6:16. As noted above and in discussions with counsel, a claim is listed on the exception log only if United initially denied the claim and then later elected to make an exception to pay the claim. Alta Bates is well aware that no stop loss claim it submitted was first denied by United and then later paid as an exception. Its assertion that it strongly suspects numerous Alta Bates claims will be listed on the log as exceptions indicates either Alta Bates's complete misunderstanding of what information the log contains or its bad faith.

Plaintiff falsely accuses defendants of withholding documents and erroneously suggests that the production of the log will prove this fact. Defendants have acted diligently and in good faith. Plaintiff's baseless accusations stem from its attorneys' failure to comprehend United's claims processes, rather than any wrongdoing on defendants' part.

Dated: September 3, 2008

BARGER & WOLEN LLP

By: /s/ J. R. Wolf
J. RUSSELL STEDMAN
TRAVIS R. WALL
Attorneys for Defendants
UNITED OF OMAHA LIFE
INSURANCE COMPANY and
MUTUAL OF OMAHA
INSURANCE COMPANY