| | |
|---|---|
| 1 | J. Russell Stedman (117130), rstedman@barwol.com |
| 2 | Travis R. Wall (191662), twall@barwol.com<br>BARGER & WOLEN LLP |
| 3 | 650 California Street, 9th Floor<br>San Francisco, California 94108-2713 |
| 4 | Telephone: (415) 434-2800<br>Facsimile: (415) 434-2533 |
| 5 | Attorneys for Defendants |
| 6 | UNITED OF OMAHA LIFE INSURANCE<br>COMPANY and MUTUAL OF OMAHA |
| 7 | INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendants. | CASE NO.: C 07 4224 JSW (EDL)<br><br>DECLARATION OF TRAVIS R. WALL IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER REPSONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 24 AND 63<br><br>Date: September 16, 2008<br>Time: 2:00 PM<br>Courtroom: E, 15th Floor<br><br>The Honorable Judge Elizabeth D. Laporte |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

DECLARATION OF TRAVIS R. WALL

I, Travis R. Wall, declare:

1. I am an attorney with the law firm of Barger & Wolen, LLP, attorneys of record for Mutual of Omaha Insurance Company ("Mutual") and United of Omaha Life Insurance Company ("United"). I make this declaration in support of defendants' opposition to plaintiff's motion to compel. I have personal knowledge of the facts declared herein and if called upon to testify can and will competently testify thereto.

2. I conferred with Marcia Augsburger, Esq., counsel for plaintiff Alta Bates Summit Medical Center ("Alta Bates") about the production of case management files. During the meet and confer process, I informed Ms. Augsburger orally and in writing that defendants would not agree to the production of all case management files, but would consider production of files for particular individuals if Alta Bates could demonstrate the relevancy of those particular files to an issue in dispute. Except for limiting the request for case management files in years 2005 and 2006, Alta Bates's counsel has refused to limit the request for production in any way.

3. I have explained to Marcia Augsburger during the meet and confer process that the exception log only contains claims that United previously denied and then paid as an exception. The logs for 2005, 2006 and 2007 do not include any references to Alta Bates claims.

4. Defendants have already produced the claims files for CC and RM, two additional Alta Bates employees for which there was a potential disclosure issue in the renewal process. These claim files contain, among other items, documents reflecting the patient's diagnoses, the dates of disclosure, and notes of conversations between the claims analyst and the case management nurse about the disclosure. As required by the court's August 15, 2008 order, defendants are reviewing the claim files for all California claims in 2005 and 2006 (including but not limited to Alta Bates claims) for situations in which there was a trigger diagnosis prior to the final disclosure and the participant was not disclosed. Defendants will produce the entire claims files for all responsive claims.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

DECLARATION OF TRAVIS R. WALL

5. Attached as Exhibit A are true and correct excerpts from the deposition transcript of Patricia Swank, a care coordinator at United.

6. In preparing the opposition to the motion to compel, I discovered that Alta Bates's counsel had filed a document in the public record that discloses the names and medical conditions of participants in the Alta Bates's employee benefit plan. I immediately wrote an e-mail to Marcia Augsburger, Esq. and Leslie Murphy, Esq., notifying Alta Bates that it should move to replace the document with a properly redacted version or to have the document filed under seal. Attached as Exhibit B is a true and correct copy of the e-mail I sent to Ms. Augsburger and Ms. Murphy on September 2 informing them of the disclosure. I did not receive any response on September 2, and followed up with calls to both attorneys the following day. To date, Alta Bates's counsel has not responded to my inquiries or indicated that it will take any action to rectify the situation.

I declare under penalty of perjury under that the foregoing is true and correct. Executed on September 3, 2008, in San Francisco, California.

_____
Travis R. Wall

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

2
DECLARATION OF TRAVIS R. WALL

# EXHIBIT "A"

```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA


   ALTA BATES SUMMIT MEDICAL   )
   CENTER,                     )
                               )
        Plaintiff,             )
                               )
                  -vs-         ) Case#C07-4224 JSW
                               )
   UNITED OF OMAHA LIFE        )
   INSURANCE COMPANY, et al.,  )
                               )           DEPOSITION
        Defendants.            )
                               )
```

                          *** CONFIDENTIAL ***


                      DEPOSITION OF PATRICIA SWANK

   Deposition of PATRICIA SWANK, taken on behalf of the Plaintiff, at Erickson & Sederstrom, 10330 Regency Parkway Drive, Suite 100, Omaha, Nebraska, beginning at 3:05 p.m., Wednesday, June 25, 2008, before Bobbi M. Randall, RPR, CSR, a General Notary Public within and for the State of Nebraska, pursuant to Notice.

                        BOBBI M. RANDALL, RPR, CSR
                      MATHESON-TAULBORG-DENNEY-SCHLEIFE
                         7602 Pacific Street, LL101
                             Omaha, NE  68114
                              (402) 397-9669

1

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19    Q    Do you -- does your department actually
20 perform case management studies on certain
21 patients?
22    A    No, it's oversight.
23    Q    What does that mean, oversight?
24    A    There are direct case managers.  We are
25 following up with them on the claimants.
```

11

```
 1     Q    Are there direct case managers at Mutual
 2  of Omaha?
 3     A    Not in stoploss. It's oversight.
 4     Q    So, for example, if you were -- if you
 5  were following -- if you had requested a
 6  particular claim to be followed by case
 7  management, you would be asking somebody at BRMS,
 8  say, for example, to follow that?
 9     A    If I was wanting to follow a claimant,
10  yes, I would ask for information on a claimant.
11     Q    And they would perform the case
12  management and --
13     A    Correct.
14     Q    Let me finish my question on that one.
15  So you would ask BRMS to follow a patient, they
16  would follow that patient, and then report that
17  back to you?
18     A    Yes.
19
20
21
22
23
24
25
```

12

```
 1
 2
 3
 4
 5
 6
 7
 8
 9      Q    Generally can you tell me what the 15/12
10 is referencing?
11      A    Incurred in 15, paid in 12.
12      Q    And you're talking about claims?
13      A    Correct.
14      Q    And you don't directly work with the
15 claims department at Mutual of Omaha?
16      A    We do nothing with claims.
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6       Q    Do you often review claims with patients
 7  who have renal failure and are not on dialysis?
 8       A    We don't review claims.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1    STATE OF NEBRASKA        )
                              ) ss
2    COUNTY OF DOUGLAS        )
```

3          I, Bobbi M. Randall, RPR, CSR a General
4 Notary Public in and for the State of Nebraska, do
5 hereby certify:
6          That prior to being examined, the
7 witness named in the foregoing deposition,
8 PATRICIA SWANK, was by me duly sworn to testify
9 the truth, the whole truth, and nothing but the
10 truth;
11         That said deposition was taken before me
12 at the time and place set forth and was taken down
13 by me in shorthand and thereafter reduced to
14 computerized transcription under my direction and
15 supervision, and I hereby certify the foregoing
16 deposition is a full, true, and correct transcript
17 of my shorthand notes so taken.
18         I further certify that I am neither
19 counsel for nor related to any party to said
20 action nor in any way interested in the outcome
21 thereof.
22         IN WITNESS WHEREOF, I have hereunto
23 subscribed my name this July 14th, 2008.
24
25              _____
                Bobbi M. Randall, RPR, CSR
                General Notary Public

                                              143

# EXHIBIT "B"

# Wall, Travis R.

| | |
|---|---|
| **From:** | Wall, Travis R. |
| **Sent:** | Tuesday, September 02, 2008 12:39 PM |
| **To:** | 'Marcia L. Augsburger'; Leslie Murphy |
| **Cc:** | Young, Stephanie K.; Stedman, Russell |
| **Subject:** | Disclosure of Names and Medical Conditions |

Marcia and Leslie:

I am preparing our opposition to your motion to compel as to the case management files and the exception log. This afternoon, in reviewing evidence your firm submitted in support of the motion, I came across names of patients that Alta Bates has placed in the public record, in particular patient names on Exhibit G to Leslie Murphy's declaration. This document not only discloses names, but also medical conditions. Although someone has attempted to black out the names, it is very sloppily done and one can read many names on the list.

Your client should take immediate action to have that document removed from the public record (or sealed) and then replaced with a properly redacted document. Your firm may have disclosed other names as well. In addition to moving to seal this document, Alta Bates's counsel should review all evidence your firm previously has submitted for all motions to ensure that all identifying information has been properly redacted.

Travis

**Travis R. Wall**
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Tel. (415) 743-3738 (direct)
Tel. (415) 434-2800 (main operator)
Fax. (415) 434-2533
email: twall@barwol.com

**The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.**