J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: C 07 4224 JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br><br>The Honorable Jeffrey White |

TABLE OF CONTENTS

PAGE

1. INTRODUCTION ...........................................................................................................................1
2. DISCUSSION .................................................................................................................................2
   A. The Right to Amend has Limits ...........................................................................................2
   B. Leave to Amend Should be Denied .....................................................................................3
      (1) Alta Bates had No Justification for its Delay in Seeking the Amendment ............3
      (2) Allowing Leave to Amend after the Close of Discovery Would Prejudice Defendants ..........................................................................................................6
      (3) Plaintiff Attempts to Avoid a Futility Argument by Refusing to Serve a Proposed Second Amended Complaint ...............................................................7
   C. In the Alternative, the Court Should Grant Leave to Amend with Conditions ................8
3. CONCLUSION .............................................................................................................................10

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

i

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

<u>TABLE OF AUTHORITIES</u>

PAGE

**Cases**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006) .......................... 2

*General Signal Corp. v. MCI Telecommunications Corp.*, 66 F3d 1500 (9th Cir. 1995) ............. 10

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992) ........................................... 2

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999) .................... 2, 6

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir.1990) .................................... 2

*Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132 (9th Cir. 1998) ........................ 2

**Rules**

Fed. R. Civ. P. 15(a) ........................................................................................................................ 2

Fed. R. Civ. P. 16(b)(3)(A) ............................................................................................................. 2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

ii

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

## 1. INTRODUCTION

Plaintiff's belated motion for leave to amend should be denied. Plaintiff Alta Bates Summit Medical Center ("Alta Bates") has no justification for waiting until the close of discovery to seek leave to amend. Alta Bates knew the facts that form the basis of the proposed amendment months ago, yet deliberately chose to delay filing until the close of discovery.

Alta Bates's delay not only was unjustified, but severely prejudiced defendants United of Omaha Life Insurance Company's ("United") and Mutual of Omaha Insurance Company's ("Mutual") ability to respond to the proposed new claims. While certain pre-trial deadlines and the trial have been vacated, discovery is closed. It would be unfair to allow the filing of an amended pleading, adding entirely new counts premised on new theories of recovery, without reopening discovery for defendants.

In the alternative to denying the motion, the court should grant leave to amend with conditions. Defendants should be allowed to conduct additional fact discovery into any new claims and allegations that survive motions to dismiss and to strike, including reconvening depositions. The deadline for defendants to counterdesignate an expert in response to plaintiff's "bad faith" expert and to complete expert discovery should also be extended.

In addition, plaintiff should have to bear costs incurred due to its delay. If defendants reconvene depositions to pose questions related to new claims, plaintiff should be required to pay the costs associated with those renewed depositions, such as travel costs, deposition reporter fees and transcript costs. Shifting this financial burden is fair since defendants would not have incurred these additional costs if plaintiff's amended pleading had been filed in a timely fashion. Rather, all pertinent questions could have been asked in a single deposition.

The motion for leave to amend should be denied. Plaintiff made a deliberate decision to postpone filing the motion to amend, depriving defendants of an opportunity to explore the new claims in discovery. If Plaintiff is allowed to amend, the motion should be granted with conditions.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

## 2. DISCUSSION

### A. The Right to Amend has Limits

Federal rules of civil procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Yet, this right is not without limits. A district court need not grant leave to amend "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). In *AmerisourceBergen*, the Ninth Circuit held that a district court properly denied a motion for leave to amend even though the party moved to amend prior to the deadline for seeking amendments. *Id.* The court concluded that party had been dilatory in not moving to amend sooner.

Prejudice and undue delay may be presumed where, on the eve of the discovery deadline, a party moves for leave to amend to add new theories of liability. *See Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th Cir. 1998). The Ninth Circuit upheld a district court's denial of leave to amend because the new pleading would have required reopening discovery, thus delaying proceedings. *Id.; see also Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (upholding denial of leave to amend due to dilatoriness and prejudice where Morongo Indians introduced new legal theory well into the litigation).

Denial of leave to amend is also proper where, as here, a party is aware of the facts supporting new claims but makes the tactical decision to delay in seeking leave to amend. *See Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 985 (9th Cir. 1999) (denial of leave to amend proper where party knew facts supporting claim months earlier and, facing summary judgment, sought leave to amend to allege claims that had not been subject to discovery).[1]

---

[1] The liberal standard under Rule 15 for granting leave to amend does not even apply here. When filing a motion for leave to amend after a court imposed deadline, a party must meet the more stringent "good cause" showing for relief from a scheduling order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir.1992). The parties stipulated in their joint case management statement that motions for leave to amend would be filed no later than January 28, 2008. Docket No. 22 at 4:18-19. The court's scheduling order did not refer to this deadline. Docket No. 23. By rule, however, case management scheduling orders must limit the time to file amended pleadings. Fed. R. Civ. P. 16(b)(3)(A). Since the court did not adopt a different date, the stipulated January 28 deadline necessarily applies. In any event, plaintiff cannot reasonably argue that an amendment filed at the close of discovery is timely under the court's scheduling order. For

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

### B. Leave to Amend Should be Denied

#### (1) Alta Bates had No Justification for its Delay in Seeking the Amendment

The parties agreed in their joint case management statement that motions for leave to amend would be filed by January 28, 2008. Docket No. 22 at 4:18-19. Plaintiff not only missed this deadline, but waited until the close of discovery to move for leave to amend. There was no justification or good cause for this delay.

Plaintiff maintains that the filing was postponed because it just recently learned the factual bases to amend. The newly discovered "facts" are inconsequential and do not support any claim for bad faith, fraud or unfair competition. More importantly for the purposes of this motion, plaintiff has long known the facts on which it intends to base its new claims.

For example, plaintiff maintains that it first discovered in June 2008 depositions that United learned about the Participant in January 2006 and that United's case management nurse was following her progress. Declaration of Marcia Augsburger in Support of Motion for Leave to File Second Amended Complaint (Docket No. 52) ("Augsburger Decl.") ¶ 7(a). Alta Bates also claims that it just discovered that United paid the claim related to patient CC, who had not been disclosed before the policy effective date. *Id.* ¶ 7(b). Yet plaintiff referenced those very facts in the Joint Case Management Statement signed by plaintiff's counsel on December 7, 2007:

- Alta Bates submitted another report to United of Omaha on January 28, 2006, that disclosed the participant at issue and her diagnosis.
- Alta Bates contends, among other things, that it disclosed the patient's diagnosis on a report submitted to United of Omaha on January 28, 2006, and that this report should be considered a timely supplemental disclosure.
- Plaintiff had already disclosed "documents related to Alta Bates's claim for reimbursement *on other employees* during 2006 that were reimbursed by United/Mutual of Omaha." (Emphasis added).

Declaration of Travis R. Wall in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Wall Decl."), Ex. A.

In addition, plaintiff's *initial disclosures* included claim files regarding CC. Wall Decl. ¶ 3. Thus, from the inception of the case plaintiff knew about the January report concerning DJ and these reasons, plaintiff must satisfy the more stringent "good cause" standard.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

about patient CC and intended to make an issue of both. Plaintiff also knew since early 2008 that United's case management nurse was tracking DJ. Plaintiff produced e-mails in March 2008 indicating that United's case management nurse had requested information from Alta Bates's TPA about DJ and was monitoring the patient's progress. Wall Decl. ¶ 4, Ex. B. Plaintiff's suggestion that it did not learn about this fact until late July 2008 is blatantly false.[2]

Plaintiff asserts that it just learned that the person who denied the claim was not in the claims department. Augsburger Decl. ¶ 7(c). The significance of this fact and how it supports any legal claim is a mystery. In any event, the August 2, 2006 denial letter attached as Exhibit D to Mary Pelkey's declaration is signed by Mark Brewer, "Stop Loss Operation Auditor." Once again, the purported "new discovery" was actually known by plaintiff more than two years ago.

In fact, plaintiff has been alluding to defendants' alleged bad faith since January 2008. Plaintiff's January 10, 2008 Responses to United's Interrogatories state:

- [W]hen BRMS notified Defendants of [DJ's] case on January 28, 2006, Defendants and [sic] did not object to or put BRMS or ABSMC on notice that it would deny claims relating to [DJ]. . . . *Defendants were also obligated by virtue of the covenant of good faith and fair dealing to process and pay the claims at issue."*
- ABSMC submitted a report identifying [DJ] as an individual with a diagnosis code listed on the SELECT RISK QUESTIONNAIRE on January 28, 2006. . . . UOO's denial was also improper because . . . *Defendants were obligated by virtue of the covenant of good faith and fair dealing to process and pay the claims at issue.* * * * Defendants did not advise ABSMC or BRMS that the SELECT RISK QUESTIONNAIRE or January 28, 2006 notice were insufficient or ineffective for renewal, or that the SELECT RISK QUESTIONNAIRE or January disclosure would not suffice as proper notice of the claim at issue, but Defendants renewed/issued the POLICY and accepted premiums after receiving the January 28, 2006 disclosure.

Wall Decl., Ex. C, Resp. Req. Nos. 4 & 15 (emphasis added). Despite these allegations, Alta Bates waited until the close of discovery to finally move to amend to allege a bad faith claim.

Alta Bates attempts to attribute its failure to timely seek leave to amend to discovery delays. Any delays were due to Alta Bates's lackadaisical approach to discovery rather than defendants'

---

[2] Moreover, activities occurring in 2006 have no bearing on what was disclosed about DJ's diagnosis in 2005, prior to the policy renewal. The January report reveals nothing about that, and the fact that DJ's progress was monitored by a case management nurse in 2006 is not relevant to whether DJ had been properly disclosed in 2005. Thus, this "revelation" has no probative value.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

conduct. Plaintiff did not serve any written discovery until mid-February. Wall Decl. ¶ 6. By contrast, defendants served their initial discovery in November 2007.

Since February 2008, defendants have responded to over 70 document requests by plaintiffs and have produced over 7,000 pages of documents. The bulk of defendants' documents were produced in April 2008, including the underwriting files and claims file related to the Participant. Wall Decl. ¶ 6. There were a few smaller productions in May and June. *Id.*

While plaintiff attempts to make much of the parties' two discovery disputes, in reality, they are minor disputes related to collateral issues. Despite the plaintiff's exaggerations about the time and expense involved, the motions have required little briefing. One was resolved through position letters and an exchange of short pleadings. The other is straightforward motion currently pending before Judge Laporte. In both instances, the parties dispute the relevance of third-party medical information to the propriety of United's decision to deny Alta Bates's claim for reimbursement related to the Participant.[3]

Plaintiff's disinformation campaign continues with its assertion that a problem with password protection further delayed Alta Bates's attempts to pursue discovery. Defendants produced one compact disk that included files that could not be printed without a password. Wall Decl. ¶ 7. Defendants, not plaintiff, discovered this glitch and served a replacement compact disk on May 22, 2008. *Id.* In other words, plaintiff's counsel had not even discovered that there was a problem, evidence that by late-May 2008 Alta Bates's counsel had not even begun a comprehensive document review. Alta Bates should not be able to rely upon its own failure to diligently pursue discovery to justify its delay in seeking leave to amend.

Alta Bates has intended for months to assert claims for bad faith and other torts. Rather than serve a proposed amended complaint as early as possible, Alta Bates postponed the filing and is now maintaining that defendants should not be permitted to conduct any additional discovery into

---

[3] The need to limit third-party information from unnecessary disclosure is significant in this case. Alta Bates's counsel has already disclosed the names and conditions of third-party patients in publicly filed documents on three occasions. Alta Bates filed one exhibit listing the names and medical conditions of a dozen patients without any redactions whatsoever. Alta Bates's disclosure of these names not only violates its employees' confidentiality, but also the court's protective order. Despite assurances that plaintiff would immediately move to have the documents be removed from

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

the new claims or, at most, very limited discovery. Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 50) at 4:8-15. Denial of leave to amend is proper where a party knows the facts supporting a claim but makes a tactical decision to postpone a filing to the prejudice of the opposing party. *Lockheed,* 194 F.3d at 985. It is evident that the primary purpose of Alta Bates's delay was to deprive defendants of a fair opportunity to investigate plaintiff's new claims prior to trial.

### (2) Allowing Leave to Amend after the Close of Discovery Would Prejudice Defendants

Defendants would be severely prejudiced if plaintiff were allowed to amend at this late date. While the court has vacated certain pre-trial deadlines and the trial date, discovery is closed. Unless discovery is reopened for defendants, they would not have an opportunity to investigate new allegations that survive motions to dismiss and to strike.

Alta Bates maintains that discovery into its new allegations would be unnecessary, and, thus, the late filing does not prejudice defendants. Plaintiff's Motion for Leave to File Second Amended Complaint at 4:8-15. This is a convenient position for Alta Bates to take. Although plaintiff readily admits that its counsel had the opportunity to conduct discovery throughout July to support its yet unpled claims, defendants did not have the luxury of knowing the factual bases of plaintiff's new tort claims and, thus, could not conduct any focused discovery.

Plaintiff disingenuously maintains that no additional discovery should be necessary because its counsel provided e-mail notification on July 8, 2008 that plaintiff was "considering" an amendment to include a claim for bad faith. *Id.* at 4:8-9. Plaintiff sent this short notice a mere three weeks before the end of discovery. Wall Decl., Ex. D. By that time, defendants had already completed the critical deposition of plaintiff's insurance broker, who negotiated the 2006 stop loss policy on Alta Bates's behalf and submitted the final signed Select Risk Questionnaire to United. Wall Decl. ¶ 9.

More importantly, the July 8 short e-mail did not discuss the substance of the bad faith claims or provide notice that plaintiff was considering claims for fraud and unfair business practices

---

the public record, Alta Bates's counsel has not acted to correct this problem.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

1  as well. Wall Decl. ¶ 9. Not surprisingly, plaintiff's arguments against allowing defendants any
2  additional discovery focus only on the bad faith claim and entirely ignore the proposed fraud and
3  unfair business practices claims. Plaintiff's counsel also indicated that plaintiff was merely
4  "considering" an amendment, not that it intended to file one. *Id.* Defendants cannot reasonably be
5  expected to conduct discovery into unpled allegations supporting claims that might never be
6  asserted. Indeed, such discovery would likely not be allowed under the Federal Rules.
7      Plaintiff had already decided, long before the end of June, to seek leave to amend. Instead
8  of acting quickly, plaintiff delayed the filing so that its counsel could conduct additional discovery
9  into its contemplated claims, while depriving defendants of an opportunity to do the same. This
10 decision plainly was not made in good faith.

### (3) Plaintiff Attempts to Avoid a Futility Argument by Refusing to Serve a Proposed Second Amended Complaint

Plaintiff did not serve a copy of the proposed second amended complaint with its motion for leave to amend, but merely describes its claims in a memorandum of law. The discussion is generalized and does not address the factual allegations supporting each element of each claim. Predictably, plaintiff uses the shotgun approach, relying upon an array of factually inaccurate and misleading statements to support its new claims for relief.[4]

In addressing the futility of proposed amendments, a motion to dismiss standard generally applies. While it is anticipated there will be numerous bases to attack the legal sufficiency of the proposed claims, defendants cannot make these legal challenges without seeing copy of the

---

[4] It is not possible to respond to all the significant inaccuracies here. For example, plaintiff represents that the Participant had been diagnosed in 2005 with only acute renal failure and that United's case management nurse admitted that she would not have projected that a person with this diagnosis would incur costs above the specific deductible. Plaintiff's Motion for Leave to File Second Amended Complaint at 8:19-24. As Alta Bates is well aware, the Participant actually had been diagnosed with chronic renal failure and was being prepped for kidney dialysis. In fact, Alta Bates admitted this fact in responses to requests for admission. Wall Decl., Ex. E. While a single hospital bill refers to a diagnosis code for "acute" renal failure, the record includes over 20 other hospital bills reflecting instances in which the Participant was diagnosed in 2005 with the more serious condition of chronic renal failure. Wall Decl. ¶ 11. Under the circumstances, Alta Bates cannot represent in good faith that the Participant only had "acute" renal failure and that the failure to disclose this condition was not material. Nonetheless, this is precisely the argument plaintiff advances in its opening papers to support its bad faith claim.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

7
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

proposed complaint. Therefore, while defendants believe the court will ultimately dismiss any newly pled claims, it cannot rely on a futility argument at this point due to plaintiff's failure to provide the proposed amendment. Nevertheless, for the reasons stated above, the motion to amend should be denied.

### C. In the Alternative, the Court Should Grant Leave to Amend with Conditions

In its motion to amend Plaintiff asserts that defendants should be precluded from conducting discovery into its new allegations. *See* Plaintiff's Motion for Leave to File Second Amended Complaint at 4:8-15. Granting leave to amend without reopening discovery for defendants would be an abuse of discretion. As a matter of due process and fairness, defendants must be afforded an opportunity to conduct discovery into new factual allegations, if any, that survive motions to dismiss and to strike.

If the court is inclined to grant leave to amend, defendants respectfully request that the following conditions be imposed:

1. Defendants should be permitted to conduct discovery into any new allegations that survive motions to dismiss and to strike.

2. The usual limits on discovery would apply. Defendants should be allowed to serve additional requests for production and third-party document subpoenas, 25 additional written interrogatories, and 25 additional requests for admission.

3. Defendants should be allowed to conduct 10 additional depositions related to the new claims. Any reconvened depositions would count against this 10 deposition limit. Notwithstanding the limitation that witnesses can only be deposed once, defendants should be allowed to reconvene the depositions of witnesses to pose questions related to new allegations. These reconvened depositions include Mary Pelkey and Mark Beiting of Alta Bates; Matthew Schafer and Deann Prefling of BRMS; and Linda Hunter of Alta Bates's insurance broker, ABD Insurance and Financial Services ("ABD"). In addition, defendants should have the right to reconvene the 30(b)(6) depositions of Alta Bates, BRMS and ABD.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

8
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

4. If defendants reconvene a deposition, then plaintiff should be ordered to pay the cost of these deposition sessions, such as costs for the deposition reporter, deposition transcript costs, and travel and lodging costs related to the depositions.

5. The deadline for defendants to counterdesignate an expert in response to plaintiff's designation of a "bad faith" expert should be extended until after the pleadings are at issue and defendants have completed additional fact discovery, if any.

6. The deadline for completing expert discovery should be extended until sometime after the completion of new fact discovery and defendants' deadline for counterdesignating an expert.

These conditions are both reasonable and fair. Plaintiff did not provide notice that it was contemplating an amended complaint until a mere three weeks before the close of discovery. Plaintiff's e-mail notification only indicated that plaintiff was "considering" a bad faith claim and did not even discuss the possibility of claims for fraud and unfair business practices.

The factual and legal bases for plaintiff's new tort claims still are not clear. To date, plaintiffs have not provided defendants a copy of any proposed second amended complaint. Under the circumstances, plaintiff cannot reasonably contend – as it does in its opening papers – that defendants should not be permitted to conduct any additional written and deposition discovery into plaintiff's proposed tort claims. Defendants should be allowed to re-depose Alta Bates, BRMS, ABD and other witnesses and question them about the factual bases of the bad faith, fraud and unfair competition claims.

Expert discovery deadlines also should be extended for defendants. Defendants had no need to counterdesignate an expert on an unpled bad faith claim. At defendants' discretion, however, they should be entitled to designate a rebuttal expert if the action is expanded to include tort claims. In the end, defendants might not need to counterdesginate an expert. Yet, defendants cannot make this determination until after the pleadings are at issue and fact discovery related to the new claims is complete.[5]

---

[5] There is no reason to reopen discovery to plaintiff. Plaintiff admits in its opening papers that it has no need to conduct additional discovery, except for limited discovery related to its claims for

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Finally, the court has the power to require plaintiff to pay the costs associated with its delay. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F3d 1500, 1514 (9th Cir. 1995). Shifting the costs to reconvene depositions is appropriate since these additional costs would not have been incurred if plaintiff had sought leave to amend in a timely manner.

### 3.   CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend should be denied.

In the alternative, the court should grant leave to amend with the conditions outlined above. Defendants further request that the court issue a modified scheduling order related to defendants' discovery deadlines after the court rules on motions to dismiss and to strike.

Dated: September 9, 2008

BARGER & WOLEN LLP

By: _____
J. RUSSELL STEDMAN
TRAVIS R. WALL
Attorneys for Defendants
UNITED OF OMAHA LIFE
INSURANCE COMPANY and
MUTUAL OF OMAHA
INSURANCE COMPANY

---

punitive damages. Plaintiff's Motion for Leave to File Second Amended Complaint at 4:3-7. Plaintiff should not be allowed to rely on its own delay in amending to obtain the right to conduct additional fact discovery.

10

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800