J. Russell Stedman (117130), rstedman@barwol.com
Travis R. Wall (191662), twall@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants
UNITED OF OMAHA LIFE INSURANCE
COMPANY and MUTUAL OF OMAHA
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY,<br><br>    Defendants. | CASE NO.: C 07 4224 JSW<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:         October 17, 2008<br>Time:         9:00 a.m.<br>Courtroom: 2, 17th Floor<br><br>The Honorable Jeffrey White |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

[PROPOSED] ORDER

## [PROPOSED] ORDER

On the motion by plaintiff for leave to file a second amended complaint (Docket No. 50), the motion having been submitted and considered:

It is hereby ordered that plaintiff's motion is DENIED.

Federal rules of civil procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Yet, this right is not without limits. A district court need not grant leave to amend "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The liberal standard under Rule 15 for granting leave to amend does not even apply here. When filing a motion for leave to amend after a court imposed deadline, a party must meet the more stringent "good cause" showing for relief from a scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992). The parties stipulated in their joint case management statement that motions for leave to amend would be filed no later than January 28, 2008. Docket No. 22 at 4:18-19. The court's minute order from the case management conference did not refer to this deadline. Docket No. 23. By rule, however, case management scheduling orders must limit the time to file amended pleadings. Fed. R. Civ. P. 16(b)(3)(A). Since the court did not adopt a different date, the stipulated January 28 deadline necessarily applies. In any event, plaintiff cannot reasonably argue that an amendment filed at the close of discovery is timely under the court's scheduling order. For these reasons, plaintiff must satisfy the more stringent "good cause" standard.

The court concludes the motion should be denied regardless of which standard applies. Plaintiff knew of the operative facts related to its proposed bad faith, fraud and unfair competition claims since early 2008 and was already contemplating tort claims at that date, yet unjustifiably waited until the close of discovery to seek leave to amend. This delay deprived defendants of an ability to explore the new claims in discovery. This delay not only is unjustified, but suggests bad faith conduct. Denial of leave to amend is proper where, as here, a party knows of the operative facts supporting its claim, but chooses for tactical reasons to delay the filing.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

[PROPOSED] ORDER

Plaintiff's excuse for postponing the filing – supposedly delays by defendants in discovery – is not supported by the record. Plaintiff should have pursued its discovery more diligently. Moreover, the facts supporting the proposed new claims – such as the involvement of United of Omaha's case management nurse in overseeing the treatment of the Participant, United's treatment of claims related to CC, and United's supposed knowledge about Benefit & Risk Management Services's alleged limitations in generating trigger diagnosis reports – were all known to plaintiff very early in this litigation. Thus, the asserted discovery delays did not impact plaintiff's ability to move to amend sooner.

[In the alternative, it is hereby ordered that plaintiff's motion for leave to amend is granted with the following conditions:

1. Defendants will be permitted to conduct discovery into any new allegations that survive motions to dismiss and to strike. Plaintiff has indicated that it has no need for additional fact discovery.

2. The usual limits on discovery apply. Defendants will be allowed to serve additional requests for production and third-party document subpoenas, 25 additional written interrogatories, and 25 additional requests for admission.

3. Defendants shall be allowed to conduct 10 additional depositions related to the new claims. Any reconvened depositions count against this 10 deposition limit. Notwithstanding the limitation that witnesses can only be deposed once, defendants will be allowed to reconvene the depositions of following witnesses to pose questions related to new allegations: Mary Pelkey and Mark Beiting of Alta Bates; Matthew Schafer and Deann Prefling of BRMS; and Linda Hunter of Alta Bates's insurance broker, ABD Insurance and Financial Services ("ABD"). In addition, defendants have the right to reconvene the 30(b)(6) depositions of Alta Bates, BRMS and ABD.

4. If defendants reconvene a deposition, then plaintiff shall be liable to pay all costs associated with these depositions, including without limitation costs for the deposition reporter, deposition transcript costs, and travel and lodging costs.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

2
[PROPOSED] ORDER

5. The deadline for defendants to counterdesignate an expert in response to plaintiff's designation of a "bad faith" expert shall be extended until after the pleadings are at issue and defendants have completed additional fact discovery, if any.

6. The deadline for completing expert discovery shall be extended until sometime after the completion of new fact discovery and defendants' deadline for counterdesignating an expert. ]

Dated: _____                                   _____

                                                        The Honorable Jeffrey White
United States District Judge

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

3
[PROPOSED] ORDER