1    J. Russell Stedman (117130), rstedman@barwol.com
     Travis R. Wall (191662), twall@barwol.com
2    BARGER & WOLEN LLP
     650 California Street, 9th Floor
3    San Francisco, California 94108-2713
     Telephone: (415) 434-2800
4    Facsimile: (415) 434-2533

5    Attorneys for Defendants
     UNITED OF OMAHA LIFE INSURANCE
6    COMPANY and MUTUAL OF OMAHA
     INSURANCE COMPANY

7

8                  **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11    ALTA BATES SUMMIT MEDICAL      )   CASE NO.: C 07 4224 JSW
     CENTER,                           )
12                                )
               Plaintiff,          )   **DECLARATION OF TRAVIS R. WALL**
13                                )   **IN OPPOSITION TO PLAINTIFF'S**
           vs.                    )   **MOTION FOR LEAVE TO FILE**
14                                )   **SECOND AMENDED COMPLAINT**
     UNITED OF OMAHA LIFE INSURANCE    )
15    COMPANY and MUTUAL OF OMAHA      )   **Date:**       **October 17, 2008**
     LIFE INSURANCE COMPANY,        )   **Time:**       **9:00 a.m.**
16                                )   **Courtroom: 2, 17th Floor**
             Defendants.      )
17                                )
                               )
18    _____ )
                                 **The Honorable Jeffrey White**
19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

I, Travis R. Wall, declare:

1.    I am an attorney with the law firm of Barger & Wolen, LLP, attorneys of record for Mutual of Omaha Insurance Company ("Mutual") and United of Omaha Life Insurance Company ("United"). I make this declaration in support of defendants' opposition to plaintiff's motion for leave to file a second amended complaint. I have personal knowledge of the facts declared herein and if called upon to testify can and will competently testify thereto.

2.    Defendants and plaintiff submitted a Joint Case Management Statement on December 7, 2007. A true and correct copy of the parties' Joint Case Management Statement is attached as Exhibit A.

3.    Plaintiff served its initial disclosures prior to the initial case management conference. Among other items, plaintiff's disclosures included claim documents about two participants, including CC. That participant has been an issue in this case from the beginning.

4.    On March 31, 2008, Alta Bates produced documents that included e-mails in which United's case management nurse requested that Alta Bates's TPA provide information related to DJ. A true and correct redacted copy of a document from that production, numbered BRMS00712, is attached as Exhibit B.

5.    On January 10, 2008, Alta Bates served its responses to United's first set of interrogatories. A true and correct redacted copy of those responses is attached as Exhibit C.

6.    Plaintiff did not serve any written discovery in this litigation until February 12, 2008. By contrast, defendants served their initial written discovery in November 2007. To date, defendants have responded to over 70 document requests and produced over 7000 pages of documents. The bulk of defendants' production occurred in April 2008, including the underwriting files for the Alta Bates's policies from 2003 to 2006 and the claims file related to the Participant.

7.    On May 22, 2008, I discovered that one of the compact disks defendants had produced included files that could not be printed without a password. I immediately notified plaintiff's counsel of this issue and served a replacement disk. Prior to my notice in late May, plaintiff's counsel had not mentioned the problem to anyone in our office or requested a replacement disk.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

DECLARATION OF TRAVIS R. WALL

8.    On July 8, 2008, I received an e-mail from Leslie Murphy, Esq., counsel for Alta Bates, in which she indicated that her client was "considering" filing a bad faith claim and asked whether defendants would stipulate to extend the discovery deadline.  A true and correct copy of this e-mail is attached as Exhibit D.

9.    The e-mail did not describe the bases for alleging bad faith or indicate that plaintiff also was considering fraud and unfair competition claims.  Defendants could not have conducted any focused discovery into this unpled and ill-defined "claim."  In addition, by the time I received Ms. Murphy's e-mail, defendants had already completed the deposition of Alta Bates's insurance broker, Linda Hunter of ABD Insurance and Financial Services ("ABD").  Ms. Hunter not only negotiated the 2006 stop loss policy on behalf of Alta Bates, but also submitted the final signed Select Risk Questionnaire to United on behalf of her client.

10.    Attached as Exhibit E is a true and correct copy of plaintiff's responses to United's first set of requests for admission.  In that response, Alta Bates admits that in 2005 the Participant had been diagnosed with chronic renal failure and that Alta Bates's third-party administrator approved medical procedures related to this condition.

11.    On July 29, 2008, I took the deposition of Deann Prefling.  She is an employee who works for Alta Bates's third-party administrator, Benefit & Risk Management Services.  Counsel for Alta Bates was present during this entire deposition.  At her deposition, Ms. Prefling authenticated business records and other documents reflecting the medical treatments and diagnosis codes for the Participant.  These records contained diagnosis codes and other information extracted from hospital bills that BRMS had processed and paid in 2005.  Ms. Prefling testified that BRMS's records reveal that, in 2005, the Participant had received treatments related to chronic renal failure on over 20 occasions and was being prepped for kidney dialysis.  By contrast, there was only a single entry in these records reflecting a diagnosis code of acute renal failure.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

2
DECLARATION OF TRAVIS R. WALL

1        I declare under penalty of perjury that the foregoing is true and correct. Executed on

2    September 9, 2008, in San Francisco, California.

3

4     

5                               Travis R. Wall

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

3

DECLARATION OF TRAVIS R. WALL

# EXHIBIT "A"

1   J. Russell Stedman (117130), rstedman@barwol.com
     Travis R. Wall (191662), twall@barwol.com
2   BARGER & WOLEN LLP
     650 California Street, 9th Floor
3   San Francisco, California 94108-2713
     Telephone: (415) 434-2800
4   Facsimile: (415) 434-2533

5   Attorneys for Defendants
     UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA
6   INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER, | CASE NO.: C 07-4224 JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date: Dec. 14, 2007 |
| UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA LIFE INSURANCE COMPANY, | Time: 1:30 PM<br>Place: Courtroom 2 |
| Defendants. | |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

JOINT CASE MANGEMENT STATEMENT

1059428v1 33802/0004

1    Plaintiff Alta Bates Summit Medical Center ("Alta Bates") and Defendants United of

2    Omaha Life Insurance Company ("United of Omaha") and Mutual of Omaha Insurance Company,

3    erroneously named as Mutual of Omaha Life Insurance Company ("Mutual of Omaha"), submit the

4    following joint case management statement.

5                              1.    JURISDICTION AND SERVICE

6    The court has jurisdiction under 28 U.S.C. § 1332. This is a civil action between citizens

7    of different states, and the amount in controversy exceeds the sum of $75,000.00 exclusive of

8    interest and costs. Plaintiff Alta Bates originally filed the action in state court, and defendants

9    United of Omaha and Mutual of Omaha removed pursuant to 28 U.S.C. § 1441(b). All named

10   defendants have been served and have appeared in the action.

11                              2.    FACTS

12   A.    Brief Statement of Background Facts

13   Alta Bates established a self-funded employee medical plan covering its employees'

14   medical needs. Alta Bates hired a third-party administrator, Benefit & Risk Management Services,

15   Inc. ("BRMS"), to manage its employee benefit plan.   Alta Bates purchased "stop loss" insurance

16   to protect Alta Bates against the risk of paying catastrophic claims under the plan. This action

17   concerns the stop loss insurance policy issued by United of Omaha for 2006.

18   United of Omaha provided stop loss insurance to Alta Bates commencing in 2003,

19   including policy number UP-90X4 effective January 1, 2006 (the "Policy").[1] The 2006 policy had

20   a specific deductible of $250,000 per participant and a maximum specific reimbursement of

21   $1,750,000 per participant. Thus, after the paid medical expenses for a particular employee

22   exceeded $250,000, United of Omaha reimbursed Alta Bates for that employee's eligible medical

23   expenses up to a total maximum amount of $1,750,000.

24

25

26   [1]  The parties dispute which company issued the applicable stop loss policy to Alta Bates.
     Defendants contend that only United of Omaha issued the policy, as evidenced by the face of the
27   policy itself. Plaintiff contends that both defendants are liable under the policy. For the sake of
     convenience, this statement of facts refers to "United of Omaha" as the applicable insurer. The use
28   of this phrase is not intended to constitute an admission in any way by plaintiff regarding the
     insuring company or the liability of either defendant under the policy.

-2-

JOINT CASE MANAGEMENT STATEMENT

1059428v1 33802/0004

1    As part of the application and renewal process for stop loss coverage, Alta Bates

2    submitted a Select Risk Questionnaire to United of Omaha's underwriters. Information from this

3    disclosure, in addition to other information, was used to set premiums and to adjust specific

4    deductibles for individuals with known medical conditions. Alta Bates executed a Select Risk

5    Questionnaire for the 2006 policy year renewal on December 7, 2005, and mailed it to United of

6    Omaha on December 12, 2005 (the "12-7-05 Select Risk Questionnaire"). This disclosure did not

7    identify or disclose a participant who had been diagnosed with chronic renal failure and other

8    illnesses in 2005 (the "Participant"). Alta Bates submitted another report to United of Omaha on

9    January 28, 2006, that disclosed the participant at issue and her diagnosis.

10   Through BRMS, Alta Bates submitted a Specific Reimbursement Request related to the

11   Participant in July 2006, August 2006, December 2006, and January 2007. Plaintiff contends that

12   the Stoploss Department of Mutual of Omaha initially denied the claims based on the

13   "MISSTATED DATA" provision of the Policy, because the Participant was not disclosed on the 12-

14   7-05 Select Risk Questionnaire. Plaintiff is unclear whether Mutual of Omaha or United of Omaha

15   issued later denials. Alta Bates contends that is entitled to reimbursements under the policy totaling

16   at least $1,729,568.96, together with interest thereon until paid in full.

17   United of Omaha has served discovery requests exploring the relationship between

18   BRMS and Alta Bates with respect to the reimbursement of the Participant's medical expenses and

19   the prosecution of this lawsuit.

20       B.    Contested Issues of Fact

21   Alta Bates contends that it met all conditions precedent to payment of the claim. United

22   of Omaha contends that, due to the failure to disclose the patient's diagnosis with renal failure prior

23   to January 1, 2006, United of Omaha was entitled to and properly denied the claim for

24   reimbursement pursuant to the terms of the Policy. The parties agree that Alta Bates did not

25   disclose the Participant's diagnosis to United of Omaha on the Select Risk Questionnaire prior to

26   January 1, 2006, the effective date of the Policy. Alta Bates contends, among other things, that it

27   disclosed the patient's diagnosis on a report submitted to United of Omaha on January 28, 2006,

28   and that this report should be considered a timely supplemental disclosure.

-3-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

1        Defendants contend that United of Omaha alone issued the Policy and that, as a matter of

2  law, Mutual of Omaha must be dismissed since it is not a party to the contract. Alta Bates contends

3  that Mutual of Omaha is responsible, in whole or in part, for the debt and has declined defendants'

4  request to dismiss Mutual of Omaha.

### 3.    LEGAL ISSUES

6        The disputed legal issues relate to: (a) contract interpretation; (b) Alta Bates's legal basis

7  for suing Mutual of Omaha under the Policy; and (c) Alta Bates's right or standing to sue for

8  damages to the extent that it has been reimbursed for all applicable medical expenses related to the

9  Participant.

### 4.    MOTIONS

11       United of Omaha will move for summary judgment on the ground that it had the right

12  under the Policy to deny the claim and is entitled to a judgment as a matter of law.

13       Mutual of Omaha will move for summary judgment on the independent grounds that

14  United of Omaha properly denied the claim pursuant to the Policy and that Mutual of Omaha is not

15  a party to the Policy and thus cannot be held liable for breach of that contract.

16       Alta Bates does not anticipate filing any motions before time of trial.

### 5.    AMENDMENT OF PLEADINGS

18       The parties do not contemplate amendments to the pleadings at this time. The parties

19  propose a deadline of January 28, 2008, to seek leave to amend to add new claims or defenses.

### 6.    EVIDENCE PRESERVATION

21       The parties have taken steps to preserve evidence relevant to the action, including the

22  interdiction of any document-destruction program and the ongoing erasures of e-mails, voice mails,

23  and other electronically-recorded material.

### 7.    DISCLOSURES

25       The parties have completed their initial disclosures. Defendants identified witnesses

26  associated with Alta Bates, BRMS, ABD Insurance and Financial Services (Alta Bates's insurance

27  broker), and United of Omaha. Potential subject areas of testimony include: Alta Bates's risk

28  management procedures; the applications and disclosures for Alta Bates's stop loss insurance for

-4-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

1   years 2003, 2004, 2005, and 2006; United of Omaha stop loss operations, procedures, and reporting

2   requirements for underwriting and case management; BRMS reporting and case management from

3   2003 to 2006, including reporting regarding the Participant; the handling of Alta Bates's claim for

4   reimbursement related to the Participant; payments and agreements between BRMS, ABD

5   Insurance and Financial Services, and Alta Bates related to the Participant and the prosecution of

6   this lawsuit.

7          Plaintiff produced various categories of documents including: stop loss policy

8   documents; policy manuals; documents related to Alta Bates's application for stop loss insurance,

9   including disclosures; documents related to an audit by Mutual of Omaha of BRMS in 2005;

10  documents related to Alta Bates' s claim for reimbursement of Participant's medical expenses; and

11  documents related to Alta Bates's claim for reimbursement on other employees during 2006 that

12  were reimbursed by United/Mutual of Omaha.

13         Defendants produced various categories of documents, including:  policy documents;

14  TPA manuals and guides; documents related to Alta Bates's applications for and renewals of stop

15  loss insurance, including disclosures Alta Bates submitted for year 2006 and prior years; and

16  documents related to Alta Bates's claim for reimbursement of the Participant's medical expenses.

17                8.     DISCOVERY

18         The parties do not request any changes to the limitations on discovery.  The parties

19  anticipate that each side will take three to ten depositions and exchange document requests,

20  interrogatories and requests for admission.  Defendants have served written discovery on Alta Bates

21  and third-party document subpoenas on Alta Bates's broker and BRMS.

22               9.     CLASS ACTIONS

23         This section is inapplicable.

24              10.     RELATED CASES

25         There are no related cases or proceedings.

26              11.     RELIEF

27         Plaintiff seeks damages for breach of contract.  Plaintiff currently estimates that the

28  amount at issue is at least $1,729,568.96, plus interest.  Plaintiff contends that Alta Bates incurred

-5-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004

approximately $1,976,926.42 in medical expenses related to the Participant. The $1,729,568.96 figure represents that total expenses paid minus the $250,000 specific deductible.

Without admitting any liability, defendants contend that, if damages were awarded, Alta Bates claimed damage figure must be reduced significantly. Among other limits and conditions, the Policy places maximum allowable limits on expenses and requires the policyholder to subject claims to pre-certification and utilization review, to provide immediate notice of pending plan losses and certain diagnoses including renal failure, and to employ large claim management procedures. Plaintiff's failure to adhere to these terms and conditions might result in the reduction of covered claimed expenses. Moreover, many claimed expenses might have been compensable through Medicare or from other third-party sources, in which case they might not constitute covered losses under the Policy.

## 12.    SETTLEMENT AND ADR

The parties have stipulated to court ordered mediation. Pursuant to court order, mediation must be completed by January 28, 2008. In order to engage in meaningful settlement negotiations, the parties need to exchange written discovery and documents prior to the mediation date.

## 13.    CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a magistrate judge for all purposes.

## 14.    OTHER REFERENCES

The parties do not feel that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. This is a straightforward contract dispute. Moreover, defendants contend that they are entitled to judgment in their favor as a matter of law.

## 15.    NARROWING OF ISSUES

The parties anticipate that they will be able to stipulate to key facts. The parties do not request bifurcation of any issues, claims or defenses.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-6-

JOINT CASE MANAGEMENT STATEMENT

1059428v1 33802/0004

16.     EXPEDITED SCHEDULE

The parties do not believe that this case should be subject to streamlined procedures. The parties need sufficient time to exchange written discovery and take depositions that may be difficult to schedule, as well as the opportunity to file and have dispositive motions heard.

17.     SCHEDULING

The parties propose the following schedule and deadlines:

| | |
|---|---|
| Disclosure of experts and expert reports: | July 18, 2008 |
| Fact discovery cutoff | July 31, 2008 |
| Fact discovery motions: | August 11, 2008 |
| Filing of dispositive motions: | August 11, 2008 |
| Disclosure of rebuttal experts: | August 15, 2008 |
| Expert discovery cut off: | September 3, 2008 |
| Expert discovery motions: | September 12, 2008 |
| Motions in limine: | September 19, 2008 |
| Oppositions to motions in limine: | September 29, 2008 |
| Joint proposed pretrial order: | September 29, 2008 |
| Proposed findings of fact and conclusions of law and trial briefs: | September 29, 2008 |
| Final pretrial conference: | October 20, 2008, at 2:00 PM |
| Trial: | October 27, 2008, at 8:30 AM |

18.     TRIAL

The case will be tried to the court. The parties estimate the trial to last four to six court days.

19.     DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16 ("3-16 Disclosure"). Other than the parties to this litigation, defendants have no additional entities or persons to disclose.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1059428v1 33802/0004      JOINT CASE MANAGEMENT STATEMENT

1     Plaintiff contends no 3-16 Disclosure has been required to date, and will file a statement

2    prior to the Case Management Conference pursuant to Civil L.R. 3-16.  The statement will certify

3    that other than the named parties, there is no interest to be certified.

4                    **20.    ADDITIONAL MATTERS**

5     The parties do not have any addition matters to bring to the court's attention regarding

6    case management.

7

8    Dated:  December 7, 2007                BARGER & WOLEN LLP

9

10                        By: _____

11                            J. RUSSELL STEDMAN
                              TRAVIS R. WALL

12                            Attorneys for Defendants
                            UNITED OF OMAHA LIFE

13                            INSURANCE COMPANY and
                            MUTUAL OF OMAHA

14                            INSURANCE COMPANY

15    Dated:  December 7, 2007                MCDONOUGH HOLLAND & ALLEN PC

16

17                        By: _____

18                            MARCIA L. AUGSBURGER
                            LESLIE C. MURPHY

19                            Attorneys for Plaintiff
                            ALTA BATES SUMMIT MEDICAL

20                            CENTER

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

JOINT CASE MANAGEMENT STATEMENT

1059428v1 33802/0004

# EXHIBIT "B"

REDACTED

**DeAnn Prefling**

| | |
|---|---|
| **From:** | DeAnn Prefling |
| **Sent:** | Tuesday, February 14, 2006 6:36 AM |
| **To:** | Mark Lucas |
| **Subject:** | RE: Mutual |

I have looked up D████ J████ and she doesn't have any high dollar claims out there that I can identify as dialysis claims.  I will check with Shanette to see if she has any.  If she is going somewhere that is non participating they may have gone to Sara for negotiation.

On the ████ babies, they have some high dollar professional bills that are in held status. I noticed in moms history that she has a facility bill from ABSMC for billed charges of $131603.92.  All of the bills are on hold for over examiner limit so I will put a note in the system to hold until ok by reinsurance carrier.

I will have Shanette pull all that she has for these two cases and let you know.  I won't be in the office today, Mikie is sick, so I won't have anything concrete until tomorrow. Please update Patricia that we will pull all related charges and let her know what they are.  Once I get the claims pulled we can scan and send down to her.

Thanks
DeAnn

-----Original Message-----
From: Mark Lucas
Sent: Monday, February 13, 2006 1:10 PM
To: DeAnn Prefling
Subject: FW: Mutual
Importance: High

Dear DeAnn,
Can you please read this email and advise me on the UB92's, billing, and discount. Mutual is wanting to send this for outside review, Care Assist is going to cost money. Are we going to have to pay for Care Assist's charges???
Thanks,
Mark

-----Original Message-----
From: Patricia.Swank@mutualofomaha.com
[mailto:Patricia.Swank@mutualofomaha.com]
Sent: Monday, February 13, 2006 7:59 AM
To: Mark Lucas; Jeanette Davidson
Subject: info


Ok, I emailed you too soon. On D████ J████, do you know where she is going for dialysis and how much the discount is? Also, on the ████ babies (per Peggy) we need the charges to date on them - we need to see the interim bill w/the UB92's and she would like to know if you have had a physician review of the babies plan of care? Peggy would like you to hold on paying the bills on the claimants that we've received info on, until we've had a chance to see the bills, as we may want to send them for outside review.
This is alot of info, and I appreciate your help!


Patricia Swank RN, BSN
Mutual of Omaha Stop/Loss
Case Management

1

CONFIDENTIAL

# EXHIBIT "C"

1 | McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
2 | MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
3 | 555 Capitol Mall, 9th Floor
Sacramento, CA 95814
4 | Phone: 916.444.3900
Fax:    916.444.8989
5 |
Attorneys for Plaintiff
6 | Alta Bates Summit Medical Center

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | ALTA BATES SUMMIT MEDICAL    ) CASE NO.  C 07-4224 JSW
CENTER,                                              )
12 |                                                            ) **PLAINTIFF ALTA BATES SUMMIT**
                                              Plaintiff,     ) **MEDICAL CENTER'S RESPONSE TO**
13 |          v.                                         ) **DEFENDANT UNITED OF OMAHA'S FIRST**
                                                            ) **SET OF INTERROGATORIES**
14 | UNITED OF OMAHA LIFE INSURANCE )
COMPANY, et al.,                              )
15 |                                                            )
                                              Defendants.  )
16 |                                                            )
17 | _____ )

18 |         TO DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY ("UOO"), AND

19 | TO ITS attorneys of record herein:

20 |         Plaintiff ALTA BATES SUMMIT MEDICAL CENTER ("ABSMC") hereby responds to

21 | United of Omaha Life Insurance Company's ("UOO") First Set Of Interrogatories, pursuant to

22 | Federal Rule of Civil Procedure Rules 33 and 26.

23 | **GENERAL OBJECTIONS**

24 |         Plaintiff objects to the interrogatories propounded on the following grounds, which

25 | objections are incorporated into each and every specific response set forth below:

26 |         1.    Plaintiff objects to each interrogatory to the extent that it seeks production of

27 | information protected by the attorney client privilege or attorney work product rule.

28 |         2.    Plaintiff objects to each interrogatory to the extent that it seeks to expand

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

1

ABSMC's Response to United of Omaha's Interrogatories                                1056676v2 33802/0004

1  "agreements," written or oral, would impose an undue burden or cost on ABSMC, in that ABSMC

2  would be required to identify each and every oral or written agreement and determine whether they

3  contain terms "RELATED TO this lawsuit" or ABSMC's claims against Defendants and compile the

4  requested information.

5  **INTERROGATORY NO. 15:**

6      State ALL facts supporting any contention by YOU that UNITED OF OMAHA improperly

7  denied YOUR claim under the POLICY for reimbursement of medical expenses RELATING TO the

8  EMPLOYEE PATIENT.

9  **RESPONSE TO INTERROGATORY NO. 15:**

10      ABSMC incurred Eligible Losses as defined in the POLICY which exceeded the Aggregated

11  Specific Deductible thereunder, and submitted written requests to UOO/MOO for payment, as

12  evidenced by the documents ABSMC previously produced in this case labeled ABSMC00125-0042;

13  00424-00451; 00453-00975; 00977-01071.

14      UOO/MOO's denial of the claim on the ground that ABSMC did not disclose Ms. J▮▮▮ case

15  before the POLICY was renewed was wrongful because, *inter alia*, the SELECT RISK

16  QUESTIONNAIRE does not indicate that ABSMC was required to identify cases of serious injury

17  or illness before renewal. Rather, the SELECT RISK QUESTIONNAIRE unambiguously states that

18  "[a]s an **alternative** to completing Attachment A, the Applicant may attach a report(s) that

19  contain(s) the information requested for Attachment A ... **within 30 days** of the Proposed Effective

20  Date ." (emphasis added), i.e., within 30 days before or after January 1, 2006. ABSMC submitted a

21  report identifying Ms. J▮▮▮ as an individual with a diagnosis code listed on the SELECT RISK

22  QUESTIONNAIRE on January 28, 2006. Accordingly, the submission was timely. UOO's denial

23  was also improper because *inter alia*, the denial imposed an unlawful forfeiture; the parties' prior

24  course of conduct supports an interpretation of the SELECT RISK QUESTIONNAIRE and POLICY

25  that favors payment of the claim at issue; Defendants are estopped to assert otherwise; and

26  Defendants were obligated by virtue of the covenant of good faith and fair dealing to process and

27  pay the claims at issue.

28      Because discovery and investigation are continuing, ABSMC cannot state ALL facts



9

1  supporting these contentions, but supporting facts presently believed to be true include the

2  following:

3         1. ABSMC was not required to identify claims by diagnosis code for policies in

4  effect prior to the POLICY, indicating, *inter alia*, that such identification was not material;

5         2. UOO/MOO did not consider the disclosures in its underwriting process or in

6  determining the financial terms of coverage;

7         3. Defendants did not advise ABSMC or BRMS that the SELECT RISK

8  QUESTIONNAIRE or January 28, 2006 notice were insufficient or ineffective for renewal, or that

9  the SELECT RISK QUESTIONNAIRE or January disclosure would not suffice as proper notice of

10  the claim at issue, but Defendants renewed/issued the POLICY and accepted premiums after

11  receiving the January 28, 2006 disclosure.

12  **INTERROGATORY NO. 16:**

13      Identify by name, address and phone number every person with knowledge of the facts

14  supporting any contention by YOU that UNITED OF OMAHA improperly denied YOUR claim

15  under the POLICY for reimbursement of medical expenses RELATING TO the EMPLOYEE

16  PATIENT.

17  **RESPONSE TO INTERROGATORY NO. 16:**

18      Persons with knowledge of these contentions are listed in the parties' written disclosures and

19  are apparent from the documents ABSMC already produced.  The identification of these persons

20  may be determined by examining, auditing, compiling, abstracting, or summarizing a party's

21  business records/electronically stored information and the burden of deriving or ascertaining the

22  answer will be substantially the same for either party.  Accordingly, pursuant to rule 33(d), ABSMC

23  hereby specifies the records that ABSMC produced in connection with its Rule 26 disclosure herein

24  as records that UOO may review for the information requested, and in addition, the documents

25  produced herewith.

26  **INTERROGATORY NO. 17:**

27      Describe by category, date, author, and location ALL DOCUMENTS containing information

28  supporting any contention by YOU that UNITED OF OMAHA improperly denied YOUR claim

MHA
Donough Holland & Allen PC
Attorneys at Law

1  under the POLICY for reimbursement of medical expenses RELATING TO the EMPLOYEE

2  PATIENT.

3  **RESPONSE TO INTERROGATORY NO. 17:**

4       This information may be obtained by examining, auditing, compiling, abstracting, or

5  summarizing a party's business records/electronically stored information and the burden of deriving

6  or ascertaining the answer will be substantially the same for either party. Accordingly, pursuant to

7  rule 33(d), ABSMC hereby specifies the records that ABSMC produced in connection with its Rule

8  26 disclosure herein as records that UOO may review for the information requested, and in addition,

9  the documents produced herewith.

10  **INTERROGATORY NO. 18:**

11       State by amount and category all damages you seek in this legal action.

12  **RESPONSE TO INTERROGATORY NO. 18:**

13       At this time, ABSMC believes its general damages are $1,729,568.96, together with interest

14  thereon until paid in full. The calculation of this amount is based on the "Specific Reimbursement

15  Request Forms" submitted for Employee Patient, which were produced on compact disk, in

16  connection with Plaintiff's initial disclosure. See documents labeled ABSMC00125, 00424, 00453,

17  and 00977.

18  DATED: January 10, 2008

19                           McDONOUGH HOLLAND & ALLEN PC
20                           Attorneys at Law

21  

22                           By: _____
                               Marcia L. Augsburger

23                           Attorneys for Alta Bates Summit Medical Center

24  

25  

26  

27  

28  

ABSMC's Response to United of Omaha's Interrogatories                            1056676v2 33802/0004

MHA
McDonough Holland & Allen PC
Attorneys at Law

# EXHIBIT "D"

**Wall, Travis R.**

| | |
|---|---|
| **From:** | Leslie Murphy [lmurphy@mhalaw.com] |
| **Sent:** | Tuesday, July 08, 2008 5:09 PM |
| **To:** | Wall, Travis R. |
| **Cc:** | Marcia L. Augsburger; Corene Rodder |
| **Subject:** | ABSMC v. MOO/UOO |

Travis:

Do you have Betty Coyle Roberts availability for her continued deposition?  Also, we were recently informed that Mary Pelkey is on a criminal jury trial.  We understand the trial is expected to end the week of July 21st.  At this point, we do not believe we need to reschedule her deposition, but we wanted you to be aware of the possibility if the trial lasts longer than expected.

On another matter that may affect scheduling, we are considering whether to seek leave to amend the complaint, as we now believe, based on the deposition testimony, there is evidence of bad faith. This will require leave from the Court's scheduling order regarding amendment of pleadings. We assume you will not stipulate, but if that is incorrect, please advise. Of course, we believe that it would be much more efficient if you would stipulate to the amendment and to moving the discovery deadline off.  Please let us know if you are willing to do so.

Thank you,

Leslie C. Murphy, Esq.
McDonough Holland & Allen PC
555 Capitol Mall, 9th Floor
Sacramento,  California 95814
Telephone:  916/325-4510
Fax:  916/444-8989

Confidentiality Notice: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication. If you have received this communication in error, please contact our IT Department by email at helpdesk@mhalaw.com, or by telephone at (916) 444-3900. Thank you.

# EXHIBIT "E"

1  McDONOUGH HOLLAND & ALLEN PC
   Attorneys at Law
2  MARCIA L. AUGSBURGER (SBN 145686)
   LESLIE C. MURPHY (SBN 227454)
3  555 Capitol Mall, 9th Floor
   Sacramento, CA  95814
4  Phone: 916.444.3900
   Fax:   916.444.8989
5
   Attorneys for Plaintiff
6  Alta Bates Summit Medical Center

7

8                         UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10  ALTA BATES SUMMIT MEDICAL      )    CASE NO.  C 07-4224 JSW
    CENTER,                        )
11                                 )    **PLAINTIFF ALTA BATES SUMMIT**
                                   )    **MEDICAL CENTER'S RESPONSE TO**
                       Plaintiff,  )    **DEFENDANT UNITED OF OMAHA'S FIRST**
12         v.                      )    **SET OF REQUESTS FOR ADMISSION**
                                   )
13  UNITED OF OMAHA LIFE INSURANCE )
    COMPANY, et al.,               )
14                                 )
                       Defendants. )
15                                 )
                                   )
16  _____)

17  PROPOUNDING PARTY:    Defendant UNITED OF OMAHA LIFE INSURANCE COMPANY

18  RESPONDING PARTY:     Plaintiff ALTA BATES SUMMIT MEDICAL CENTER

19  SET NUMBER:           ONE

20       Alta Bates Summit Medical Center ("ABSMC") submits the following in response to United

21  of Omaha Life Insurance Company's Requests for Admission, Set One, pursuant to Federal Rule of

22  Civil Procedure Rule 36.

23       Plaintiff objects to the request for admissions on the following grounds, which objections are

24  incorporated into each and every specific response set forth below:

25       1.    Plaintiff objects to each request to the extent that it seeks production of information

26  protected by the attorney/client privilege or attorney work product rule.

27       2.    Plaintiff objects to each request to the extent that it seeks to expand upon the

28  obligation of the responding party under Federal Rule of Civil Procedure, Rules 26 and 36, and will

**MHA**
:Donough Holland & Allen PC
Attorneys at Law

                                          1

1   not provide information other than that required under these statutes.

2         3.     Plaintiff has not completed its investigation of facts related to this case, has not

3   completed discovery, and has not completed preparation for trial.  Thus, Plaintiff's responses at this

4   stage are made only on the basis of currently known and reasonably available information.  These

5   responses do not purport to constitute a final statement of all of Plaintiff's knowledge regarding a

6   particular subject and are made without prejudice to Plaintiff's right to introduce additional evidence

7   at the time of trial or to supplement these responses, as appropriate, upon completion of discovery

8   and trial preparation, or otherwise as further information is obtained or becomes known.

9   **REQUEST FOR ADMISSION NO. 1:**

10        Admit that the EMPLOYEE PATIENT was diagnosed with chronic renal failure in August

11   2005.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

13        Admitted.

14   **REQUEST FOR ADMISSION NO. 2:**

15        Admit that, in August 2005, BRMS approved medical procedures related to chronic renal

16   failure for the EMPLOYEE PATIENT.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

18        Admitted.

19   **REQUEST FOR ADMISSION NO. 3:**

20        Admit that, by the end of August 2005, BRMS knew that the EMPLOYEE PATIENT had

21   been diagnosed with chronic renal failure.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

23        Responding party lacks knowledge sufficient to admit or deny.

24   **REQUEST FOR ADMISSION NO. 4:**

25        Admit that, in 2003-2006, BRMS was YOUR appointed Third Party Administrator agent

26   with respect to YOUR obligations under the POLICY.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28        Admitted.



**REQUEST FOR ADMISSION NO. 5:**

Admit that Exhibit A hereto is a true and correct copy of the signed SELECT RISK QUESTIONNAIRE that YOU submitted for renewal of the POLICY for the period commencing January 1, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, under the terms of the POLICY, YOU were required to disclose the EMPLOYEE PATIENT'S diagnosis with chronic renal failure on YOUR SELECT RISK QUESTIONNAIRE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU submitted the signed SELECT RISK QUESTIONNAIRE, attached as Exhibit A hereto, to UNITED OF OMAHA on December 12, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted that ABSMC submitted the signed SELECT RISK QUESTIONNAIRE, attached as Exhibit A to the above-captioned requests, to UNITED OF OMAHA on or about December 12, 2005.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, attached hereto as Exhibit B, is a true and correct copy of a letter dated December 12, 2005, and its enclosure, the signed SELECT RISK QUESTIONNAIRE, that YOUR broker, ABD SERVICES, mailed to UNITED OF OMAHA on YOUR behalf on December 12, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The document speaks for itself and indicates that its enclosure is the "original signature pages for the quotation stop loss acknowledgement and the signed disclosure statement" for ABSMC. Beyond what is stated on the document, ABSMC lacks information on which to base an admission or denial.



3

**REQUEST FOR ADMISSION NO. 9:**

Admit that, prior to January 1, 2006, YOU never supplemented the disclosures contained in the SELECT RISK QUESTIONNAIRE attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, prior to January 1, 2006, neither YOU nor any person or entity acting on YOUR behalf disclosed to UNITED OF OMAHA that the EMPLOYEE PATIENT had been diagnosed with chronic renal failure.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

ABSMC lacks information sufficient to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Exhibit C hereto is a true and correct copy of the POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted that the POLICY is attached as Exhibit C but denied that the other documents attached with the POLICY as Exhibit C are the POLICY.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU have been paid in full, from a source other than one of the Defendants, for ALL medical expenses that YOU claim, in this legal action, that Defendants owe under the POLICY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied.

DATED: _1-10-08_                McDONOUGH HOLLAND & ALLEN PC
                               Attorneys at Law


                               By: _Marcia L. Augsburger_

                               Attorneys for Alta Bates Summit Medical Center

