# Exhibit A

MARCIA L. AUGSBURGER (SBN 145686)
LESLIE C. MURPHY (SBN 227454)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:   916.444.8989

Attorneys for Plaintiff
Alta Bates Summit Medical Center

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF OMAHA LIFE INSURANCE COMPANY, <br><br> Defendants. | Case No. C 07-4224 JSW <br><br> **[PROPOSED] SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT; TORTIOUS BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; BAD FAITH; BREACH OF FIDUCIARY DUTY; AND UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Alta Bates Summit Medical Center ("ABSMC" or "Plaintiff") alleges:

## JURISDICTION

1. Defendants removed this action to the above-captioned Court on or about August 17, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446, on the ground that jurisdiction in this Court is proper under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2).

/////
/////

## PARTIES

3. ABSMC is a non-profit public benefit corporation, operating an acute care hospital, organized and existing under the laws of the State of California, and authorized to transact business in the State of California.

4. ABSMC is informed and believes, and on that basis alleges, that Defendant United of Omaha Life Insurance Company ("UNITED") was and is a Nebraska Corporation, authorized to transact, and transacting, business in the State of California. At all relevant times mentioned in this Second Amended Complaint, UNITED was doing business in Alameda County, California.

5. ABSMC is informed and believes, and on that basis alleges, that Defendant Mutual of Omaha Life Insurance Company ("MUTUAL") was and is a Nebraska Corporation, authorized to transact, and transacting, business in the State of California. At all relevant times mentioned in this Second Amended Complaint , MUTUAL was doing business in Alameda County, California.

6. ABSMC is informed and believes, and on that basis alleges, that at all material times herein defendants UNITED and MUTUAL (hereafter collectively "Defendants") were acting on their own behalf and as the agents, employees, representatives, partners, joint venturers, or alter egos of one another; and the acts described herein were done in the course and scope of their agency, joint venture, or alter ego relationship, as well as on their own behalf; and that Defendants owed a duty to ABSMC and breached that duty as hereinafter alleged.

## GENERAL ALLEGATIONS

7. Whenever in this Second Amended Complaint reference is made to any act of Defendants, such allegation shall be deemed to mean that UNITED, or its officers, agents, managers, representatives, or employees; and/or MUTUAL, or its officers, agents, managers, representatives, or employees, did or authorized such acts while actively engaged in the operation, management, direction, or control of the affairs of Defendants while acting within the course and scope of their duties.

8. On or about January 1, 2006, ABSMC and Defendants entered into a written contract, Policy No. UP-90X4 ("Policy"), which includes a specific stop loss insurance provision. Under the Policy, Defendants agreed to reimburse ABSMC for medical care provided to certain ABSMC


:Donough Holland & Allen PC
Attorneys at Law

2

[Proposed] Second Amended Complaint for Breach of Contract    1109992v2 33802/0004

1  employees that are paid under ABSMC's employee health plan, after a specific deductible of
2  $250,000 was met. The benefit period under the Policy was for expenses incurred from January 1,
3  2005, through January 1, 2007, and Plan benefits paid from January 1, 2006, to January 1, 2007.

4      9.    Between January 1, 2006, and December 31, 2006, an employee of ABSMC
5  ("Employee Patient") incurred in excess of $1.7 million in charges for medical care, which ABSMC
6  paid.

7      10.    On or about July 21, 2006, August 1, 2006, and December 28, 2006, ABSMC
8  submitted claims to Defendants for reimbursement under the Policy for amounts paid by ABSMC
9  for the services provided to Employee Patient during the 2006 policy period, which totaled an
10 amount in excess of $1.7 million (the "Claims").

11     11.    Defendants have failed and refused to pay the Claims and have made no payments to
12 ABSMC for the services provided to Employee Patient.

### FIRST CLAIM FOR RELIEF

### Breach of Written Contract

### (Against All Defendants)

16     12.    ABSMC realleges and hereby incorporates by reference each of the allegations of
17 paragraphs 1 through 11 above as if set out here in full.

18     13.    ABSMC has performed all covenants and has satisfied all conditions required of it
19 under the Policy, which was and is a written contract.

20     14.    Despite demand, Defendants, and each of them, have failed and refused, and continue
21 to fail and refuse, to pay the Claims, in breach of the Policy and the covenant of good faith and fair
22 dealing contained therein.

23     15.    As a direct and proximate result of Defendants' breaches, ABSMC has been damaged,
24 and is entitled to recovery of damages, in an amount in excess of $1.7 million, according to proof.

25     16.    ABSMC is entitled to prejudgment interest and compensation for loss of use of the
26 money damages alleged in paragraph 15 above, to conform to proof at time of trial.

27     WHEREFORE, Plaintiff prays for judgment as set forth below.
28 /////


:Donough Holland & Allen PC
Attorneys at Law

3

# SECOND CLAIM FOR RELIEF

## Tortious Breach of the Covenant of Good Faith and Fair Dealing / Bad Faith

### (Against All Defendants)

17. ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 16 above as if set out here in full.

18. The Policy was a contract that contained an implied covenant of good faith and fair dealing by which Defendants promised they would act in good faith and deal fairly with Plaintiff, that they would do nothing to deprive Plaintiff of the benefits of the agreements, and that they would do everything the contract presupposes they would do to accomplish its purposes. Specifically, the covenant of good faith and fair dealing required that Defendants perform the terms and conditions of the Policy fairly, honestly, and reasonably; to fulfill all their duties thereafter; and to refrain from denying coverage on the basis of arbitrary, pretextual, or untrue bases.

19. Defendants breached the implied covenant of good faith and fair dealing by their refusals to reimburse Plaintiff under the Policy, as described above, and by virtue of conduct and facts that, Plaintiff is informed and believes and thereon alleges, include, but are not limited to, the following:

   a. Defendants refused to perform the actions presupposed by the contracts as alleged above, so that Plaintiffs could receive the benefits of the contracts;

   b. Defendants gave more consideration to their own financial status than to the Plaintiff's rights, interests, and expectations under the Policy;

   c. Defendants denied the Claims without thoroughly investigating the foundation for the denials;

   d. Defendants denied the Claims without considering alternative courses of action or ways to settle the claim so that the insured's reasonable expectations of coverage would be fulfilled;

   e. Defendants denied the Claims without following regular company practices and procedures and without consulting people within Defendants' organizations who were familiar with the patient;

f. Defendants acted without regard for the contractual purpose and the parties' courses of dealing over the years, including the insured's dealings with and the practices of Defendants' third-party administrator ("TPA"), Benefit Risk Management Services ("BRMS"), which adjudicated and managed all claims for Plaintiff's employee health plan;

g. Defendants' asserted reason for denying the Claims—failure to disclose Employee Patient's medical condition before the 2006 policy period commenced—was arbitrary, pretextual, and/or untrue, in that the express terms of the Policy did not permit denial of the Claims for nondisclosure or misstated data because Defendants did not rely on the information provided in the issuance of the Policy and the allegedly omitted information was not a material fact or circumstance concerning the Policy;

h. Defendants' asserted reason for denying the Claims was also arbitrary, pretextual, and/or untrue, in that Defendants had constructive and/or actual notice of Employee Patient's medical condition before the policy period commenced, for example, as a result of Defendants' principal-agent relationship with BRMS;

i. Alternatives were available to Defendants that would have furthered Defendants' interests in meeting their financial goals in 2006 while protecting the insured's reasonable expectations of coverage, for example, adjusting the deductible applicable to coverage for Employee Patient's care. Defendants refused, and continue to refuse, to even consider alternatives to denial;

j. Defendants paid claims under the Policy for a patient similarly situated to that of Employee Patient that was less expensive, but intentionally searched for ways to avoid paying the claims for Employee Patient. Defendants searched for ways to avoid payment because there were other high-dollar claims submitted under the Policy that resulted in financial losses for Defendants.

/////

20. As a result of Defendants' violations of the implied covenant of good faith and fair dealing, and their reprehensible and willful conduct toward Plaintiff, not only did Plaintiff lose the contract value of the Policy, Plaintiff has suffered harm in the following ways:

    a. Payment of amounts in excess of $1.7 million for medical services rendered to Employee Patient;

    b. The loss of the benefit, paid by Plaintiff's insurance premiums, that the insurer would take the risk of the expense of medical services rendered to employees that exceeded a reasonable deductible amount;

    c. The loss of the time value of the money paid; and

    d. The expenses of this litigation.

21. In acting as alleged above, Defendants violated the spirit of the bargain of the Policy, willfully rendered an imperfect performance, and showed a lack of appropriate diligence, all of which constitute an abuse of their power to interpret defined terms.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants committed the acts described above maliciously, fraudulently, and oppressively, in conscious disregard of Plaintiff's rights and with the wrongful intention of saving money by, *inter alia*, interpreting coverage clauses narrowly; making arbitrary coverage decisions; ignoring information in their constructive and/or actual possession; refusing to investigate; concealing that they had notice in January 2006 of Patient Employee's medical condition; failing to follow the medical care rendered to, and opting not to be involved in managing the care for, Patient Employee or actively managing the care and then denying coverage; representing they would pay the Claims and provide coverage; accepting premiums attributable to Employee Patient when they did not intend to pay the Claims; failing to advise Plaintiff that BRMS was deficient in its ability to identify employees with certain diagnoses; and failing to advise Plaintiff and/or BRMS of any deficiency in the disclosure BRMS sent to Defendants on or about January 28, 2006, of Employee's diagnosis until after the total amount of the claims exceeded the deductible and the first of the Claims was submitted to Defendants for payment. The conduct of Defendants warrants an assessment of punitive damages in

/////

the amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF

### Fraud

### (Against All Defendants)

23.  ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 22 above as if set out here in full.

24.  Defendants intended to, and did, engage in a plan of deceit by representing that Defendants would pay claims attributable to Employee Patient. These representations were made by virtue of Defendants' conduct in accepting premiums attributable to Employee Patient, becoming involved in case management for Employee Patient; communicating about Employee Patient with BRMS and specifically by requesting that they hold payments of all claims relating to her; and by omitting to notify Plaintiff that Defendants believed they could deny all claims for services rendered to Employee Patient for failure to disclose.

25.  In addition, Defendants concealed the facts that they had led BRMS to believe that trigger diagnoses disclosures could be submitted within 30 days **after** submission of the Final SRQ, if at all, when, in fact, Defendants intended to deny claims submitted by BRMS based on nondisclosure of trigger diagnoses. Defendants knew when they sold and renewed the Policy that BRMS was unable or failing to timely disclose serious injuries or illnesses based on diagnosis codes, which Defendants believed would entitle them to deny coverage of ABSMC claims. Defendant concealed this information from Plaintiff in order to induce Plaintiff to enter into the Policy and to pay premiums.

26.  ABSMC relied on Defendants to advise it or BRMS of any problems with the submissions or risk of nonpayment, and of any intent not to provide coverage, but Defendants led ABSMC and BRMS to believe that BRMS's practices were acceptable and that they would pay the Claims.

/////


;Donough Holland & Allen PC
Attorneys at Law

7

[Proposed] Second Amended Complaint for Breach of Contract    1109992v2 33802/0004

27. UNITED/MUTUAL knew the representations were false and planned to deny claims submitted by BRMS and/or ABSMC.

28. UNITED/MUTUAL intended to induce Plaintiff's reliance on the misrepresentation so that all premiums would be paid to UNITED/MUTUAL without disturbance.

29. Plaintiff justifiably relied on the misrepresentations.

30. Defendants materially assisted each other in these fraudulent acts by, among other things, remaining silent when premiums were tendered and when notices and records regarding Employee Patient were submitted to Defendants, and by requesting information about Employee Patient and otherwise acting as though coverage existed and Defendants would pay the claims.

31. As a proximate result of the fraud and deceit as alleged herein, Plaintiff has been damaged in the amounts alleged herein, plus interest, in monies wrongfully taken, according to proof.

32. In doing the acts herein alleged, Defendants engaged in fraudulent, oppressive, malicious, and despicable conduct, and Plaintiff is therefore entitled to an award of punitive damages against them in an amount to be decided at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

### Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200)

**(Against All Defendants)**

33. ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 32 above as if set out here in full.

34. The failure and refusal of Defendants to honor their obligations under the Policy as alleged above constitutes an unfair business practice under California Business and Professions Code section 17200.

35. Moreover, Defendants' fraud, as set forth above, constitutes an unfair business practice under California Business and Professions Code section 17200.

36. Defendants' conduct as hereinabove alleged also offends an established public policy, for example, the public policy expressed in California Insurance Code sections 332, 359, 334, and

MHA
McDonough Holland & Allen PC
Attorneys at Law

8

[Proposed] Second Amended Complaint for Breach of Contract          1109992v2 33802/0004

790.03(h)(1)-(5), and was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

37. Plaintiff is entitled to restoration of all money and property that Defendants acquired by means of the unfair and unlawful business practices herein alleged, including but not limited to all premiums paid for the Policy and disgorgement of any and all profits made by virtue of Defendants' unfair and unlawful practices.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary or Special Duty

### (Against All Defendants)

38. ABSMC realleges and hereby incorporates by reference each of the allegations of paragraphs 1 through 37 above as if set out here in full.

39. BRMS was the agent of UNITED and/or MUTUAL in compiling claims and diagnosis information for the disclosure and UNITED's and/or MUTUAL's purposes, in managing ABSMC's cases, and in handling all aspects of ABSMC's claims processing. Moreover, at all times prior to renewal of the Policy, UNITED and/or MUTUAL had actual or constructive possession of the information and documentation in BRMS's possession, including Employee Patient's diagnosis, on which they relied in denying the Claims.

40. ABSMC relied on BRMS to timely make all disclosures required under the Policy and to ensure coverage, to properly handle its claims, including the Claims, and to protect ABSMC's interests under the Policy. As a result of the agency relationship alleged in paragraph 39 above, ABSMC relied on UNITED and/or MUTUAL to timely make all disclosures required under the Policy and to ensure coverage, to properly handle its claims, including the Claims, and to protect ABSMC's interests with regard to coverage under the Policy.

41. For the reasons alleged in paragraphs 39 and 40 above, the acts of BRMS are attributable to Defendants, and BRMS' failure to communicate is, in actuality, Defendants' failure.

42. Accordingly, UNITED and/or MUTUAL owed Plaintiff a fiduciary and/or special duty and/or UNITED and/or MUTUAL had a special relationship to Plaintiff by virtue of ABSMC's


:Donough Holland & Allen PC
Attorneys at Law

9

[Proposed] Second Amended Complaint for Breach of Contract                           1109992v2 33802/0004

special dependence on BRMS, UNITED and/or MUTUAL to handle its confidential employee information; ABSMC's special dependence on UNITED's and/or MUTUAL's unique knowledge of whether BRMS was complying with all requirements to ensure coverage and fully protecting ABSMC's interests with regard to coverage; ABSMC's special dependence on BRMS's and UNITED's and/or MUTUAL's good faith and performance, and the unequal bargaining power between them.

43.  The fiduciary and/or special duties alleged in paragraphs 39 through 42 above gave rise to UNITED's and/or MUTUAL's fiduciary and/or special duties to Plaintiff that entailed the highest degree of care to exercise good faith and reasonable skill and diligence to ensure that all claims under the Policy would be payable and paid.

44.  As a result of Defendants' breaches of fiduciary or special duty, Plaintiff was injured and has been damaged in the amounts alleged above.

45.  On information and belief, Plaintiff alleges that Defendants knew that BRMS would not act in a manner that would ensure that all claims under the Policy would be payable and paid, and that Defendants willfully, maliciously, and despicably, with their particular expertise and knowledge about the insurance industry generally and Plaintiff's claims and situation in particular, failed to correct any problems, to warn Plaintiff, and to otherwise ensure that all claims under the Policy would be payable and paid.

46.  At all times mentioned herein, Plaintiff acted in good faith and on the belief that Defendants would fulfill their fiduciary and special duties to act in the highest good faith and would honor the trust that Plaintiff reasonably placed in them.

47.  By virtue of the matters alleged above, Defendants failed to fulfill their duties toward Plaintiff and breached the trust, confidence, and reliance that Plaintiff was induced to place and did place in them.

48.  As an actual and proximate result of Defendants' failures and breaches, Plaintiff has been damaged in the amounts alleged hereinabove, according to proof at trial, together with interest thereon in an amount to conform to proof at time of trial.

/////

49. In committing the acts and omissions alleged herein, Defendants acted willfully and despicably, with oppression, fraud, and malice. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from similar conduct in the future.

NOW, THEREFORE, in accordance with California law and the foregoing causes of action, Plaintiff prays for judgment as follows:

1. For general damages according to proof, including all amounts due under the schedule to the Policy, with interest thereon;

2. For exemplary damages;

3. For costs of suit herein incurred;

4. For prejudgment interest; and

5. For such other and further relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED: August 12, 2008

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____
Marcia L. Augsburger

Attorneys for Alta Bates Summit Medical Center



[Proposed] Second Amended Complaint for Breach of Contract

1109992v2 33802/0004

11