IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | No. 07-04224 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Now before the Court is the motion to dismiss filed by defendants United of Omaha Life Insurance Company ("United") and Mutual of Omaha Insurance Company ("Mutual") (collectively, "Defendants"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants in part and denies in part Defendants' motion.[1]

**BACKGROUND**

Plaintiff Alta Bates Summit Medical Center ("Plaintiff") brings this action against Defendants based on their alleged wrongful denial of reimbursement of medical benefits under a stop-loss insurance policy. On January 1, 2006, Plaintiff and Defendants entered into a written contract, Policy No. UP-90X4 (the "Policy"), which includes a stop-loss provision. (Second Amended Complaint ("SAC"), ¶ 8.) Pursuant to the Policy, Defendants agreed to reimburse

---

[1] Defendants' request for judicial notice is GRANTED.

Plaintiff for medical care provided to employees under Plaintiff's employee health plan after a deductible of $250,000 had been satisfied. (*Id*.)

In 2006, one of Plaintiff's employees ("Employee Patient") incurred over $1.7 million in expenses for medical care which Plaintiff paid. (*Id*., ¶ 9.) Plaintiff submitted claims for reimbursement of these expenses on July 21, August 1, and December 28, 2006, but Defendants have refused to provide any payment. (*Id*., ¶¶ 10-11.)

Plaintiff alleges that it has performed all covenants and satisfied all conditions required by it under the Policy, and that despite Plaintiff's demand, Defendants have failed and refused to pay the claims in breach of the Policy. (*Id*., ¶¶ 13-14.) Plaintiff also alleges that Defendants have breached the covenant of good faith and fair dealing by, inter alia: (1) giving more consideration to their own financial status than to Plaintiff's rights and expectations under the Policy; (2) denying the claims without thoroughly investigating the foundation for the denials; (3) denying the claims without following regular company practices and procedures; (4) acting without regard for the contractual purpose and the parties' prior course of dealing, including Plaintiff's dealings with Defendants' third party administrator ("TPA"), Benefit & Risk Management Services ("BRMS"); (5) Defendants' asserted reason for denying the claims was arbitrary, pretextual or not true; and (6) Defendants paid claims under the Policy for a similarly situated patient, but intentionally searched for ways to avoid paying the claims for Employee Patient. (*Id*., ¶ 19.) Plaintiff further alleges that Defendants ignored information in their constructive and/or actual possession and that they were aware of Employee Patient's condition through the notice given to them on January 26, 2006. (*Id*., ¶ 22.) Plaintiff also faults Defendants for failing to advise Plaintiff that BRMS was deficient in its ability to identify employees with certain diagnosis. (*Id*.)

Plaintiff further alleges that Defendants intentionally misrepresented that they would pay claims attributable to Employee Patient. (*Id*., ¶ 24.) Defendants made these representations by accepting premiums attributable to Employee Patient, becoming involved in the case management for Employee Patient, communicating about Employee Patient with BRMS, and by failing to notify Plaintiff that they believed all claims for services provided to Employee Patient

could be denied based on a failure to disclose her condition. (*Id*.) Additionally, Plaintiff alleges that Defendants concealed that they had led BRMS to believe that trigger diagnosis could be submitted within 30 days after submission of the final Select Risk Questionnaire ("SRQ"). Defendants knew when they sold the Policy to Plaintiff that BRMS was unable to or had been failing to timely disclose serious injuries or illnesses based on diagnosis codes, which Defendants believed would entitle them to deny coverage of Plaintiff's claims. (*Id*., ¶ 25.)

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

### B. Defendants' Motion.

#### 1. Plaintiff's Claims for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing.

Defendants submit documents in support of their motion to dismiss. Defendants argue that the Court's consideration of such documents would not convert their motion into one for summary judgment and oppose the Court doing so. Therefore, the Court will only consider

3

documents which may be considered on a motion to dismiss, *i.e.* documents referenced or incorporated into the complaint. Defendants argue that Plaintiff cannot allege that Defendants breached the insurance contract by refusing to pay benefits for the Employee Patient because Plaintiff did not satisfy the precondition of disclosing the Employee Patient's condition before the insurance policy went into effect. To demonstrate that Plaintiff failed to disclose the Employee Patient's condition before the policy went into effect in January of 2006, Defendants rely on emails that purportedly demonstrate the Employee Patient was diagnosed with renal disease or renal failure in 2005. However, the Court cannot consider such documents on a motion to dismiss. Based on the documents that the Court can consider, such as the policy and the SRQ, the Court cannot find as a matter of law that Plaintiff has not alleged a breach. Similarly, the Court cannot find as a matter of law that Plaintiff has not alleged a breach of the implied covenant of good faith and fair dealing.

### 2. Plaintiff's Fraud Claim.

To state a claim for fraud based on an affirmative misrepresentation, Plaintiff must allege that: (1) Defendants made a false representation; (2) Defendants knew the representation was false; (3) Defendants intended to induce Plaintiff's reliance on the misrepresentation; (4) Plaintiff justifiably relied on the misrepresentation; and (5) Plaintiff was damaged. *See, e.g. Crocker-Citizens Nat'l Bank v. Control Metals Corp.*, 566 F.2d 631, 636-37 (9th Cir. 1977); *Engalla v. Permanente Medical Group*, 15 Cal. 4th 951, 974 (1997). To state a claim for fraud based on nondisclosure, Plaintiff must allege "(1) the defendant failed to disclose a material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose that fact. ... The duty to disclose arises when ...: (1) the material fact is known to (or accessible only to) the defendant; and (2) the defendant knows the plaintiff is unaware of the fact and cannot reasonably discover the undisclosed fact." *San Diego Hospice v. County of San Diego*, 31 Cal. App. 4th 1048, 1055 (1995) (internal citations omitted). Plaintiff must allege the circumstances constituting fraud with particularity. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b).

1    Upon review of the SAC, the Court finds that Plaintiff fails to allege facts to establish
2 the elements of its fraud claim with sufficient particularity.  In particular, the Court notes that
3 Plaintiff asserts facts in opposition to the motion to dismiss that are not presently alleged in the
4 SAC, such as the date when the policy was issued or the contract through which Defendants
5 agreed that BRMS was its agent.  Moreover, Plaintiff fails to allege specifically when
6 Defendants made the alleged misrepresentations or omissions.  Furthermore, to the extent
7 Plaintiff's fraud claim is premised on nondisclosure, Plaintiff fails to allege that Defendants had
8 a duty to disclose any material facts.  Accordingly, the Court grants the motion to dismiss
9 Plaintiff's fraud claim, but shall provide Plaintiff leave to amend.

      **3.**     **Plaintiff's Section 17200 Claim.**

California's Unfair Competition Law, California Business & Professions Code § 17200 ("section 17200"), establishes three varieties of unfair competition – acts or practices that are unlawful or unfair or fraudulent.  Because the law is stated in the disjunctive, it contemplates three distinct categories of unfair competition and a plaintiff must plead the specific rubric under which the proscribed conduct falls.  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (Cal. 1999); *see also Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)").  Defendants move to dismiss this claim on the grounds that Plaintiff fails to allege sufficient facts to meet any of these three varieties.  In response, Plaintiff do not clarify which specific rubric under which their claim falls.  To the extent Plaintiff's claim is premised on the fraudulent rubric, the Court finds Plaintiff fails to sufficiently allege facts to state a 17200 claim for the same reasons the Court concluded that the allegations supporting Plaintiff's fraud claim were insufficient.  To the extent Plaintiff's claim is premised on the unlawful rubric, Plaintiff fails to allege the law that Defendants have allegedly violated.  The Court further finds that Plaintiff fails to allege sufficient facts to state a claim under the unfair rubric.  Therefore, the

1 Court grants Defendants' motion to dismiss Plaintiff's Section 17200 claim, but shall provide
2 Plaintiff with leave to amend.

### 4. Plaintiff's Breach of Fiduciary Duty Claim.

Defendants argue that Plaintiff's breach of fiduciary duty claim fails as a matter of law because insurers are not fiduciaries to insureds. The California Supreme Court has stated that:

> [t]he insurer-insured relationship ... is not a true "fiduciary relationship" in the same sense as the relationship between trustee and beneficiary, or attorney and client. It is, rather, a relationship often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. This characteristic has led the courts to impose "special and heightened" duties, but "[w]hile these 'special' duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, not because the insurer is a fiduciary.

*Tran v. Farmers Group Inc.,* 104 Cal. App. 4th 1202, 1212 (2002) (citing *Vu v. Prudential Prop. & Casualty Ins. Co.,* 26 Cal. 4th 1142, 1150-1151 (2001)); *see also Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates, Inc.*, 115 Cal. App. 4th 1145, (2004) (The "[California] Supreme Court has held that an *insurer* is not a fiduciary.") (emphasis in original). The duties imposed on insurers are distinguished from obligations imposed on fiduciaries. *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1148-49 (1990).

> For example, a true fiduciary must first consider and always act in the best interests of its trust and not allow self-interest to overpower its duty to act in the trust's best interests.... An insurer, however, may give its own interests consideration equal to that it gives the interests of the insured ...; it is not required to disregard the interests of its shareholders and other policyholders when evaluating claims ...; and it is not required to pay noncovered claims, even though payment would be in the bests interests of its insured.

*Id*. (citations omitted)

Courts have held that "an insurer's alleged breach of its 'fiduciary-like duties' is adequately redressed by a claim for breach of the covenant of good faith and fair dealing implied in the insurance contract. *Tran*, 104 Cal. App. 4th at 1212; *see also Butler v. Clarendon America Ins. Co.*, 494 F. Supp. 2d 1112, 1136 (N.D. Cal. 2007) ("the sounder approach is for courts to analyze an insurer's alleged breach of its 'fiduciary-like duties' as a claim for breach of the covenant of good faith and fair dealing"). Plaintiff has not alleged any facts, nor argued that it could, that would establish a fiduciary relationship, separate from the

6

1 fact that Defendants are insurers and acted as insurers. To the extent Plaintiff contends that
2 Defendants breached their "fiduciary-like duties," such allegations may be redressed through
3 Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

4 The Court finds that Plaintiff fails to state a claim for breach of fiduciary duty.
5 Moreover, because Plaintiff relies on Defendants' conduct as insurers to argue a fiduciary duty
6 exists, the Court finds that providing leave to amend would be futile. *See DeSoto v. Yellow*
7 *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly denied where
8 the amendment would be futile).

### 5. Plaintiff's Claims Against Mutual.

10 Defendants argue that Mutual is not a proper party to this lawsuit. According to
11 Defendants, United, not Mutual, issued the Policy and Plaintiff failed to allege facts sufficient to
12 invoke the alter ego doctrine. To invoke the alter ego doctrine, Plaintiff must allege: (1) that
13 there is such a unity of interest and ownership that the separate personalities of the two
14 corporations no longer exist; and (2) that if the acts are treated as those of only one of the
15 corporations, an inequitable result will follow. *See Wady v. Provident Life and Accident Ins.*
16 *Co. of America*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002). "Among the factors to be
17 considered in applying the doctrine are commingling of funds and other assets of the two
18 entities, the holding out by one entity that it is liable for the debts of the other, identical
19 equitable ownership in the two entities, use of the same offices and employees, and use of one
20 as a mere shell or conduit for the affairs of the other." *Roman Catholic Archbishop v. Superior*
21 *Court*, 15 Cal. App. 3d 405, 411 (1971).

22 Plaintiff merely alleges in a conclusory fashion that United and Mutual were acting on
23 their own behalf and as the agents or alter egos of one another. (SAC, ¶ 6.) Conclusory
24 allegations of alter ego status are insufficient. *See Hokama v. E.F. Hutton & Co., Inc.*, 566 F.
25 Supp. 636, 647 (C.D. Cal.1983). Therefore, the Court finds that Plaintiff fails to allege facts
26 sufficient to invoke the alter ego doctrine in its complaint. However, Plaintiff argues facts in its
27 opposition brief that, if plead, would likely be sufficient. The Court will thus provide Plaintiff
28 leave to amend.

7

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court DENIES Defendants' motion with respect to Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court GRANTS Defendants' motion with respect to Plaintiff's fraud claim, section 17200 claim, breach of fiduciary duty claim, and all claims against Mutual. The Court is providing Plaintiff leave to amend as to its fraud claim, section 17200 claim, and claims against Mutual. Plaintiff's breach of fiduciary duty claim is dismissed WITH PREJUDICE.

Plaintiff shall file any amended complaint within twenty days of the date of this Order. If Plaintiff does not file a third amended complaint, United shall file an answer within twenty days. If Plaintiff files a third amended complaint in accordance with this Order, Defendants shall either file an answer or move to dismiss within twenty days of service of the third amended complaint.

**IT IS SO ORDERED.**

Dated: January 8, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8